UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Refreshing USA, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 24-33919 |
| In re<br><br>Water Station Management LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 24-33924 |
| In re<br><br>Creative Technologies, LLC,<br><br>        Debtor. | Chapter 11<br><br>Case No. 24-33934 |

**DEBTORS' APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTORS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Debtors Refreshing USA, LLC ("Refreshing") and Water Station Management LLC ("Water Station"), and alleged-debtor Creative Technologies, LLC ("Creative," collectively, "Debtors") move this Court for entry of an order, substantially in the form attached hereto, approving the employment of Tonkon Torp LLP ("Tonkon Torp") as Chapter 11 counsel for Debtors. Debtors make this Application pursuant to 11 U.S.C. § 327 and Federal Rule of

1

Bankruptcy Procedure 2014. In support of this Motion, Debtors submit the declaration of Danny Newman, a partner of Tonkon Torp (the "Newman Declaration"), which is attached hereto as **Exhibit A**, and further respectfully state as follows:

1. On August 27, 2024, involuntary petitions were filed against Debtors under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

2. On October 2, 2024, this Court entered orders for relief as to Refreshing and Water Station pursuant to 11 U.S.C. § 303(h). This Court has not yet entered an order for relief as to Creative, but Debtors believe the Court is likely to do so and, in an abundance of caution and given the joint nature of the Debtors, the relief sought in this Application is with respect to all three Debtors.

3. Debtors have filed motions for joint administration and notices of complex case designation. A hearing has been set in the Refreshing and Water Station cases on the joint administration motion for October 17 at 3:00 p.m. (CT). An Order to Show Cause Why an Order for Relief Should Not Be Entered in Debtor Creative's case is pending and is set for hearing on October 23, 2024, at 1:30 p.m. (CT).

4. Eric Camm, the Principal and Director of Capital Advisory of Turning Point Strategic Advisors, was declared to be the sole Manager of Refreshing and Water Station. Mr. Camm is the custodian of Creative.

5. No official committee of unsecured creditors has been appointed in Debtors' case at this time.

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

7. Debtors are incorporated and headquartered in Washington. Debtors collectively operate water machine and vending machine businesses. Creative manufactures, sources, and sells water purification machines. Water Station services water machines purchased by investors. Refreshing owns and operates vending machines. Refreshing is also the central financial clearinghouse for all machines and all revenue generated by the Debtors. Ryan Wear is the majority owner of each of the Debtors. The claims against Debtors and affiliated entities likely exceed $200 million.

8. Debtors desire to retain and employ Tonkon Torp as counsel in this Chapter 11 case, pursuant to Section 327 of the Code, to represent Debtors in all aspects of their reorganization, on the terms and subject to the conditions described below.

9. Debtors believe Tonkon Torp is well suited for this representation. Tonkon Torp has experience in all aspects of the law that may arise in this Chapter 11 case. In particular, Tonkon Torp has substantial bankruptcy and restructuring, corporate, finance, litigation, real estate, land use, regulatory, employment, and tax expertise.

10. Debtors are informed that Danny Newman, the attorney at Tonkon Torp primarily involved in this Chapter 11 case, is admitted to practice before this Court.

11. The services to be performed by Tonkon Torp are necessary in order for Debtors to perform their duties as Debtors-in-Possession. Subject to the control of and further order of the Court, Tonkon Torp intends to render the following services to Debtors:

(a) Advise Debtors of their rights, powers, and duties as debtors and debtors-in-possession continuing to operate and manage their business and property under Chapter 11 of the Code;

(b) Take all actions necessary to protect and preserve Debtors' bankruptcy estate, including the prosecution of actions on Debtors' behalf, the defense of any action commenced against Debtors, negotiations concerning all litigation in which Debtors are involved, objections to claims filed against Debtors in this bankruptcy case, and the compromise or settlement of claims;

(c) Advise Debtors concerning, and prepare on behalf of Debtors, all necessary applications, motions, memoranda, responses, complaints, answers, orders, notices, reports, and other papers, and review all financial and other reports required of debtors as debtors-in-possession in connection with administration of this Chapter 11 case;

(d) Advise Debtors with respect to, and assist in the negotiation and documentation of, financing agreements, debt and cash collateral orders, and related transactions;

(e) Review the nature and validity of any liens asserted against Debtors' property and advise Debtors concerning the enforceability of such liens;

(f) Advise Debtors regarding (i) their ability to initiate actions to collect and recover property for the benefit of their estate; (ii) any potential property dispositions; and (iii) executory contract and unexpired lease assumptions, assignments, and rejections, and lease restructuring and recharacterizations;

(g) Negotiate with creditors concerning a Chapter 11 plan; prepare the plan, disclosure statement, and related documents; and take the steps necessary to confirm and implement the plan, including, if necessary, negotiations for financing the plan;

(h) Provide such other legal advice or services, including immigration advice or services, as may be required in connection with this Chapter 11 case; and

4

(i) Provide such other legal advice or services as may be required in connection with this Chapter 11 case.

12. Tonkon Torp has not received any compensation nor been paid any retainer by Debtor.

13. Tonkon Torp has not shared or agreed to share any compensation with any other entity.

14. Subject to Court approval, Debtors have agreed to compensate Tonkon Torp on an hourly basis in accordance with Tonkon Torp's ordinary and customary hourly rates in effect on the date services are rendered. The Tonkon Torp professionals who will be primarily responsible for providing these services, their status, and their 2024 billing rates are as follows:

| Name | Status | Hourly Rate |
|---|---|---|
| Danny Newman | Partner | $515 |
| Michael Fletcher | Partner | $560 |
| Ava Schoen | Partner | $535 |
| Spencer Fisher | Paralegal | $290 |

15. From time to time, other Tonkon Torp attorneys and paralegals may also render services to Debtors in order to take advantage of specialized skills or expertise, to meet the demands of the case schedule, or for other appropriate reasons. Debtors have agreed that Tonkon Torp will also be compensated for the services of these professionals at their usual and customary hourly rates in effect at the time services are rendered, which range from $325 to $775 per hour. Rates are adjusted periodically, typically and the beginning of each calendar year.

16. Tonkon Torp has not agreed to any variations from, or alterations to, its standard or customary billing arrangements for this engagement.

17. None of the Tonkon Torp professionals included in this engagement have varied their rate based on the geographic location of this bankruptcy case.

18. Tonkon Torp is billing Debtors at the same effective rates that it billed prepetition.

19. Tonkon Torp will maintain detailed, contemporaneous time records of expenses incurred, with the rendering of legal services described above by category and nature of services rendered.

20. Tonkon Torp had no relationship and provided no services to Debtors prior to the orders for relief on the involuntary petitions being entered against Water Station and Refreshing.

21. Debtors agree and understand that Tonkon Torp has reserved the right to withdraw as counsel to Debtors, and Debtors hereby consent to such a withdrawal, in the event it becomes apparent that there is substantial risk that Tonkon Torp will not be paid for its services. Debtors also recognize that professional fees and costs incurred by Tonkon Torp are subject to approval by the Court after review of fee applications filed by Tonkon Torp.

22. To the best of Debtors' knowledge, the partners and associates of Tonkon Torp do not have any connection with Debtors, their creditors, any other party-in-interest, or their respective attorneys or accountants other than as set forth herein. Specifically, an attorney at Tonkon Torp met with Debtors' current (or former) owner, Ryan Wear, to represent Debtors in August 2024. During those meetings, it was not clear if the potential retention would be for Debtors alone or include Mr. Wear in his individual capacity. Regardless, Mr. Wear declined to retain Tonkon Torp at that time. Mr. Wear did not share any confidential information (belonging to him in his individual capacity or the Debtors) in those meetings. Nevertheless, out of an

abundance of caution, Debtors intend to retain special conflicts counsel to handle any direct adversity to Mr. Wear, should such direct adversity arise.

## NOTICE

23. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee; (b) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002 and 3017; (c) counsel for and the members of any committees appointed by this Court; (d) governmental agencies having a regulatory or statutory interest in these cases; and (e) because Debtors have not yet ascertained who the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis) are, it will instead provide notice to all of the Petitioning Creditors in Debtors' cases. In light of the nature of the relief requested, and the exigent circumstances of these cases, Debtors submit that no further notice is necessary.

## CONCLUSION

For the reasons stated in this Application, Debtors request that the Court enter an order authorizing them to employ Tonkon Torp to represent Debtors as their general counsel in this Chapter 11 case as of the Petition Date, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court after notice and hearing pursuant to Section 330 of the Bankruptcy Code or as otherwise provided by Court order.

Dated this 15th day of October, 2024.

*s/ Eric Camm*
Eric Camm
Manager of Debtors

7

24-01863-FPC11    Doc 64    Filed 10/15/24    Entered 10/15/24 19:04:41    Pg 7 of 8

## RULE 9013-1(i) CERTIFICATE

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

By *s/ Danny Newman*
Danny Newman

## CERTIFICATE OF SERVICE

The undersigned certifies that this **DEBTORS' APPLICATION FOR ORDER TO EMPLOY TONKON TORP LLP AS ATTORNEYS FOR DEBTORS** was served electronically on October 15, 2024 via ECF on those parties registered to receive ECF service.

By *s/ Danny Newman*
Danny Newman