UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Refreshing USA, LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 24-33919 |
| In re<br><br>Water Station Management LLC,<br><br>    Debtor. | Chapter 11<br><br>Case No. 24-33924 |

**DEBTORS REFRESHING USA, LLC AND WATER STATION MANAGEMENT LLC'S MOTION FOR AN ORDER TO (1) EMPLOY AND RETAIN FORCE TEN PARTNERS, LLC, AND (2) DESIGNATE BRIAN WEISS AS CHIEF-RESTRUCTURING OFFICER**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A *VIRTUAL* HEARING ON THIS MOTION ON NOVEMBER 20, 2024, AT 11:00 A.M. (CENTRAL) IN COURTROOM 403, 515 RUSK STREET, HOUSTON, TEXAS, 77002.**

Debtors and debtors-in-possession Refreshing USA, LLC ("Refreshing") and Water Station Management LLC ("Water Station") (together, "Debtors"), move this Court for entry of an order, substantially in the form attached hereto, approving the employment and retention of

1

Force Ten Partners, LLC ("Force 10") in accordance with the terms and conditions of the agreement between Debtors and Force 10 (the "Retention Agreement"), to provide Debtors with Brian Weiss ("Mr. Weiss") as Debtors' Chief Restructuring Officer ("CRO") and additional Force 10 restructuring advisory personnel to support the CRO and Debtors (the "Restructuring Advisor Personnel"), as necessary, effective as of October 14, 2024 (the "Retention Date"), and granting related relief. Debtor Creative Technologies, LLC ("Creative") (case no. 23-33934) has separately filed a motion the employment and retention of Force 10 and Mr. Weiss before Judge Rodriguez.

Debtors make this Motion pursuant to 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014. In support of this Motion, Debtors submit the declaration of Brian Weiss (the "Weiss Declaration"), which is attached hereto as **Exhibit A**. A copy of the Retention Agreement is attached hereto as **Exhibit B** and a copy of the proposed Order is attached hereto as **Exhibit C**. In further support of this Motion, Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are sections 327 and 105 of title 11 of the United States Code (11 U.S.C. §§ 101–1532, as amended, the "Bankruptcy Code"), and rules 2014(a) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

3. Debtors respectfully request entry of an order, substantially in the form attached, (i) authorizing Debtors to employ and retain Force 10 in accordance with the terms and conditions of the Retention Agreement to provide Debtors with Mr. Weiss as Debtors' CRO and with Restructuring Advisor Personnel, as necessary, effective as of (ii) approving the terms and condition of the Retention Agreement, and (iii) granting related relief.

## BACKGROUND

4. On August 27, 2024, involuntary petitions were filed against Debtors under Chapter 11 of the Bankruptcy Code (collectively, the "Cases").

5. On October 2, 2024, the Court entered orders for relief as to Refreshing and Water Station pursuant to 11 U.S.C. § 303(h).

6. On October 23, 2024, the Court entered an order for relief as to Creative.

7. Debtors have filed motions for joint administration and notices of complex case designation. A hearing has been set in the Refreshing and Water Station cases on the joint administration motion for October 28, 2024, at 9:00 a.m. (CT).

8. Eric Camm, the Principal and Director of Capital Advisory of Turning Point Strategic Advisors, was declared by this Court to be the sole Manager of Refreshing and Water Station. Mr. Camm is the custodian of Creative. No official committee of unsecured creditors has been appointed in Debtors' or Creative's Cases at this time.

9. Debtors are incorporated and headquartered in Washington. All three Debtors collectively operate water machine and vending machine businesses. Creative manufactures, sources, and sells water purification machines. Water Station services water machines purchased by investors. Refreshing owns and operates vending machines. Refreshing is also the central

financial clearinghouse for all machines and all revenue generated by Debtors. The claims against Debtors and affiliated entities likely exceed $200 million.

## RETENTION OF FORCE 10

**A.     Basis for Relief**

10.     Force 10's services are necessary and essential to Debtors' restructuring efforts. In addition to the specific knowledge that Mr. Weiss and the Restructuring Advisor Personnel have acquired about Debtors' business, Mr. Weiss and the Restructuring Advisor Personnel also have extensive experience providing CRO and restructuring services. Since their engagement, Force 10 and Mr. Weiss, working in conjunction with Debtors' Manager and legal restructuring counsel, have provided invaluable assistance with, among other things: (a) reviewing and analyzing Debtors' operations; (b) held numerous discussions with a former officer and a large creditor; (c) preparing bankruptcy compliance documents; and (d) evaluating real estate transfers resulting in the transfer of numerous properties into Debtors' estates. Debtors are seeking to employ Force 10 to advise and guide them through challenging times and to assist with managing Debtors' day-to-day operations and leading the restructuring or sale of Debtors' businesses and the prosecution of these Cases.

**B.     Retention of Force 10 is Critical to Debtors' Success**

11.     Denying the relief requested herein would deprive Debtors of the assistance of a highly qualified CRO and disadvantage Debtors and all parties-in-interest. Indeed, Debtors would be forced to engage a new restructuring officer and new restructuring advisor personnel who lack any understanding of Debtors' business. Further, hiring a new restructuring officer and new restructuring advisor personnel would involve a learning curve and additional time. Accordingly, Debtors respectfully submit that the services provided by Force 10 and Mr. Weiss

are critical to the success of these Cases and request that the Court approve the Retention Agreement annexed hereto as **Exhibit B.**

**C.     Force 10's Qualifications**

12.     Debtors are familiar with the professional standing and excellent reputation of Force 10, Mr. Weiss and the Restructuring Advisor Personnel.  Force 10 is well qualified to provide the services as outlined in the Retention Agreement and this Motion in light of, among other things, its extensive knowledge and expertise with respect to chapter 11 proceedings.

13.     Force 10 has extensive experience in providing CRO services and serving as a financial advisor to debtors, creditors, trustees, official creditors' committees, and others in a wide variety of bankruptcy matters, including acting as: (a) CRO, independent director, or financial advisor to the debtors in the bankruptcy proceedings of Carbonlite Industries, Inc., Rubio's Restaurants, Alpha Guardian, Corner Bakery, Tuesday Morning Corporation, Thomas Health System, Inc., Watsonville Hospital Corporation, Trade Global/Jagged Peak, Sugarfina, Inc., Breckenridge Food Systems, Star Ribs, LLC, CIR Restaurant Holdings Group, Inc., Desert Restaurant Ventures, Mancha Development Corp., and Thomas Management, Inc.; and (b) financial advisor to the official committees of unsecured creditors in bankruptcy proceedings of Irwin Naturals, The Litigation Practice Group, Ruby's Diner, Inc. and East Coast Foods, Inc.

14.     Mr. Weiss has approximately 24 years of experience providing financial advisory, restructuring, turnaround services and has advised companies across a diverse range of industries.  He has assisted clients both inside and outside of chapter 11 in addressing a variety of financial, operational, liquidity, and leverage issues.  He has served as the CRO in Carbonlite Industries, Breckenridge Food Systems, Star Ribs, LLC, CIR Restaurant Holdings Group, Inc., Desert Restaurant Ventures, Mancha Development Corp., and Thomas Management, Inc. and as

financial advisor to the CRO in Rubio's Restaurants, Alpha Guardian, and Sugarfina, Inc. He has further served as the CRO and financial advisor in a variety of in and out-of-court restructurings. In 2022, he received an award and was named a "Top 25" restructuring consultant with a distinction in dealmaking by Global M&A Network.

15. On October 14, 2024 ("Retention Date"), Force 10 was engaged by Debtors, subject to Court approval, to provide Mr. Weiss as Debtors' CRO and to provide Restructuring Advisor Personnel, as necessary, to provide certain advisory services in connection with Debtors' ongoing evaluation, development, and implementation of strategic alternatives to address their assets, financial performance, and to analyze the prospects of a reorganization.

16. Since the Retention Date and even before, Mr. Weiss and the Restructuring Advisor Personnel have devoted and continue to devote substantial time and effort to prosecuting these Cases, understanding the status of the current business operations, managing Debtors' business operations, analyzing assets, successfully negotiated with Ryan Wear to deed properties to the Debtors to avoid costly litigation, corresponding with various stakeholders, developing strategies for the Cases to maximize value to the estates and for creditors, and managing Debtors' restructuring professionals.

**D.     Force 10 Services to be Provided**[1]

17. As stated above, under the Retention Agreement, Force 10 has provided Debtors with Mr. Weiss as CRO and with Restructuring Advisor Personnel to further provide the services set forth in the Retention Agreement. The CRO's duties have been, and are proposed to continue to be, those duties customarily performed by individuals holding similar executive positions.

---

[1] The description of the services to be provided is a summary. The full description of the services is provided in the Retention Agreement.

18. Subject to further order of the Court, and as more fully set forth in the Retention Agreement, the responsibilities of Force 10 include the following, without limitation:

(a) Manage the affairs of Debtors, supervise Debtors' professionals, and provide periodic reports to the Manager(s);

(b) Oversee Debtors' restructuring efforts;

(c) Supervise the engagement of Debtors' restructuring legal counsel, investment banker, claims agent, and other professionals;

(d) Seek to maximize the value of Debtors' assets and operations through one or more of the following: obtain debtor-in-possession financing, sale of one or more of Debtors' or their assets, refinance of existing indebtedness, a recapitalization, restructuring or reorganizing of Debtors' businesses, in whole or in part;

(e) Assist in connection with motions, responses, or other court activity as directed by legal counsel;

(f) Prepare periodic reporting to stakeholders, the Bankruptcy Court, and the Office of the United States Trustee (the "U.S. Trustee");

(g) Prepare or supervise the preparation of cash budgets, monthly operating reports, cash flow variance reports, schedules of assets and liabilities, statements of financial affairs, and other financial analysis or reporting;

(h) Develop restructuring plans and other strategic alternatives for maximizing the value of Debtors' and their assets and recommend to the Manager(s) various plans and strategic alternatives from time to time, and upon receipt of Manager(s) approval of a proposed course of action, the CRO shall use commercially reasonable efforts to attempt to implement such course of action, subject to, as applicable, approval of any court of competent jurisdiction;

(i) Oversee the formulation and preparation of Debtors' disclosure statement(s) and plan(s) of reorganization, if applicable, including the creation of financial projections and supporting methodologies, and key assumptions;

(j) Assist in negotiations with Debtors' creditors;

(k) Work with restructuring legal counsel to address objections from parties in interest to the bankruptcy plan(s) or other courses of action undertaken by Debtors;

(l) Participate in meetings and provide support to Debtors and their professionals in responding to information requests, communicating with and/or negotiation with lenders, official committees of unsecured creditors, vendors, customers, the U.S. Trustee, other parties in interest, and professionals hired by the same;

(m) Identify executory contracts and unexpired leases and perform analyses of the financial impact of the assumption or rejection of each, as necessary;

(n) Advise senior management and the Manager(s) in the development, negotiation, and implementation of restructuring initiatives and evaluation of strategic alternatives;

(o) Oversee and manage a court-approved sales process including (i) oversight of any proposed investment banker, (ii) developing materials and documents for potential buyers' review, (iii) assisting Debtors with the preparation of due diligence materials, (iv) assisting with the evaluation of offers received and (v) working with Debtors and counsel to Debtors to prepare and support asset purchase agreements and related motions to obtain Court approval of the sale process;

(p) Prepare information and analysis necessary for the confirmation of a plan(s) of reorganization, including information contained in the disclosure statement(s) such as a liquidation analysis, if applicable;

(q) Assist in implementing a chapter 11 plan(s) of reorganization, if applicable;

(r) Render testimony, as requested, about the matters regarding which Force 10 and its personnel are providing services; and

(s) Provide such other restructuring or advisory services as are consistent with the role of CRO and/or the above-described services, requested by Debtors or counsel to Debtors, that are not duplicative of services provided by other professionals, and as agreed by Force 10.

19. Force 10's services do not include legal, tax, audit or accounting advice or services or any similar advice or services.

## PROFESSIONAL COMPENSATION

20. Subject to Court approval, as set forth in the Retention Agreement, the hourly billing rates for restructuring professionals assigned to this engagement by Force 10 are as follows:

| PROFESSIONAL | RATE RANGE |
|---|---|
| CRO | $950 (capped at $850) |
| Partners | $695 to $950 (capped at $850) |
| Managing Directors | $600 to $695 |
| Directors | $550 to $595 |
| Senior Associates | $400 to $500 |
| Analysts | $325 to $375 |

21. Force 10's services will be billed to Debtors' estates for payment as an administrative expense under Sections 503(b) and 507(a)(1) of the Bankruptcy Code.

22. Such rates shall be subject to Force 10's customary annual adjustments. Notice of any such adjustment shall be given to Debtors reasonably in advance of its effectiveness. Force 10 may add or substitute personnel during these Cases, in which case the substituted personnel will be billed at Force 10's customary hourly rates. In addition to compensation for services rendered by Force 10's professionals, Force 10 will seek reimbursement for reasonable and necessary expenses incurred in connection with these Cases, including, but not limited to travel, meals, lodging, postage, telephone, document reproduction, computer charges and database access fees, and any reasonable fees and expenses of counsel, consultants, and advisors retained in connection with Force 10's engagement.

23. Debtors believe, as does Force 10, that the foregoing fee structure is reasonable, market-based, and designed to fairly compensate Force 10 for its work and to cover necessary and reasonable expenses.

24. Other than as set forth herein or in the Retention Agreement, there is no proposed arrangement between Debtors and Force 10 for compensation to be paid in these Cases.

25. Force 10 has received no cash retainers.

26. Force 10 will maintain detailed, contemporaneous time records of expenses incurred in connection with rendering the services described above by category and nature of services rendered.

27. Force 10 has not agreed to any variations from, or alterations to, its standard or customary billing arrangements for this engagement.

28. None of the Force 10 professionals included in this engagement have varied their rate based on the geographic location of this bankruptcy case.

## NO DUPLICATION OF SERVICES

29. Force 10 is aware that Debtors seek to retain Tonkon Torp LLP as their bankruptcy counsel, and that Debtors may retain additional professionals during the term of the engagement. Force 10 will work cooperatively with, and not duplicate the services of, the other professionals to integrate any respective work performed by Force 10 on behalf of Debtors with the work performed by the other professionals.

## INDEMNIFICATION

30. As a material part of the consideration for which Force 10 and its personnel have agreed to provide the services herein, pursuant to the Retention Agreement (including the indemnification provisions attached to Annex A to the Retention Agreement and made a part of the Retention Agreement (the "Indemnification Agreement")), and as further set forth therein, with the limitations included in the Order, Debtors have agreed to indemnify those Force 10 employees serving as officers of any of Debtors, including Mr. Weiss, to the same extent as the most favorable indemnification it extends to its officers and directors and to cover such Force 10 employees under Debtors' director and officer liability policy.

31. Debtors believe the indemnity provisions are reasonable terms and conditions of Force 10 engagement and were, along with all terms of the Retention Agreement, negotiated by Debtors and Force 10 at arm's length and in good faith. Force 10 and Debtors believe that the indemnity provisions are comparable to those indemnification provisions generally obtained in comparable engagements, both in and out of court. Debtors respectfully submit that the indemnification provisions contained in the Retention Agreement and Indemnification Agreement, viewed in conjunction with the other terms of Force 10's proposed retention and subject to the modifications set forth in the Order, are reasonable and in the best interests of Debtors, their estates, and creditors.

## DISINTERESTEDNESS

32. To the best of Debtors' knowledge, information, and belief, and except to the extent disclosed herein and in the Weiss Declaration, Force 10: (i) does not hold or represent an interest adverse to Debtors' estates; and (ii) has no connection to Debtors, their creditors, or other parties in interest, or the attorneys or accountants of any of the foregoing, or the U.S. Trustee or any person employed in the Office of the U.S. Trustee.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

For the reasons stated in this Motion, Debtors requests that the Court enter an order authorizing them to employ Force 10, as set out herein, with compensation and reimbursement of expenses to be paid as an administrative expense in such amounts as may be allowed by this Court after notice and hearing pursuant to Section 330 of the Bankruptcy Code or as otherwise provided by Court order.

Dated: October 24, 2024.

Respectfully submitted,

TONKON TORP LLP

By */s/ Danny Newman*
    Danny Newman, Texas Bar No. 24092896
      Email: danny.newman@tonkon.com
      Direct: 503.802.2089
    Ava Schoen, admitted Pro Hac Vice
      Email: ava.schoen@tonkon.com
      Direct: 503.802.2143
    888 SW Fifth Ave., Suite 1600
    Portland, OR 97204
    Telephone: (503) 221-1440
      *Attorney for Debtors*