UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

IN RE:

REFRESHING USA, LLC,

    Debtor,

NO. 24-33924-ARP
NO. 24-33919-ARP
NO. 24-33934-ARP

Chapter 11

MOTION FOR RELIEF FROM AUTOMATIC STAY OR ALTERNATIVELY MOTION FOR AN ORDER DETERMINING THAT THE STAY IS NOT IN EFFECT

COMES NOW Herald Holdings, LLC, a Washington limited liability company (hereafter, "Herald"), unsecured creditor and lessor to VendPro, LLC, (hereafter, "VendPro"), a Washington limited liability company. VendPro appears to be sharing this leased premises with Refreshing USA and with Water Station Management, LLC, Debtors in the above-captioned administratively consolidated Chapter 11 cases. Herald by and through its counsel of record, Steven M. Palmer. of Karr Tuttle Campbell, respectfully moves this Court for entry of an Order lifting the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and 362(d)(2) or alternatively ordering that the stay is not in effect as between Herald and Refreshing USA, LLC or Water Station Management, LLC ("Debtor(s)"). This Motion is supported by the entire case-file herein, as well as the contemporaneously filed Declaration of David Graef (the "Herald Declaration"). Counsel has

MOTION FOR RELIEF FROM AUTOMATIC STAY OR ALTERNATIVELY MOTION FOR AN ORDER DETERMINING THAT THE STAY IS NOT IN EFFECT - 1

#5711374 v1 / 77252-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

24-01863-FPC11  Doc 135  Filed 10/30/24  Entered 10/30/24 13:10:26  Pg 1 of 8

attempted to reach out to Counsel for the Debtors on October 11, October 15, October 24, and October 25, 2024 by telephone and email. Counsel has had contact with counsel for Debtors but there has been no movement towards resolution. All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Herald Declaration.

## I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (b)(2)(G).

## II. FACTUAL BACKGROUND

The factual elements underlying this Motion are set forth in detail in the Herald Declaration. By way of brief summary, Herald Holdings, as Landlord, and VendPro, as Lessee are parties to that certain VendPro Lease, dated October 3, 2014, and the First Amended Lease February 26, 2015, together (the "Lease"). A true and correct copy of the Lease is attached to the Herald Declaration as **Exhibit A**. *See*, Herald Declaration. Pursuant to the Lease, the Lessee paid at the time of execution, and Herald is currently in possession of, funds in the amount of $5,850.00 as a credit to the last month's rent. *See*, Herald Declaration, ¶ 4. The Lease expired on February 28, 2020, and converted to a month-to-month tenancy. *Id.* at, ¶ 4. Since that time, upon information and belief, the Lessee has allowed other occupants to occupy the space. *Id*. In 2024, Herald has been paid by Water Station Management, LLC, Refreshing USA, LLC, and VendPro. As Refreshing USA, LLC was designated the lead case by this court's order directing joint administration of the chapter 11 cases of 24-33919, 24-33924, and 24-33934, this motion for relief from stay is being filed in the Refreshing USA, LLC case.

The Lessee has been representing to Herald that an automatic stay is in place between the King County Washington receivership Case No. 24-2-08418-5, and the involuntary bankruptcies captioned above. *See,* Herald Declaration. That state court receivership has been stayed by the filing of a voluntary chapter 11 bankruptcy in the Eastern District of Washington Case No. 24-01421-11. Neither that Eastern District of Washington Bankruptcy nor the King County

MOTION FOR RELIEF FROM AUTOMATIC STAY OR ALTERNATIVELY MOTION FOR AN ORDER DETERMINING THAT THE STAY IS NOT IN EFFECT - 2

#5711374 v1 / 77252-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

24-01863-FPC11    Doc 135    Filed 10/30/24    Entered 10/30/24 13:10:26    Pg 2 of 8

Receivership list the Lease as either an asset or a liability. Communication with Debtor's attorneys suggest that Debtors are under the mistaken belief that the stay is in place as between Debtors and Herald.

Contrary to specific covenants in the Lease which require that VendPro not assign or sublet the premises, VendPro appears to be doing just that. VendPro and the Debtors have failed to pay any rent at all since August 9, 2024. *See*, Herald Declaration, ¶ 5. Pursuant to the terms of the Lease, there continues to accrue a non-payment penalty of $10/day, dating back to September 1, 2024. *See*, Herald Declaration, ¶ 5.

Since the filing of this case, neither the Debtors, nor VendPro or any other entity has paid a single dollar of rent or utilities. *See*, Herald Declaration, ¶ 6. As of November 1, 2024, the Debtors' pre-petition and post-petition arrears will amount to $27,321.06. *See*, Herald Declaration, ¶ 6.

The failure to pay rent has placed Herald in an extremely difficult position with regard to the overall operations of its real estate holdings. Under the leases that Herald has with its tenants, it requires the tenants to pay not just rent, but also to pay their share of utilities. The tenant and/or Debtors' failure to pay when due has necessitated that Herald cover the costs out of its own coffers, this is not sustainable for Herald.

### III. ARGUMENT

**A. The Court Should Grant Herald Relief From the Automatic Stay for "Cause" Under 11 U.S.C. § 362(d)(1).**

Herald respectfully moves this Court pursuant to 11 U.S.C. § 362(d)(1) for entry of an Order granting it relief from the automatic stay in the above-captioned cases to allow it to exercise any and all rights and remedies under applicable non-bankruptcy law to (1) obtain restitution and possession of the Premises (as defined in the Lease), (2) to remove the Debtor and/or any other persons or entities currently occupying the Premises from the Premises, and (3) immediately offset

MOTION FOR RELIEF FROM AUTOMATIC STAY OR ALTERNATIVELY MOTION FOR AN ORDER DETERMINING THAT THE STAY IS NOT IN EFFECT - 3

#5711374 v1 / 77252-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

24-01863-FPC11    Doc 135    Filed 10/30/24    Entered 10/30/24 13:10:26    Pg 3 of 8

and otherwise apply the VendPro's $5,850.00 security deposit against pre-petition rent arrearages. Alternatively, Herald seeks an order indicating that the automatic stay is not in place as to Herald.

The purpose of the automatic stay is to give the debtor a 'breathing spell' from his creditors, and also, to protect creditors by preventing a race for the debtor's assets."); *Browning v. Navarro*, 743 F.2d 1069, 1083 (5th Cir. 1984) ("The automatic stay is intended to give 'the debtor a breathing spell from his creditors.'") *La. PSC v. Mabey (In re Cajun Elec. Power Coop., Inc.)*, 185 F.3d 446, 457 (5th Cir. 1999). That said, the Bankruptcy Code also provides a procedure by which a creditor can seek relief from the continuation of the stay against his/her claim under 11 U.S.C. § 362(d).

> Section 362(d) provides as follows:
> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or...

Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. *In re Reitnauer*, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); *In re Mendoza*, 111 F.3d 1264 (5th Cir. 1997.

Here, there is ample cause to grant Herald relief from stay. In addition to a complete failure to pay any rent or utilities since August 9, 2024, the tenant/Debtor-occupants have also failed to pay utilities when due. The tenant/Debtors-occupants' failure to pay Herald rent and utilities for months has left Herald incurring debt while the Debtors seek a far-flung and piecemeal approach to a reorganization which, by virtue of its lease with VendPro, Herald should have no part in. On that basis alone, relief from stay is warranted to allow Herald the opportunity to cease spending its own funds on occupant/Debtors' utilities and to begin the lengthy process of obtaining a new tenant.

With each passing day, the late payment penalty and utility fees continue to accrue. Moreover, an assumption of the Lease is impossible here where the Debtors are not the lessee.

MOTION FOR RELIEF FROM AUTOMATIC STAY OR ALTERNATIVELY MOTION FOR AN ORDER DETERMINING THAT THE STAY IS NOT IN EFFECT - 4

#5711374 v1 / 77252-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

24-01863-FPC11    Doc 135    Filed 10/30/24    Entered 10/30/24 13:10:26    Pg 4 of 8

Failure to pay post-petition rent and utilities, coupled with a total failure by the Debtors to provide evidence of ability to (1) cure the post-petition arrears on the Lease, or (2) provide adequate protection, warrants the granting of relief from stay for "cause" pursuant to 11 U.S.C. § 362(d)(1). *See, eg., In re: Rochhio*, 125 B.R. 345 (Bankr. D.R.I. 1991).

All of these elements are present in the instant case, and given the ongoing harm to Herald due to the Debtors' failure to pay rent or to operate at all, warrants relief from stay. The sooner that Herald can retake the Premises and begin the procurement process for a new tenant, the better.

**B. The Court Should Grant Herald Relief From the Automatic Stay Under 11 U.S.C. § 362(d)(2).**

Herald respectfully moves this Court pursuant to 11 U.S.C. § 362(d)(2) for entry of an Order granting it relief from the automatic stay. 11 U.S.C. 362(d) states in pertinent part:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay…
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
>     (A) the debtor does not have an equity in such property; and
>     (B) such property is not necessary to an effective reorganization

None of the debtors in these administratively consolidated cases are lessees under the Lease, thus none of them hold a leasehold interest in the Lease which has value. As a result, the debtors do not have any equity or interest in the leasehold. Further, the property is not necessary for an effective reorganization where if at all, the Debtors herein are occupying the property illegally. This Court should grant relief from stay under § 362(d).

**C. Relief from Stay is not Necessary where Debtor Entities Hold no Leasehold Interest.**

In the event that this court finds that relief from the stay is not necessary because the stay is not in place as between Herald and any of the Debtor entities in these administratively

MOTION FOR RELIEF FROM AUTOMATIC STAY OR ALTERNATIVELY MOTION FOR AN ORDER DETERMINING THAT THE STAY IS NOT IN EFFECT - 5

#5711374 v1 / 77252-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

24-01863-FPC11    Doc 135    Filed 10/30/24    Entered 10/30/24 13:10:26    Pg 5 of 8

consolidated chapter 11 cases, Herald respectfully requests an order determining that the Stay is not in effect. In Washington state, a business occupant without a lease does not have a protected property interest in the property that it occupies. See *Lake Union Realty Co. v. Woolfield*, 119 Wash. 331, 334, 205 P. 14, 15 (1922).

The Debtors in these administratively consolidated cases do not hold a protected property interest. In the event that this Court finds that Herald does not have any claims against the Debtors, Herald requests an Order from this court indicating that the stay is not in place.

## IV. CONCLUSION

WHEREFORE, for the foregoing and proper reasons, Herald respectfully requests that the Court grant the instant Motion and enter an order as follows:

1. Granting Herald relief from the automatic stay as it may exist in any of the Debtor's cases so that it may exercise any and all rights and remedies afforded Herald under applicable non-bankruptcy law to (i) obtain restitution and possession of the Premises, (2) to remove the Debtors and/or any other persons or entities currently occupying the Premises from the Premises, and (3) immediately offset and otherwise apply VendPro's $5,850.00 last month's deposit against post-petition rent arrearages.
2. Waiving the fourteen (14) day stay provided by Bankruptcy Rule 4001(a)(3);
3. Providing that the order is binding and effective on the Debtors and the Premises, notwithstanding any subsequent conversion of this bankruptcy case; and
4. Granting such other relief as this Court deems appropriate.

MOTION FOR RELIEF FROM AUTOMATIC STAY OR ALTERNATIVELY MOTION FOR AN ORDER DETERMINING THAT THE STAY IS NOT IN EFFECT - 6

#5711374 v1 / 77252-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

24-01863-FPC11    Doc 135    Filed 10/30/24    Entered 10/30/24 13:10:26    Pg 6 of 8

| | |
|---|---|
| 1 | Dated this 30th day of October 2024. |
| 2 | |
| 3 | /s/ Steven M. Palmer |
| 4 | Steven M. Palmer, *pro hac vice* <br> **KARR TUTTLE CAMPBELL** |
| 5 | 701 Fifth Avenue, Suite 3300 <br> Seattle, Washington 98104 |
| 6 | Telephone: (206) 223-1313 <br> Facsimile: (206) 682-7100 |
| 7 | Email: spalmer@karrtuttle.com <br> *Attorneys for Herald Holdings, LLC* |

MOTION FOR RELIEF FROM AUTOMATIC STAY OR ALTERNATIVELY MOTION FOR AN ORDER DETERMINING THAT THE STAY IS NOT IN EFFECT - 7

#5711374 v1 / 77252-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

24-01863-FPC11    Doc 135    Filed 10/30/24    Entered 10/30/24 13:10:26    Pg 7 of 8

# **CERTIFICATE OF SERVICE**

I, Annaliese K. Sier, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I caused to be filed with the Court a true and correct copy of the foregoing document via the Court's electronic filing system, which caused service of the document to all parties registered to receive notifications through CM/ECF.

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 30th day of October, 2024, at Seattle, Washington.

*s/ Annaliese K. Sier*
Annaliese K. Sier
Paralegal

MOTION FOR RELIEF FROM AUTOMATIC STAY OR ALTERNATIVELY MOTION FOR AN ORDER DETERMINING THAT THE STAY IS NOT IN EFFECT - 8

#5711374 v1 / 77252-001

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

24-01863-FPC11    Doc 135    Filed 10/30/24    Entered 10/30/24 13:10:26    Pg 8 of 8