IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>REFRESHING USA, LLC<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 24-33919 (ARP)<br>(Jointly Administered) |

# FIRST FED BANK'S MOTION
# FOR ORDER GRANTING ADEQUATE PROTECTION

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**
>
> **THERE WILL BE A HEARING ON THIS MATTER ON NOVEMBER 26, 2024, AT 2:00 P.M. (PREVAILING CENTRAL TIME) IN COURTROOM 400, 515 RUSK AVENUE, HOUSTON, TX 77002.**
>
> **PARTICIPATION AT THE HEARING WILL ONLY BE PERMITTED BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE PEREZ'S CONFERENCE ROOM NUMBER IS 282694. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON JUDGE PEREZ'S HOME PAGE.**

---

[1] Debtors and debtors in possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-33919; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-33924; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-33934. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

1

First Fed Bank, a Washington state commercial bank ("First Fed") hereby files this Motion for Order Granting Adequate Protection (the "Motion"). This Motion is supported by the Declaration of Brian Feller and the exhibits attached thereto filed contemporaneously herewith.

**Background**

1. Debtor Creative Technologies, LLC ("Creative") is indebted to First Fed under a commercial loan (the "Creative Loan") evidenced, in part, by a Promissory Note dated as of December 10, 2020, in the stated principal amount of Twenty-One Million Dollars ($21,000,000.00) and governed by the terms and conditions of a Business Loan Agreement dated as of December 10, 2020.

2. The Creative Loan is secured, in part, by substantially all of Creative's assets, including, without limitation, all inventory, equipment, accounts, chattel paper, instruments, letter-of-credit rights, letters of credit, documents, deposit accounts, investment property, money, general intangibles, other rights to payment and performance, and all proceeds thereof (collectively, the "Collateral"), pursuant to and as more fully described in a Commercial Security Agreement dated as of December 10, 2020, by and between Creative and First Fed. First Fed's security interest in the Collateral has been properly perfected by the filing of a UCC financing statement with the Washington Department of Licensing. The loan and security documents evidencing the Creative Loan are referred to collectively herein as the "Creative Loan Documents".

3. Creative provided financing to certain affiliates—including Ideal Property Investments, LLC ("Ideal")—to acquire real properties throughout the United States. These financings generated intercompany receivables at Creative and payables at Ideal and other affiliate borrowers of Creative. Indeed, counsel for Creative stated in its Response to Order to Show Cause at ECF No. 87 that "perhaps the biggest single asset of Debtors' estates is their $31.7 million

receivable against Ideal." Case No. 24-33934, ECF No. 87 at 4. Under the Creative Loan Documents, First Fed has a senior security interest in any amounts owed to Creative, including amounts owed by Ideal. *See* RCW 62A.9A.102(42) (providing that "General Intangibles" includes "payment intangibles.")

4. On October 17, 2024, Ideal, through its Washington state court-appointed receiver (the "Ideal Receiver"), filed a motion in its receivership proceeding (the "Transfer Motion") seeking authorization to convey certain real property of the receivership estate (the "Transfer Properties") to Creative for ultimate disposition by Creative in this bankruptcy proceeding.[2]

5. The street address for each of the Transfer Properties is set forth below:

    a. 2129 Andrea Lane, Fort Myers, Florida;

    b. 701 Eden Terrace, Archdale, North Carolina;

    c. 11519 S. Petropark Avenue, Houston, Texas; and

    d. 14925 35th Avenue NE, Marysville, Washington.

6. The Receiver stated in the Transfer Motion that the Transfer Properties were not owned by Ideal, but were instead owned by affiliated companies owned and controlled by Ryan Wear ("Wear"), the principal of both Creative and Ideal, and those companies and properties were added to the Ideal receivership as additional debtors.

7. As set forth in the Transfer Motion, Creative advanced the funds used to acquire the Transfer Properties. Such advances generated payables owing to Creative from the respective owners of the Transfer Properties (the "Transfer Property Receivables"). First Fed has a security

---

[2] First Fed also has perfected security interests in the Transfer Properties and certain of the Contributed Properties (as defined herein). However, First Fed is not by this Motion seeking adequate protection relative to its real property security interests.

interest in the Transfer Property Receivables, and proceeds thereof, under the Creative Loan Documents.

8. Creative's proposed receipt of the Transfer Properties is, in substance, an in-kind payment on the Transfer Property Receivables, which constitutes proceeds of First Fed's Collateral. RCW 62A.9A-102(64).

9. On October 22, 2024, counsel for Creative advised undersigned counsel that Wear conveyed 11 other properties to the Debtors (excluding the property located at 8825 S. 227th St.[3], the "Contributed Properties"). Prior to such conveyance, the Contributed Properties (other than 8825 S. 227th St.) were owned by companies owned and controlled by Wear.

10. The street address for each of the Contributed Properties is set forth below:

    a. 1206 Hewitt Ave., Everett, Washington 98201

    b. 204 N WW White Rd., San Antonio, Texas 78219

    c. 516 Veterans Memorial Blvd., Harker Heights, Texas 76548

    d. 602 S Meadow Ave., Odessa, Texas 79761

    e. 8825 S 227th St., Kent, Washington 98031[4]

    f. 14026 S Harrison Ave., Posen, Illinois 60469

    g. 3740 152nd St. NE, Marysville, Washington 98271

    h. 1612 N West St., Flagstaff, Arizona 86004

    i. 770 E 39th Ave., Apache Junction, Arizona 85119

    j. 1771 W Superstition Blvd., Apache Junction, Arizona 85120

    k. 585 S Winchester, Apache Junction, Arizona 85199

---

[3] First Fed notes that Mr. Wear's purported conveyance of 8825 S 227th St., Kent, Washington is void and of no force or effect given that the property was foreclosed upon and transferred by a trustee's deed effective, July 26, 2024.
[4] Per the above, 8825 S 227th St., Kent, Washington was previously foreclosed upon and transferred by a trustee's deed effective, July 26, 2024.

l. 2428 West Broadway, Apache Junction, Arizona 85120

11. To the extent Creative advanced the funds used to acquire any Contributed Property, such advances generated payables owing to Creative from the corresponding owner of each Contributed Property (the "<u>Contributed Property Receivables</u>"). As with the Transfer Property Receivables, First Fed has a security interest in the Contributed Property Receivables, and all proceeds thereof, under the Creative Loan Documents.

## **Jurisdiction**

12. The Court has jurisdction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157.

13. Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## **Relief Requested**

14. By this Motion, pursuant to Section Sections 361, 363, and 105 of the Bankruptcy Code, First Fed requests entry of an order substantially in the form attached hereto granting First Fed adequate protection liens on the Transfer Properties and Contributed Properties to the extent of diminution in value of First Fed's security interest in the Transfer Property Receivables and the Contributed Property Receivables, as applicable.

## **Argument**

15. Section 363 of the Bankruptcy Code requires the Court to provide a secured lender with adequate protection against a diminution in value of its collateral resulting from the use, sale, or lease of property under section 363. 11 U.S.C. § 363(e) ("[A]t any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased by the trustee, the court, with or without a hearing, *shall* prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest.") (emphasis added); *see Official*

*Comm. of Unsecured Creditors v. Residential Capital, LLC (In re Residential Capital, LLC)*, 501 B.R. 549, 589 (Bankr. S.D.N.Y. 2013). The burden rests with a debtor seeking to use, sell, or otherwise encumber a lender's collateral to prove that the secured lender's interest will be adequately protected through the course of the bankruptcy case. *In re Residential Capital, LLC*, 501 B.R. at 590.

16. The Court has broad discretion in how it shapes the protection, which makes sense given the fact-specific nature of such relief. Adequate protection could include periodic cash payments, replacement or additional liens, or any such other relief as will result "in the realization by such entity of the indubitable equivalent of such entity's interest" in the collateral. 11 U.S.C. § 361; *see, e.g.*, *Martin v. United States (In re Martin)*, 761 F.2d 472, 475–76 (8th Cir. 1985); *In re Gallegos Res. Grp., Corp.*, 193 B.R. 577, 584 (Bankr. D. Colo. 1995). The protection offered by section 363(e) requires the court to prohibit the use of any property in which another party has an interest not adequately protected. *See In re Nat'l Fin. Alts., Inc.*, 96 B.R. 844, 849 (Bankr. N.D. Ill. 1989).

17. Here, Creative intends to accept in-kind payments on First Fed's payment intangible Collateral outside the ordinary course of business. First Fed requires adequate protection from the resulting diminution in value of its Transfer Property Receivables and Contributed Property Receivables given that such real estate proceeds are not subject to automatic perfection under Article 9 as would be the case with cash payments, and the resulting effect of 11 U.S.C. § 552. Absent adequate protection liens, First Fed's Transfer Property Receivables and Contributed Property Receivables will decrease and diminish in value and First Fed will not receive the benefit of liens on the resulting proceeds—the Transferred Properties and the Contributed Properties.

18. First Fed therefore requests adequate protection liens on the Transferred Properties and the Contributed Properties to the extent Creative advanced financing for the purchase of the Contributed Properties, or the transfers and contributions otherwise cause a reduction in any account debtor's obligation to Creative. Such adequate protection liens shall have the same priority and validity as First Fed's liens on the Transfer Property Receivables and the Contributed Property Receivables, as applicable, but shall be subject to recorded existing liens on the Transferred Properties and Contributed Properties.

19. Alternatively, First Fed requests that the Court deny or invalidate any outside the ordinary course real estate transfer that has the effect of impairing First Fed's pre-petition security interest in estate assets.

## Conclusion

20. For the reasons set forth above, First Fed respectfully requests that this Court grant First Fed adequate protection liens on the Transferred Properties and Contributed Properties to the extent of diminution in value of the Transfer Property Receivables and the Contributed Property Receivables, as applicable.

Dated: November 1, 2024

Respectfully submitted,

/s/ Andrew J. Geppert
**LANE POWELL PC**
Andrew J. Geppert (TX 24097733)
Gregory R. Fox (WSBA 30559) (*admitted pro hac vice*)
601 S.W. Second Avenue
Portland, Oregon 97204
Tel: (503) 778-2100
Fax: (503) 778-2200
gepperta@lanepowell.com

## CERTIFICATE OF SERVICE

      I certify that on November 1, 2024, I caused a copy of the foregoing Motion to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                          /s/ Andrew J. Geppert
                                          Andrew J. Geppert