# EXHIBIT E

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR COUNTY OF KING

| | |
|---|---|
| FIRST FED BANK, a Washington bank corporation,<br><br>Petitioner,<br><br>v.<br><br>IDEAL PROPERTY INVESTMENTS, LLC, a Washington limited liability company,<br><br>Respondent. | Case No. 24-2-08418-5 SEA<br><br>RECEIVER'S MOTION TO AUTHORIZE MERGER OF SUBSIDIARIES AND DISPOSITION OF NON-BANKRUPTCY PROPERTIES |

## I. INTRODUCTION

Ideal Property Investments, LLC ("**Debtor**") is a real estate holding company that owns some 18 properties across the United States. Debtor is owned and was initially controlled by Ryan Wear, who acquired dozens of additional properties through single-asset holding entities that were either wholly owned subsidiaries of Debtor or owned by Mr. Wear. On June 13, 2024, Mr. Wear stipulated to adding six such related entities and their properties into this receivership. Receiver's investigation has determined that Mr. Wear diverted funds from an affiliated entity called Creative Technologies LLC to acquire four of those later-added properties.[1]

This determination is consistent with multiple lawsuits alleging that Mr. Wear's entire

---

[1] Receiver's investigation also indicates that Creative may have received some of the funds diverted to Debtor from other affiliated entities, including Refreshing USA LLC and Water Station Management LLC. Further investigation is required to reach any final conclusion in that regard.

RECEIVER'S MOTION TO AUTHORIZE MERGER AND DISPOSITION - 1

enterprise is a massive fraud and potential Ponzi scheme. Unfortunately, those lawsuits have scared title insurance companies away from insuring receivership sales. They will insure sales only upon approval by a federal bankruptcy court. Debtor's recent bankruptcy filing has now placed Debtor's 18 properties into a bankruptcy where they can now be sold with title insurance.

The six properties later added to this receivership by stipulation, however, are not in bankruptcy.[2] Because title insurers are unwilling to insure sales outside of bankruptcy, these six properties are effectively unmarketable until they are moved into bankruptcy. After evaluating the books and records of Debtor, Creative, and other affiliates, Receiver has concluded in its business judgment that the creditors of this estate will be best served by moving these six properties into pending bankruptcy cases. Two entities in this receivership—1118 Virginia Street LLC and 343 Johnny Clark LLC ("**Subsidiary Entities**")—are wholly owned subsidiaries of Debtor. Receiver proposes simply merging them into Debtor, so their property can be sold in Debtor's bankruptcy. Receiver proposes conveying the remaining properties to Creative, to be sold in Creative's bankruptcy, because the funds used to acquire them are traceable in the first instance to Creative.

## II. RELIEF REQUESTED

Pursuant to RCW 7.60.015 and RCW 7.60.055(1), Receiver requests authorization to merge the Subsidiary Entities into Debtor. Pursuant to RCW 7.60.260(1), Receiver also requests authorization to convey the four remaining properties (collectively, the "**Transfer Properties**") to Creative subject to existing liens and encumbrances:

1. 2129 Andrea Lane, Fort Myers, Florida
2. 701 Eden Terrace, Archdale, North Carolina
3. 11519 S. Petropark Avenue, Houston, Texas
4. 14925 35th Avenue NE, Marysville, Washington

---

[2] Because these owner-entities are not in bankruptcy, the automatic stay under 11 U.S.C. § 362 does not apply to them. This motion is limited solely to these six entities and properties. Receiver seeks no relief against any entity in bankruptcy.

RECEIVER'S MOTION TO AUTHORIZE MERGER AND DISPOSITION - 2

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01863-FPC11    Doc 150-7    Filed 11/01/24    Entered 11/01/24 12:35:46    Pg 3 of 10

## III. EVIDENCE RELIED UPON

This motion relies on the following concurrently filed declarations:

1. Declaration of Eric Camm in Support of Motion to Authorize Merger and Disposition ("**Camm Decl.**");

2. Declaration of Nick Howe in Support of Motion to Authorize Merger and Disposition ("**Howe Decl.**"); and

3. Declaration of Amit D. Ranade in Support of Motion to Authorize Merger and Disposition ("**Ranade Decl.**").

## IV. STATEMENT OF FACTS

### A. Commencement of Receivership

This receivership commenced on May 3, 2024. Following its appointment, Receiver began investigating Debtor's assets. Camm Decl. ¶ 6. Receiver identified 44 properties that appeared to be owned by Debtor or acquired by Ryan Wear through a related entity using funds traceable to Debtor or Creative. *Id.*, Ex. D. On June 13, 2024, Mr. Wear stipulated to adding six properties owned by separate single-asset entities to this receivership. Receiver believes there are additional properties subject to avoidance, but those properties are not at issue here. *Id.* ¶ 7.

### B. Property Sales and Title Insurance Issues

Receiver also promptly retained NAI Puget Sound Properties to list Debtor's properties. *Id.* ¶ 8. Receiver and NAI assessed properties and prepared them for listing. *Id.* By August, they had listed 10 properties, reviewed and affirmed three pending sales, and negotiated a fourth sale. *Id.*, Ex. D. Receiver also promptly began lining up title insurance to close these sales. Ranade Decl. ¶ 2.

Unfortunately, no title company is willing to insure sales outside of a bankruptcy process due to pending fraud litigation. *Id.* ¶¶ 3-9. At present, there are at least five lawsuits against Ryan Wear, Debtor, Subsidiary Entities, Creative, Refreshing, Water Station, and dozens of affiliates alleging that the entire enterprise is a massive fraud and likely Ponzi scheme that misappropriated about $200 million in loans and investments:

1. *Axial Tilt, LLC v. Waterstation LLC, et al.*, Case No. 23-2-08829-31 (Superior Court of Snohomish County, Wash.). Filed December 1, 2023

RECEIVER'S MOTION TO AUTHORIZE MERGER AND DISPOSITION - 3

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01863-FPC11    Doc 150-7    Filed 11/01/24    Entered 11/01/24 12:35:46    Pg 4 of 10

2. *Legacy Capital Income Fund II LLC v. Summit Management Services LLC, et al.*, Case No. 2024-03772 (Superior Court of Montgomery County, Penn.). Filed February 29, 2024

3. *Pacific Water Technology, LLC, et al. v. Ryan Wear, et al.*, Case No. 24-2-02887-31 (Superior Court of Snohomish County, Wash.). Filed April 16, 2024

4. *Alkaline Water Holdings LLC, et al. v. Ryan Wear, et al.*, Case No. 24-cv-01890-GAM (E.D. Pa.). Filed May 3, 2024

5. *3/5/2 Capital GP LLC v. Ryan Wear, et al.*, Case No. 24-cv-05102 (S.D.N.Y.). Filed July 3, 2024

Relevant here, plaintiffs allege that Mr. Wear diverted at least some of the money advanced to Creative, Refreshing, and Water Station (collectively, the "**Operating Entities**") to acquire water and vending machines into a separate real estate business. As detailed below, Receiver's investigation corroborates these allegations. These lawsuits—particularly the federal cases—caused title companies to decline title insurance for receivership sales. Ranade Decl. ¶¶ 3-6. Title companies are, however, willing to insure sales if they are approved by a federal bankruptcy court under 11 U.S.C. § 363(f). *Id*. ¶ 9. In short, the six properties at issue are unmarketable outside of bankruptcy.

**C.     Bankruptcy Filings**

On August 27, 2024, an involuntary bankruptcy petition was filed against Creative in the United States Bankruptcy Court for the Southern District of Texas. *See In re Creative Technologies LLC*, Case No. 24-33934 (Bankr. S.D. Tex.). Involuntary petitions were filed against the other two Operating Entities on the same day. *See In re Refreshing USA LLC*, Case No. 24-33919 (Bankr. S.D. Tex.); *In re Water Station Management LLC*, Case No. 24-33924 (Bankr. S.D. Tex.)

On September 5, 2024, Debtor filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Washington. *See In re Ideal Property Investments LLC*, Case No. 24-1421 (Bankr. E.D. Wash.) ("**Bankruptcy Case**"). Pursuant to 11 U.S.C. § 541, the real estate that Debtor owns is now in the Bankruptcy Case and can be sold with title insurance. There are, however, six properties still in this receivership—and not in bankruptcy—because they are

RECEIVER'S MOTION TO AUTHORIZE MERGER AND DISPOSITION - 4

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01863-FPC11    Doc 150-7    Filed 11/01/24    Entered 11/01/24 12:35:46    Pg 5 of 10

owned by entities not in bankruptcy.

**D.  Wholly Owned Subsidiaries**

Two of those entities are wholly owned subsidiaries of Debtor: (i) 1118 Virginia Street LLC and (ii) 343 Johnny Clark LLC. Camm Decl., Exs. B, C. On October 9, 2024, Debtor filed a motion in the Bankruptcy Case seeking authorization to accept a merger of these subsidiaries. *Id*. ¶ 9.

**E.  Property Presently Outside Bankruptcy**

Receiver has examined the books and records of Debtor and the Operating Entities.[3] *Id*. ¶ 7. Based on this investigation, and as detailed below, Receiver concludes that the funds used to acquire the Transfer Properties are traceable to Creative in the first instance. It is also possible that at least some of the funds are ultimately traceable to the other two Operating Entities based on the volume of large unsupported intercompany transfers. *See* Howe Decl., Ex. A. Further investigation would be required to connect those unsupported transfers to real estate, which should be done in the pending bankruptcy cases of the Operating Entities so as not to delay sales.

**1.  2129 Andrea Lane, Fort Myers, Florida**

On or about January 30, 2020, Mr. Wear formed 2129 Andrea Lane LLC to acquire and hold commercial property at 2129 Andrea Lane in Fort Myers, Florida. *Id*., Ex. B. The transaction closed on or about February 18, 2020, for a purchase price of $2,225,000. *Id*., Exs. C, D. A few days beforehand, on February 12, 2020, Creative transferred $691,488.26 to the trust account of Harold Eskin *Id*., Ex. E. Mr. Eskin is an attorney in Fort Myers, Florida. *Id*., Ex. F. Accordingly, Receiver concludes funds used for the down payment on this property originated from Creative.

**2.  701 Eden Terrace, Archdale, North Carolina**

On or about November 12, 2019, Mr. Wear formed 701 Eden LLC to acquire and hold commercial property at 701 Eden Terrace in Archdale, North Carolina. *Id*., Ex. G. The transaction closed on December 11, 2019, for a total purchase price of $734,990. *Id*., Exs. H, I. The day before

---

[3] On May 14, 2024, appointed Turning Point as a general receiver for Creative Technologies LLC. *See First Fed Bank v. Creative Technologies LLC*, Case No. 24-2-10753-3 SEA. On August 23, 2024, this Court expanded that receivership to include the other two Operating Entities.

RECEIVER'S MOTION TO AUTHORIZE MERGER AND DISPOSITION - 5

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01863-FPC11    Doc 150-7    Filed 11/01/24    Entered 11/01/24 12:35:46    Pg 6 of 10

closing, on December 10, 2019, Creative transferred $139,252.25 to Allison McCloskey Escrow. *Id*., Ex. J. Creative's books and records do not include any real estate. *Id*. ¶ 2. Accordingly, Receiver concludes funds used for the down payment on this property originated from Creative.

### 3. 11519 S. Petropark Avenue, Houston, Texas

On or about May 21, 2020, Mr. Wear formed 11519 South Petropark LLC to acquire and hold commercial property at 11519 S. Petropark Avenue in Houston, Texas. *Id*., Ex. K. The transaction closed on July 2, 2020, for a purchase price of $686,250. *Id*., Ex. L. About two weeks earlier, on June 20, 2020, Creative transferred $224,791.94 to Charter Title Company. *Id*., Ex. N. Charter is headquartered in Houston, Texas. *Id*., Ex. M. Accordingly, Receiver concludes funds used for the down payment on this property originated from Creative.

### 4. 14925 35th Avenue NE, Marysville, Washington

The property at 14925 35th Avenue NE in Marysville, Washington, has a more complicated history. The property consists of six contiguous parcels identified by the following parcel numbers:

1. 31053300202200
2. 31053300201500
3. 31053300202300
4. 31053300202400
5. 31053300202500
6. 31053300300600

*Id*. ¶ 17. Initially, Mr. Wear caused Debtor to acquire Parcel No. 31053300202200 as part of a five-parcel transaction that closed on December 5, 2019, for a total purchase price of $1,350,000. *Id*., Exs. O, P. Mr. Wear allocated $343,100 of the total price to Parcel No. 31053300202200. *Id*. On the same day this transaction closed, Creative transferred $393,745.82 to Chicago Title. *Id*., Ex. S.

Mr. Wear initially acquired the other five parcels on October 27, 2020, through a separate single-asset entity called Smokey Point Holdings LLC for a purchase price of $3,586,700. *Id*., Exs. Q, R. A few days beforehand, on October 15, 2020, Creative transferred $2,478,880.57 to Chicago Title. *Id*., Ex. S. Accordingly, Receiver concludes funds used for the down payment on

RECEIVER'S MOTION TO AUTHORIZE MERGER AND DISPOSITION - 6

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

these properties originated from Creative.

On May 24, 2023, Mr. Wear caused Debtor and Smokey Point Holdings LLC to convey these six parcels to Ideal Industrial Park LLC for no consideration. *Id*., Ex. T. Instead, he claimed the exemption from real estate excise tax under WAC 459-61A-211 for conveyances by a corporation or partnership as a distribution to its shareholders or partners. *Id*., Ex. U.

## V. ARGUMENT AND AUTHORITY

**A. The Court should authorize Receiver to effectuate a merger of the Subsidiary Entities into Debtor for the benefit of creditors.**

First, the Court should authorize Receiver to effectuate a merger of Subsidiary Entities into Debtor. When a receivership debtor is a corporate entity, a general receiver's role is to liquidate assets and wind up the debtor's affairs. RCW 7.60.015. Further, courts have "exclusive authority" over the receiver as well as "exclusive possession and right of control with respect to all real property…" RCW 7.60.055.

The Court should exercise this broad authority to authorize Receiver to wind up Debtor's affairs by merging Debtor into its Parent. This path is in the best interests of creditors because there is no other way to liquidate the Property. Upon merger, title to property owned by the merged entity vests in the surviving entity. Ga. Code. § 14-11-905(a)(3); Tex. Bus. Org. Code § 10.008(a)(2); *accord* RCW 25.15.431(a)(iii).[4] Here, a merger will cause title to the Subsidiary Entities' properties to vest in Debtor. In turn, Debtor will be able to close sales of those properties under a Bankruptcy Court order as required by title insurers.

Further, creditors will retain their rights and interests through the merger. In a merger, the liabilities of the merged entity continue as liabilities of the surviving entity. Ga. Code. § 14-11-905(a)(4); Tex. Bus. Org. Code § 10.008(a)(3); *accord* RCW 25.15.431(a)(iv). Moreover, secured creditors will hold the same rights they presently hold in this receivership. Section 363(f) of the Bankruptcy Code permits sales free and clear of liens only if: (i) applicable non-bankruptcy law

---

[4] 1118 Virginia Street LLC is a Georgia limited liability company, and 343 Johnny Clark LLC is a Texas limited liability company. Camm Decl., Exs. B, C.

RECEIVER'S MOTION TO AUTHORIZE MERGER AND DISPOSITION - 7

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01863-FPC11    Doc 150-7    Filed 11/01/24    Entered 11/01/24 12:35:46    Pg 8 of 10

permits it; (ii) consent of the lienholder; (iii) the sale price is enough to pay all liens in full; (iv) the lien is disputed; or (v) the lienholder could be compelled in a legal or equitable proceeding to accept a money satisfaction of the lien.

Receivership sales under RCW 7.60.260 are one such proceeding. "Because there are in Washington legal and equitable proceedings by which lienholders may be compelled to accept money satisfactions, 11 U.S.C. § 363(f)(5) here permits a sale free and clear of liens, with the liens attaching to the proceeds, notwithstanding that those proceeds may be insufficient to pay all liens." *In re Jolan, Inc.*, 403 B.R. 866, 870 (Bankr. W.D. Wash. 2009). In other words, absent their consent to different treatment, Debtor must treat secured creditors consistent with RCW 7.60.260 when it sells these properties under 11 U.S.C. § 363(f)(5) in the Bankruptcy Case.

Accordingly, the Court should authorize Receiver to effectuate a merger of the Subsidiary Entities into Debtor to allow a sale of the Subsidiary Entities' properties for the benefit of creditors.

**B.     The Court should authorize Receiver to convey the Transfer Properties to Creative because the down payments are traceable to Creative.**

Second, the Court should authorize the Receiver to convey the Transfer Properties to Creative. Receivers may use, sell, or lease receivership property outside the ordinary course of business "with the court's approval after notice and a hearing." RCW 7.60.260(1). Typically, these types of sales are free and clear of liens and rights of redemption. *See* RCW 7.60.260(2). This is not, however, a typical situation—and Receiver does <u>not</u> seek to convey the Transfer Properties free and clear of liens and redemption rights. Rather, Receiver seeks to convey them <u>subject to</u> liens and rights of redemption.

This will allow liquidation of the Transfer Properties through a bankruptcy process, as insisted by title insurance companies. These properties are uninsurable outside of bankruptcy, which leaves them practically unmarketable. Receiver proposes conveying the Transfer Properties to Creative because Receiver's investigation has concluded that the funds used for down payments are directly traceable to Creative. Consistent with this evidence, Creative is by far the single largest
RECEIVER'S MOTION TO AUTHORIZE MERGER AND DISPOSITION - 8

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01863-FPC11    Doc 150-7    Filed 11/01/24    Entered 11/01/24 12:35:46    Pg 9 of 10

unsecured creditor in this receivership and relatedly the single largest unsecured creditor in Debtor's bankruptcy case. Conveying the Transfer Properties to Creative is appropriate for this additional reason. If further investigation in the bankruptcy courts reveals that some of these funds originated with other Operating Entities, parties can use the bankruptcy process to unwind intercompany transfers as appropriate. It is not in the best interests of creditors, however, to delay transitioning these properties to Creative so they can be liquidated without further delay.

## VI. CONCLUSION

Title insurance companies are unwilling to insure sales of the properties in this receivership unless the sale is approved by a Bankruptcy Court under 11 U.S.C. § 363. Receiver has investigated the history of these properties and the relationship of the single-asset entities that own them. Based on that investigation, Receiver has concluded in its business judgment that the two wholly-owned subsidiaries should be merged into Debtor and the remaining properties should be conveyed to Creative. This will allow the properties to be sold for the benefit of creditors.

Accordingly, the Court should authorize Receiver to effectuate a merger of the Subsidiary Entities into Debtor and convey the remaining properties to Creative.

Dated: October 17, 2024

I certify that this memorandum contains 2,731 words, in accordance with local rules.

SNELL & WILMER L.L.P.

By: *s/Amit D. Ranade*
Amit D. Ranade, WSBA #34878
Mallory L. B. Satre, WSBA #50194
600 University Street, Suite 310
Seattle, Washington 98101
Telephone: 206.741.1420
aranade@swlaw.com;
msatre@swlaw.com
Attorneys for Receiver

RECEIVER'S MOTION TO AUTHORIZE MERGER AND DISPOSITION - 9

Snell & Wilmer
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

24-01863-FPC11    Doc 150-7    Filed 11/01/24    Entered 11/01/24 12:35:46    Pg 10 of 10