# EXHIBIT B

# DECLARATION OF JEFFREY AZUSE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| Refreshing USA, LLC, | Case No. 24-33919 |
| | (Jointly Administered) |
| Debtors[1]. | |

**DECLARATION OF JEFFREY AZUSE IN SUPPORT OF DEBTORS' APPLICATION FOR ENTRY OF AN ORDER (1) AUTHORIZING THE RETENTION AND EMPLOYMENT OF HILCO REAL ESTATE, LLC AS REAL ESTATE ADVISOR, (2) WAIVING CERTAIN TIMEKEEPING REQUIREMENTS, AND (3) GRANTING RELATED RELIEF**

I, Jeffrey Azuse, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1. I am an Executive Vice President at Hilco Real Estate, LLC ("Hilco Real Estate"), which maintains an office at 5 Revere Drive, Suite 410, Northbrook, Illinois 60062. I am duly authorized to make and submit this declaration (this "Declaration") on behalf of Hilco Real Estate in support of the Debtors' Application for entry of an Order (1) Authorizing the Retention and Employment of Hilco Real Estate, LLC as Real Estate Advisor, (2) Waiving Certain Timekeeping Requirements, and (3) Granting Related Relief (the "Application") of the above captioned debtors and debtors in possession (the "Debtors"). Except as otherwise noted, I have personal knowledge of the matters set forth herein.

---

[1] Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-33919; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-33924; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-33934. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

1

### A. HILCO REAL ESTATE'S QUALIFICATION

2. I believe that Hilco Real Estate and the professionals it employs are well qualified to advise the Debtors on the matters for which Hilco Real Estate is proposed to be employed in a cost-effective, efficient, and timely manner.

3. Hilco Real Estate is a diversified real estate consulting and advisory firm that evaluates, restructures, facilitates the acquisition of, and disposes of all types of real estate located both nationally and internationally. Hilco Real Estate has provided real estate advisory services to debtors in many cases, including, among others: *In re WeWork Inc.*, Case No. 23-19865 (JKS) (Bankr. D.N.J. Nov. 6, 2023); *In re Cyxtera Techs., Inc.*, Case No. 23-14853 (JKS) (Bankr. D.N.J. July 18, 2023); *In re Nielsen & Bainbridge, LLC*, Case No. 23-90071 (DRJ) (Bankr. S.D. Tex. Mar. 30, 2023); *In re Youfit Health Clubs, LLC*, Case No. 20-12841 (MFW) (Bankr. D. Del. Dec. 3, 2020); *In re RTI Holding Co., LLC*, Case No. 20-12456 (JTD) (Bankr. D. Del. Nov. 4, 2020); *In re Town Sports Int'l, LLC*, Case No. 20 12168 (CSS) (Bankr. D. Del. Oct. 29, 2020); *In re California Pizza Kitchen, Inc.*, Case No. 20-33752 (MI) (Bankr. S.D. Tex. Oct. 13, 2020) [Docket No. 497]; *In re CEC Entertainment, Inc.*, Case No. 20-33163 (MI) (Bankr. S.D. Tex. Aug. 14, 2020) [Docket No. 711]; *In re Ignite Restaurant Grp., Inc.*, Case No. 17-33550 (DRJ) (Bankr. S.D. Tex. June 29, 2017) [Docket No. 252].

4. I believe the Debtors have selected Hilco Real Estate as their real estate advisors based upon, among other things: (a) the Debtors' need to retain a skilled real estate advisory firm to provide advice with respect to the Debtors' real estate portfolio; and (b) Hilco Real Estate's extensive experience and expertise in providing consulting and advisory services in connection with the sale of real property in chapter 11 cases such as these. In light of the size of these chapter 11 cases, Hilco Real Estate's resources, capabilities, and experience are important to the Debtors' successful chapter 11 cases. An experienced real estate consultant such as Hilco Real

Estate fulfills a critical service and complements the services offered by the Debtors' other professionals. For these reasons, I understand that the Debtors believe Hilco Real Estate is both well qualified and uniquely able to perform the services for which it is being sought to be retained in these chapter 11 cases in an efficient and timely manner, as well as that the retention and employment of Hilco Real Estate is in the best interests of the Debtors, their estates, and other parties-in-interest.

5.  Hilco Real Estate commenced its engagement with the Debtors to provide real estate advisory services in connection with the Debtors' chapter 11 cases pursuant to the Services Agreement.

**B.  SERVICES TO BE PROVIDED**

6.  As further set forth in the Services Agreement, the Debtors have requested that Hilco Real Estate serve as real estate advisor during the chapter 11 cases to perform a broad range of consulting and advisory services (the "Services") on behalf of the Debtors in connection with the Debtors' real property holdings. Among other things, the Services include:[2]

   a.  meeting with the Debtors to ascertain the Debtors' goals, objectives, and financial parameters in connection with the marketing and sale of the Properties listed on Exhibit A thereto;

   b.  soliciting interested parties for the sale of the Properties and marketing the Properties for sale through an accelerated sales process. The bid deadline/auction shall be as mutually agreed by the parties in writing (email shall be sufficient) or within eight (8) weeks after entry of the Retention Order (as defined below);

   c.  at the Debtors' direction and on the Debtors' behalf, negotiating the terms of the purchase and sale agreements for the Properties.

---

[2] The summary provided herein is otherwise for illustrative purposes only. In the event of any inconsistency between the Services as set forth herein and the Services Agreement the Services Agreement will control. Capitalized terms used but not otherwise defined in this summary shall have the meanings ascribed to them in the Services Agreement.

3

7.      Hilco Real Estate is both well qualified and uniquely able to perform the Services and assist the Debtors in these chapter 11 cases. Accordingly, I believe the Services are necessary to enable the Debtors to maximize the value of their estates. Additionally, all of the Services will be undertaken at the request of the Debtors.

**C.    PROFESSIONAL COMPENSATION**

8.      Real estate advisors such as Hilco Real Estate do not typically charge for their services on an hourly basis. Instead, compensation arrangements such as those contemplated by the Services Agreement are customary. Further, such compensation arrangements are consistent with and typical of compensation arrangements entered into by Hilco Real Estate and other comparable firms in connection with the rendering of similar services under similar circumstances.

9.      Subject to the Court's authorization, I understand the Debtors will compensate Hilco Real Estate in accordance with the terms and conditions and at the times set forth in the Services Agreement, which provides in relevant part for the following compensation:[3]

   a.   Six percent (6%) for each Property with Gross Sales Proceeds up to $2,000,000

   b.   Five percent (5%) for each Property with of the Gross Sales Proceeds from $2,000,001 to $3,000,000

   c.   Four percent (4%) for each Property with Gross Sales Proceeds over $3,000,001

10.     In addition to any fees payable to Hilco Real Estate, I understand the Debtors will reimburse Hilco Real Estate for its reasonable, documented (through receipts or invoices) out-of-pocket expenses ("Expenses") incurred in performing the Services, including, without limitation,

---

[3] The summary provided herein is otherwise for illustrative purposes only and is subject to the Services Agreement. In the event of any inconsistency between the fee structure as set forth herein and the Services Agreement the Services Agreement will control.

4

reasonable expenses of advertising, marketing, coach travel, and transportation, including the cost of out-of-town travel and postage and courier/overnight express fees and other mutually agreed upon expenses incurred in connection with performing the Services.  With respect to Expenses incurred in connection with the Services relating to the marketing and sales of the Properties, the Expenses shall be due and payable (i) at the closing of the sale of the Property to a third party, including a sale to a lender successfully credit bidding on such Property, (ii) in the event the Property does not sell, upon the expiration of the Term, (iii) in the event a sale and/or auction is cancelled, on the date the sale and/or auction was scheduled to occur, or (iv) upon the termination of the Agreement pursuant to the terms therein; provided, however, Hilco Real Estate's Expenses shall be capped at $10,000.

11. I believe that Hilco Real Estate's stated fee structure is comparable to compensation generally charged by real estate advisory firms of similar stature to Hilco Real Estate for comparable engagements, both in and out of bankruptcy. Furthermore, I believe that the fee structure is consistent with Hilco Real Estate's normal and customary billing practices for cases of comparable size that require the level and scope of the Services to be provided in these chapter 11 cases. Moreover, the fee structure has been agreed upon by the parties in anticipation that a substantial commitment of professional time and effort will be required of Hilco Real Estate and its professionals, and in the light of the fact that such commitment may foreclose other opportunities for Hilco Real Estate and that the actual time and commitment required of Hilco Real Estate and its professionals to perform the Services may vary substantially from week to week or month to month, creating "peak load" issues for Hilco Real Estate.

12. Hilco Real Estate's expertise and experience in the realm of sales of real property for client companies were important factors in determining Hilco Real Estate's stated fee structure. I believe that the ultimate benefit of the Services cannot be measured by reference to

5

the numbers of hours to be expended by Hilco Real Estate's professionals in the performance of such Services. I also believe that by using a transactional fee structure, Hilco Real Estate's compensation is directly tied to and contingent upon the proceeds from sales of the Debtors' Properties and aligns the interests of Hilco Real Estate with those of the Debtors and the Debtors' estates.

13. Due to the transactional fee structure of the engagement, Hilco Real Estate requests that it not be required to keep or file detailed time records in accordance with Bankruptcy Rule 2016(a) and the U.S. Trustee Guidelines or file interim fee applications. Sales and marketing agents generally are not compensated based on hours devoted to their services, and instead are compensated based on fee structures similar to the one proposed in this case.

14. Consistent with its ordinary practice and the practice of real estate advisors in other chapter 11 cases whose fee arrangements are not hours-based, Hilco Real Estate does not typically maintain contemporaneous time records or provide or conform to a schedule of hourly rates for its professionals. In exchange for its services, Hilco Real Estate will receive compensation as set forth herein and in the Services Agreement. The detailed filing requirements of Bankruptcy Rule 2016 and the *United States Trustees Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330* (the "U.S. Trustee Guidelines") would require the expenditure of unnecessary time and fees in compiling time records and preparing fee applications and could hinder Hilco Real Estate from providing services as efficiently as possible. Given the foregoing and that Hilco Real Estate's compensation is based on proceeds generated by the sale of the Properties, the Debtors are requesting that, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any order of this Court, or any other guideline regarding the submission and approval of fee applications, Hilco Real Estate's professionals be excused from

(a) submitting monthly and interim fee applications as set forth in Bankruptcy Rule 2016 and (b) maintaining time records in connection with the services to be rendered pursuant to the Services Agreement.

15. With respect to any sale of the Properties sold by Hilco Real Estate, the Debtors will file a motion authorizing and approving such sale (a "Sale Motion"). The Sale Motion will disclose any commission fee to be paid to Hilco Real Estate in connection with a closing of an applicable Property and Hilco shall be paid its fees and expenses at the closing for such Property.

16. The Debtors are requesting that, upon the earlier of the completion of Hilco Real Estate's Services or the termination or expiration of the Services Agreement, Hilco Real Estate will file a final fee application with a summary of fees earned and expenses incurred along with a summary of what fees and expenses have been paid.

17. I believe that the proposed arrangement will provide the Court and other parties in interest with sufficient information to monitor the amount and types of services rendered to the Debtors by Hilco Real Estate and is necessary, and in the best interests of the Debtors, I believe that Hilco Real Estate's fees and expenses set forth in the Services Agreement and in the Application are market based and reasonable and should be approved under section 328(a) of the Bankruptcy Code. Additionally, the compensation terms negotiated with Hilco Real Estate were the result of arm's-length negotiations, and I believe such terms are fair and reasonable.

**D.    INDEMNIFICATION**

18. The Services Agreement provides that the Debtors and Hilco Real Estate owe certain indemnification obligations to each other. The provisions governing the Debtors and Hilco Real Estate's indemnification obligations (the "Indemnification Provisions") are included in the Services Agreement.

19. The Indemnification Provisions were fully negotiated between the Debtors and Hilco Real Estate at arm's length and in good faith. Hilco Real Estates believe that the Indemnification Provisions are customary and reasonable for real estate advisory engagements, both in chapter 11 cases and outside of chapter 11 and reflect the qualifications and limitations on indemnification provisions that are customary in this district and other jurisdictions.

E. **DISCLOSURES CONCERNING CONNECTIONS WITH THE DEBTORS AND PARTIES AND INTEREST**

20. The Debtors have numerous creditors, equity holders, and other parties with whom they maintain business relationships. In connection with its proposed retention by the Debtors in these chapter 11 cases, Hilco Real Estate undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, Hilco Real Estate obtained from the Debtors and their representatives the names of individuals and entities that may be parties in interest in these chapter 11 cases (the "Potential Parties in Interest"), and such parties are listed on **Schedule 1** attached hereto. To the extent that I have been able to ascertain to date that Hilco Real Estate has been engaged within the last two years or is currently engaged by any of the Potential Parties in Interest (or their affiliates, as the case may be) in matters unrelated to these cases, such facts are disclosed on **Schedule 2** attached hereto. **Schedule 2** also sets forth certain other relationships Hilco Real Estate has with certain Potential Parties in Interest.

21. Except as otherwise set forth herein and on **Schedule 2**, to the best of my knowledge, information, and belief, neither Hilco Real Estate nor any employee of Hilco Real Estate (i) is a creditor, equity security holder or an insider of the Debtors or (ii) is or was, within two years before the Petition Date, a director, officer, or employee of any of the Debtors. In addition, none of the Hilco Real Estate professionals expected to assist the Debtors in these

chapter 11 cases are related or connected to any United States Bankruptcy Judge for the Southern District of Texas, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

22. To the best of my knowledge, Hilco Real Estate has no agreement with any other entity to share with such entity any compensation received by Hilco Real Estate in connection with the Debtors' bankruptcy cases.

23. As part of its diverse global activities, Hilco Real Estate may be involved in numerous cases, proceedings, and transactions involving many different attorneys, accountants, investment bankers, and financial consultants, or professionals, some of whom may represent claimants and parties in interest in these chapter 11 cases. Further, Hilco Real Estate may have in the past, and may in the future, advise and/or have been represented by or conducted business with several attorneys, law firms, and other professionals, some of whom may be involved in these chapter 11 cases. Finally, Hilco Real Estate may have in the past, and will likely in the future, work with or against other professionals involved in these chapter 11 cases in matters wholly unrelated to these chapter 11 cases. Based upon my current knowledge of the professionals involved in these chapter 11 cases, and to the best of my knowledge, none of these business relationships constitute interests adverse to the interests of the Debtors' estates or of any class of creditors or equity security holders in matters upon which Hilco Real Estate is to be employed, and none are in connection with these chapter 11 cases.

24. The Debtors have numerous creditors and relationships with a large number of individuals and entities that may be parties in interest in these chapter 11 cases. Consequently, except as set forth on **Schedule 2**, although every reasonable effort has been made to discover Hilco Real Estate's connections with the Potential Parties in Interest, Hilco Real Estate is unable to state with certainty whether any of its clients or an affiliated entity of a client holds a claim or otherwise is a party in interest in these chapter 11 cases. If Hilco Real Estate discovers any

9

information that is contrary or pertinent to the statements made herein, Hilco Real Estate will promptly disclose such information to the Court.

25. As of the Petition Date, Hilco Real Estate does not hold a prepetition claim against the Debtors for services rendered.

26. For the reasons set forth in this Declaration, Hilco Real Estate believes that it (a) is a disinterested person as defined in the Bankruptcy Code and (b) does not hold or represent any interest adverse to the Debtors' estates.

27. If any new relevant facts or relationships are discovered or arise during the pendency of these chapter 11 cases, Hilco Real Estate will use reasonable efforts to identify such further developments and will promptly file a supplemental affidavit as required by Bankruptcy Rule 2014.

F. **EFFORTS TO AVOID DUPLICATION OF SERVICES**

28. Hilco Real Estate believes that its services will be complementary rather than duplicative of the services to be performed by other professionals. Hilco Real Estate will carry out unique functions and will use reasonable efforts to coordinate with the Debtors and their professionals retained in these chapter 11 cases to avoid the unnecessary duplication of services.

SIGNATURE PAGE TO FOLLOW

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated: November 5, 2024

By: _____
Jeffrey Azuse,
Executive Vice President,
Hilco Real Estate, LLC