## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| Refreshing USA, LLC, | Case No. 24-33919 (ARP) |
| Debtors[1]. | (Jointly Administered) |

### DEBTORS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1014(a)

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hybrid hearing will be conducted on this matter on December 9, 2024, at 10:00 am in Courtroom 400, 515 Rusk St., Houston, TX 77002. You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at 832-917-1510. Once connected, you will be asked to enter the conference room number. Judge Pérez's conference room**

---

[1] Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-33919; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-33924; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-33934. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Pérez's home page. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting. Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Pérez's home page. Select the case name, complete the required fields, and click "Submit" to complete your appearance.

## PRELIMINARY STATEMENT

Although, by necessity, styled as a motion to transfer venue, this Motion is driven by the need to bring four pending bankruptcy cases with overlapping creditors, related businesses, entangled books and records, and debtor claims against one another into one jurisdiction and before one judge. As further described below, Debtors' bankruptcy cases were commenced in this Court ("Texas Bankruptcy Court") pursuant to involuntary petitions. Just a week later, Ideal Property Investments LLC ("Ideal"), a company related to Debtors[2], commenced a voluntary Chapter 11 bankruptcy case in the Eastern District of Washington (the "Washington Bankruptcy Court"). Had the involuntary petitions against Debtors not been filed, Debtors were prepared to commence voluntary chapter 11 proceedings in the Washington Bankruptcy Court, just as Ideal

---

[2] Debtors are aware that there is a dispute among certain parties as to whether Debtors and Ideal are affiliates pursuant to 11 U.S.C. § 101(2). Debtors do not seek to resolve any such dispute in the Motion and, in fact, any such dispute need not be decided in connection with the Motion because Debtors rely on Bankruptcy Rule 1014(a), and not Bankruptcy Rule 1014(b), as the basis for the relief sought in the Motion. Whether Debtors and Ideal are affiliates is, therefore, irrelevant to a determination of whether venue should be transferred pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014(a). Simply put, the question of whether Debtors and Ideal are affiliates is not before the Court. Debtors, however, reserve the right to address the question of whether Debtors and Ideal are affiliates at the appropriate time.

did. Because the involuntary petitions were filed in the Texas Bankruptcy Court before Debtors could file voluntary petitions in the Washington Bankruptcy Court, we are now faced with four interwoven cases divided between two jurisdictions and two different judges. That is a problem this Court can resolve by granting this Motion.

Transferring venue of Debtors' cases to the Washington Bankruptcy Court will, for example, enable a single judge in a single jurisdiction to decide inter-debtor claims without the need for duplicate filings in two jurisdictions and the risk of inconsistent rulings, enable creditors with claims against multiple debtors to prosecute or settle those claims in a single court without the need for duplicate filings in two jurisdictions and the risk of inconsistent rulings, preserve court resources, and limit the overall expense of administering related cases in different jurisdictions. Such a transfer will benefit the courts and all parties involved in these complex cases.

Generally speaking, Debtors have no doubt about this Court's ability to oversee these cases effectively and efficiently. Nevertheless, Debtors bring this Motion because having the Texas Bankruptcy Cases moved to the Washington Bankruptcy Court is in the interests of justice and efficiency, including judicial economy. In turn, under the circumstances, Debtors propose that the appropriate venue for their cases is the Washington Bankruptcy Court because Debtors were on the verge of filing these cases in the Washington Bankruptcy Court before the involuntary petitions were filed, Ideal's case was voluntarily filed in the Washington Bankruptcy Court, Debtors (like Ideal) are Washington limited liability companies headquartered in Washington, and Ideal has no significant connections to the Southern District of Texas.[3]

---

[3] Debtors' connections to the Southern District of Texas are also relatively minor compared to their Pacific Northwest hub.

Moreover, there were discussions among Debtors, the petitioning creditors, and other interested parties to have the involuntary petitions withdrawn so that Debtors could file voluntary Chapter 11 cases in the Washington Bankruptcy Court in the days leading up to the orders for relief being entered; because those discussions were not finalized before the orders for relief were entered without hearing, the chance to effectuate that process passed. However, Debtors made that commitment to various parties, and feel this Motion is necessary to abide by the spirit of that commitment, including Debtors' commitment to cooperating with Ideal to maximize the value of all estates for the benefit of creditors.

## **RELIEF REQUESTED**

Debtors and Debtors-in-Possession Refreshing USA, LLC ("Refreshing"), Water Station Management LLC ("Water Station"), and Creative Technologies, LLC ("Creative," and together with Refreshing and Water Station, "Debtors"), move this Court ("Motion") pursuant to 28 U.S.C. §§ 1408 and 1412 and Federal Rule of Bankruptcy Procedure 1014(a) for entry of an order, substantially in the form attached hereto, transferring the above-captioned jointly-administered cases from the United States Bankruptcy Court for the Southern District of Texas to the United States Bankruptcy Court for the Eastern District of Washington so that these proceedings may be administered before the Washington Bankruptcy Court where the Ideal Bankruptcy Case is pending.

The Motion is supported by the Declaration of Eric Camm in Support of Debtors' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 1014(a) attached hereto as **Exhibit A**, Declaration of Brian Weiss in Support of Debtors' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 1014(a) attached hereto as **Exhibit B**, and Declaration of Joseph Fanelli in Support of Debtors'

Motion to Transfer Venue Pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 1014(a) attached hereto as **Exhibit C**.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2).

## VENUE

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

Debtors are incorporated and headquartered in Washington and their principal places of business are in Washington. Debtors collectively own water machine and vending machine businesses. Creative previously manufactured and sold water purification machines. Water Station serviced water machines purchased by investors. Refreshing owns and operated vending machines. Refreshing was also the central financial clearinghouse for all machines and all revenue generated by Debtors. The claims against Debtors and related parties likely exceed $200 million.

On May 3, 2024, the Superior Court of King County, Washington ("Washington State Court") appointed Turning Point Strategic Advisors ("Receiver") as a general receiver over Ideal Property Investments LLC ("Ideal").

Effective as of approximately May 14, 2024, the Washington State Court appointed the Receiver as a general receiver over each of the Debtors.

On August 23, 2024, the Washington State Court issued an Order under the Washington Consumer Protection Act and under its equitable powers in receivership to remove Ryan Wear as Manager of Debtors and replace him with Mr. Camm as Manager. The Washington State

Court's order also authorized Mr. Camm to file voluntary bankruptcy petitions on behalf of Debtors.

On August 27, 2024 (just four days after Mr. Camm was granted authority to file voluntary bankruptcy petitions on Debtors' behalf), Chapter 11 involuntary petitions were filed against each of the Debtors ("Texas Bankruptcy Cases"). At the time the Texas Bankruptcy Cases were filed by involuntary bankruptcy petitions, Mr. Camm was preparing to file voluntary bankruptcy petitions on behalf of Debtors in the Eastern District of Washington.

On September 5, 2024, Ideal filed a voluntary bankruptcy petition in the Eastern District of Washington Bankruptcy Court ("Washington Bankruptcy Court"), Case No. 24-01421-FPC11 ("Ideal Bankruptcy Case"). Ideal is incorporated and headquartered in Washington. Ideal's principal place of business is in Everett, WA. Ideal does not have significant ties to the Southern District of Texas. Ideal is a real property holding company controlling over 20 pieces of real property. It appears most of or all the money used to fund Ideal's property purchase transactions came from Debtors—to the tune of at least $31.7 million—without any consideration to Debtors. Debtors are tenants at certain of those commercial real property parcels although, upon information and belief, they did not pay rent at some or all the locations. In turn, Debtors and Ideal likely have claims against one another. Moreover, upon information and belief, certain creditors have common claims against Debtors and Ideal.

On October 2, 2024, the Court entered Orders for Relief pursuant to 11 U.S.C. § 303(h) as to Refreshing and Water Station, and the same was entered as to Creative on October 23, 2024.

At this time, no committee of unsecured creditors has been appointed in the Texas Bankruptcy Cases. An official committee of unsecured creditors has been appointed in the Ideal

Bankruptcy Case represented by K&L Gates. That committee is made up entirely of claimants against these Debtors who have derivative claims on behalf of Debtors and also assert standalone litigation claims against Ideal. Debtors believe – and Ideal's bankruptcy schedules reflect – they are by far the largest unsecured creditor in the Ideal case.

**BASIS FOR RELIEF**

Bankruptcy Rule 1014(a) provides: "[i]f a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is **in the interest of justice or for the convenience of the parties**." (Emphasis added.)

Bankruptcy Rule 1014(a) reflects the standard in 28 U.S.C. § 1412, which states, "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, **in the interest of justice or for the convenience of the parties**." (Emphasis added.)

As set out below, the Court may transfer the Texas Bankruptcy Cases to the Washington Bankruptcy Court because it is in the interest of justice and for the convenience of the parties to do so.[4]

### A. *The Washington Bankruptcy Court is a proper venue.*

As an initial matter, the Washington Bankruptcy Court is a proper venue to hear the Texas Bankruptcy Cases (along with the Ideal Bankruptcy case) upon transfer. The bankruptcy venue statute, 28 U.S.C. § 1408(1), provides that:

> a case under title 11 may be commenced in the district court for the district—
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days

---

[4] Although only one of the tests – and not both – need be met.

immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district[.]

Here, Debtors satisfy section 1408(1) because Debtors are each incorporated in Washington and their principal place of business is in Washington, which is the state in which their activities are directed, controlled, and coordinated. *The Hertz Corp. v. Friend et al.*, 559 U.S. 77, 92-93 (2010).

### B. *Pursuant to Bankruptcy Rule 1014(a), the Texas Bankruptcy Cases should change venue in the interest of justice and for the convenience of the parties.*

As set out above, pursuant to Bankruptcy Rule 1014(a), venue should be transferred to the Washington Bankruptcy Court because it is in the interest of justice and for the convenience of the parties to do so. Notably, Bankruptcy Rule 1014(a) and 28 U.S.C. § 1412 are worded in the disjunctive such that the Texas Bankruptcy Cases may be transferred under *either* the interest of justice rationale *or* the convenience of parties rationale. *In re Directory Distributing Assoc., Inc.*, 566 B.R. 869, 878 (Bankr. S.D. Tex. 2017) (analyzing Section 1412 and stating "there are two, disjunctive sets of factors for the Court to consider. If the movant satisfies either set of factors, then transfer may be granted."); *In re ERG Intermediate Holdings, LLC, et al.*, No. 15-31858-hdh11, 2015 WL 6521607, at *4 (N.D. Tex., Oct. 27, 2015); ("Both section 1412 and Bankruptcy Rule 1014 are disjunctive, allowing a case to be transferred either (1) for the convenience of the parties or (2) in the interest of justice.").

The decision to transfer venue under § 1412 and 1014(a) lies within the discretion of the court and should be made according to "'an individualized case-by-case analysis of convenience and fairness." *In re Positron Corp.*, 541 B.R. 816, 818 (Bankr. N.D. Tex. 2015) (internal quotations omitted). The party requesting the transfer typically has the burden to show it is warranted on the particular facts but, in the case of a contested involuntary proceeding, it is for

the court to decide where the bankruptcy case should proceed. *Id*. To the extent the burden lies with Debtors in this case, they have clearly met their burden. As explained below, both the interests of justice *and* convenience of the interested parties would best be served by transfer to the Washington Bankruptcy Court.

### a. *Transferring the Texas Bankruptcy Cases to the Washington Bankruptcy Court serves the interests of justice.*

The "interest of justice" portion of § 1412 and Bankruptcy Rule 1014(a) is a "broad and flexible standard which must be applied on a case-by-case basis" and "contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness." *In re Cavu/Rock Properties Project I, LLC*, 530 B.R. 349, 354 (W.D. Tex. 2015) (internal citations omitted). Courts within the Fifth Circuit evaluating the interests of justice standard consider the following factors: (a) economics of estate administration; (b) presumption in favor of the "home court"; (c) judicial efficiency; (d) ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders, by those familiar with its laws; (f) enforceability of any judgment rendered; and (g) plaintiff's original choice of forum. *Campbell v. Williams*, No. 1:14-cv-097, 2015 WL 3657627, at *3 (S.D. Tex. June 12, 2015).

For the reasons set out below, a Washington venue best serves the interests of justice here.

### i. The economic and efficient administration factor supports transfer to the Washington Bankruptcy Court.

In considering whether to transfer venue, "the most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate." *City of Clinton, Ark. V. Pilgrim's Pride Corp.*, Nos. 4:09-CV-386-Y, 4:09-CV-387-Y, 2009 WL 4884430, at *2 (N.D. Tex. Dec. 17, 2009).

As set out above, the Texas Bankruptcy Cases and Washington Bankruptcy Case would be more economical and more efficient if they are administered together. For example, some or all of Debtors and Ideal have claims against one another; if the cases proceed in two different districts, it would likely result in the need to litigate or settle issues in more than one jurisdiction, which would duplicate court resources, and which could lead to inconsistent rulings. Indeed, Debtors are the primary tenant under numerous leases for Ideal's real properties and have personal property and operations therein. These leases will likely be the subject of negotiations and will either be rejected, modified, or assumed as all four cases move forward. Duplicating the motions practice involving these real property leases with the risk of inconsistent rulings would be inefficient. Likewise, certain creditors have direct and derivative claims against Debtors and Ideal. Creative's first position secured lender, First Fed Bank, has recorded numerous deeds of trust against Ideal's real properties to secure its loan to Creative. If the Texas Bankruptcy Cases and Washington Bankruptcy Case proceed separately, these creditors and the courts will be faced with questions as to where such creditors should prosecute or settle their claims, whether they will obtain inconsistent rulings, and even whether one court's ruling on a particular issue collaterally forecloses arguments before the other court. The probability of extensive procedural litigation requiring each court to parse the record and arguments before the other to ensure consistent rulings and reasoning is too great to ignore.

By way of a specific concern, if a creditor enters into a settlement agreement with Debtors and Ideal, would both courts need to approve such settlement? And what would happen if one court approves the settlement and the other does not? As another, what would happen if Ideal objects to a creditor's claim as derivative of Debtors? Would Ideal need to file a motion in

Texas to enforce that argument? Could the creditor race to get that determined in Texas as a motion is pending before the Washington Bankruptcy Court on the same issue?

Moreover, Debtors' headquarters and the decision makers in the Texas Bankruptcy Cases are located on the west coast. Debtors are headquartered in Washington; Debtors' counsel is in Oregon; and the proposed chief restructuring officer is in California. The location of Debtors and their professionals likewise make it more economical and efficient to transfer venue to the Washington Bankruptcy Court.[5]

The efficient and economical administration factor weighs heavily in favor of transferring the Texas Bankruptcy Cases to the Washington Bankruptcy Court.

> ii. **The "home court" presumption is outweighed by the interest of justice and the convenience of the parties.**

"Notwithstanding some deference to the 'home court' choice, if consideration of the 'interest of justice' or the 'convenience of parties' warrants it, the court should transfer a case." *In re Adkins Supply, Inc.*, No.: 11-10353-RLJ-7, 2015 WL 1498856, *5 (Bankr. N.D. Tex. March 27, 2015). This is particularly true given that the Texas Bankruptcy Cases were filed on an involuntarily basis in the Southern District of Texas, because Debtors were poised to file voluntary Chapter 11 cases in the Eastern District of Washington when the petitioning creditors filed the Texas Bankruptcy Cases, and because Mr. Camm was negotiating with various parties with the understanding that Debtors' bankruptcy cases would be filed in the Eastern District of Washington. For these reasons and the other reasons set out in the Motion, the "home court" presumption is not grounds to retain Debtors' cases in Texas.

---

[5] Debtors' creditors and assets are spread out such that their locations do not meaningfully impact whether these cases should proceed in Texas or Washington, although their assets are concentrated in the Pacific Northwest and Western United States as compared to the rest of the country.

### iii. The interests of judicial efficiency would be served by the transfer to the Washington Bankruptcy Court.

The third factor—judicial economy and efficiency—include issues that may overlap with other factors, and has been described as follows:
[T]he home court's familiarity with the substantive issues and familiarity with the law to be applied in the proceeding (i.e., "the learning curve"); the caseload of the respective courts and thus whether the time to trial is shorter or substantially longer in one forum as opposed to the other; the respective availability of the courts for resolving discovery disputes and for moving the case toward trial at a reasonable pace given the issues involved.

*In re Think3, Inc.*, 529 B.R. 147, 209 (W.D. Tex. 2015).

For the reasons set forth above, judicial economy and efficiency would be improved if the Texas Bankruptcy Cases were transferred to the Washington Bankruptcy Court. At this time, Debtors are aware of no Texas state law issues that warrant the Texas Bankruptcy Cases remaining in Texas. Moreover, notwithstanding the fact that the Texas Bankruptcy Cases were filed shortly before the Washington Bankruptcy Case, given the involuntary nature of the Texas Bankruptcy Cases, the Washington Bankruptcy Court is likely more "up to speed" than this Court because this Court has not yet had the opportunity to engage meaningfully in the Texas Bankruptcy Cases, although Debtors acknowledge and appreciate the Court's engagement with these cases thus far and recognize the Court has committed considerable effort to understand Debtors' circumstances and grant various relief. (Moreover, there is no reason to believe that the Texas Bankruptcy Court versus the Washington Bankruptcy Court's caseload and availability is such that one venue should be favored over the other; in turn, any such considerations are neutral.) This third factor supports a venue transfer.

### iv. The parties can get a fair trial in each of the possible venues.

There is no reason any creditor or party in interest cannot receive a fair trial in Texas or Washington. Thus, this factor is neutral and other factors should determine the appropriate venue.

### v. Washington has a greater interest in having the controversy decided within its borders.

When analyzing the "greater interest" factor, bankruptcy courts have recognized the critical importance of the "state interest in deciding local controversies within its borders by those familiar with its laws." *In re Enron Corp.*, 317 B.R. 629, 645 (Bankr. S.D.N.Y. 2004). This factor includes consideration of the law to be applied, as well as the state's interest in deciding the matter. *In re Centennial Coal, Inc.,* 282 B.R. 140, 148 (Bankr. D. Del. 2002). Here, this factor weighs in favor of transfer, as Washington has a greater interest in adjudicating the Debtors' bankruptcy cases than Texas.

As the U.S. Supreme Court has recognized, "[t]here is a local interest in having localized controversies decided at home." *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 509 (1946) (superseded by statute on other grounds). Here, the Texas Bankruptcy Cases are more connected to Washington than Texas because Debtors are incorporated and headquartered in Washington.

Courts have also recognized a state's interest in ensuring that businesses and individuals within its borders are complying with the law. In *In re Directory Distrib. Associates, Inc.*, 566 B.R. 869, 881–82 (Bankr. S.D. Tex. 2017), the bankruptcy court transferred an adversary proceeding to Missouri after concluding that the state had a substantial interest in resolving the dispute. In that case, there were allegations that the debtor's St. Louis-based business and its employees had violated federal law. *Id.* The bankruptcy court noted that Missouri had a strong interest in resolving claims that companies and individuals within its borders were engaged in illegal activity. *Id.* Similarly, here, there are allegations that Mr. Wear engaged in misconduct in Washington such that Washington has a strong interest in resolving those claims.

Mr. Wear, a Washington resident, made the conscious decision to operate Washington-based businesses. Further, a Washington State Court had appointed a Receiver over Debtors,

and that Washington-based Receiver is in the process of turning over and providing its accounting to Debtors. This pre-petition state court receivership further demonstrates Washington's interest in these cases. The Court should not ignore the strong interest that Washington has in the resolution of the Texas Bankruptcy Cases. Accordingly, this factor weighs in favor of transfer.

### vi. Judgments will not be affected by transferring venue.

In deciding transfer motions, bankruptcy courts also consider whether the enforcement of any judgment would be affected by the transfer. *In re Enron Corp.*, 317 B.R. at 645. This factor is largely irrelevant because out-of-state judgments are enforceable under the Full Faith and Credit Clause. *Id*; *Titus v. Smith*, No. 3:12-CV-21, 2012 WL 2255498, at *6 (N.D.W. Va. June 15, 2012) (granting § 1412 motion, noting that any judgment rendered would not be affected by transferring venue). Thus, the enforceability of any judgments is no barrier to transferring the Texas Bankruptcy Cases to the Washington Bankruptcy Court.

### vii. The great weight of the evidence supports disturbing the petitioning creditors' choice of venue.

While the petitioning creditors' choice of venue may be afforded some deference, this preference is readily overcome when the interests of justice so require and when the bankruptcy cases were commenced involuntarily. *In re Cox Operating, LLC,* 652 B.R. 49, 56 (Bankr. E.D. La 2023) (observing that where an involuntary bankruptcy case is filed, it is less clear how much deference the petitioning creditors' choice of venue should be given). Here, for all of the reasons set forth above, the weight of authority supports disturbing the petitioning creditors choice of venue.

/ / /

/ / /

### C. Transferring the Texas Bankruptcy Cases to the Washington Bankruptcy Court is more convenient for the parties.

In addition to being in the interest of the justice, the transfer of the Texas Bankruptcy Cases to the Washington Bankruptcy Court would also be more convenient for the parties. Courts in the Fifth Circuit evaluating whether to transfer a case for the convenience of the parties consider six factors:

(1) The proximity of creditors of every kind to the court;
(2) The proximity of the bankrupt (debtor) to the court;
(3) The proximity of the witnesses necessary to the administration of the estate;
(4) The location of the assets;
(5) The economic administration of the estate;
(6) The necessity for ancillary administration if bankruptcy should result.

*Matter of Commonwealth Oil Refining Co, Inc.*, 596 F.2d 1239, 1247 (5th Cir. 1979). The most important factor of the six factors is whether transfer would promote the economic and efficient administration of the estate, *id.*, which overlaps with a key "interest of justice" factor and was discussed above. Accordingly, Debtors incorporate all the arguments made above as if fully set forth herein. There can be no question it will be more economical and efficient to have these cases heard by one judge.

As set forth above, Debtors' creditors and assets are spread out such that their proximity does not, on its face, strongly weigh in favor of Texas or Washington. Many of Ideal's creditors, however, are also creditors of Debtors such that it would be more convenient for those creditors to appear in one jurisdiction (Washington) instead of two. Additionally, Debtors are incorporated and headquartered in Washington and their professionals are located on the west coast such that their proximity is closer to Washington.

Overall, the convenience of the parties is best served by having the Washington Bankruptcy Court preside over the Texas Bankruptcy Cases and the Ideal bankruptcy case. As set out above, the Texas Bankruptcy Cases and the Washington Bankruptcy Case concern related

debtors with overlapping issues, creditors, and claims, which will more conveniently, economically, and efficiently be resolved in one court. For these reasons and those set out above, the weight of authority supports granting the Motion.

## NO PRIOR REQUEST

No prior request for the relief sought herein has been made to this Court or any other court.

## NOTICE

Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee; (b) Debtors; (c) the attorneys for Debtors; (d) secured creditor First Fed Bank; (e) counsel for the petitioning creditors; (f) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rule 2002; and (g) the holders of the 30 largest unsecured claims against Debtors. In light of the nature of the relief requested, Debtors submit that no further notice is necessary.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, in the interests of justice and for the convenience of the parties, Debtors respectfully request that this Court enter an order, substantially in the form attached hereto, transferring the Texas Bankruptcy Cases to the United States Bankruptcy Court for the Eastern District of Washington, and granting such other and further relief as is just and proper.

Dated this 6th day of November, 2024.

Respectfully submitted,

TONKON TORP LLP

By  /s/ Ava Schoen
    Danny Newman, Texas Bar No. 24092896
    Email: danny.newman@tonkon.com

Direct: 503.802.2089
Ava Schoen, admitted *Pro Hac Vice*
  Email: ava.schoen@tonkon.com
  Direct: 503.802.2143
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
Telephone: (503) 221-1440
Attorneys for Debtors