# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| Refreshing USA, LLC, | Case No. 24-33919 (ARP) |
| | (Jointly Administered) |
| Debtors[1]. | |

**DECLARATION OF BRIAN WEISS IN SUPPORT OF DEBTORS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1412 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1014(A)**

I, Brian Weiss, being duly sworn, state the following under penalty of perjury:

1. I submit this declaration (the "Declaration") in support of *Debtors' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1412 and Federal Rule of Bankruptcy Procedure 1014(a)* (the "Motion").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. I am a partner of Force Ten Partners, LLC ("Force 10"). I am located in California. I have approximately 24 years of experience providing financial advisory, restructuring and turnaround services and have advised companies across a diverse range of industries. I assist clients both inside and outside of chapter 11 in addressing a variety of

---

[1] Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-33919; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-33924; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-33934. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

[2] Capitalized terms that are not defined in this declaration have the meaning ascribed to them in the Motion.

financial, operational, liquidity, and leverage issues. Recently, I have served as the CRO in Carbonlite Industries, Breckenridge Food Systems, Star Ribs, LLC, CIR Restaurant Holdings Group, Inc., Desert Restaurant Ventures, Mancha Development Corp., and Thomas Management, Inc. and as financial advisor in Rubio's Restaurants, Alpha Guardian, and Sugarfina, Inc. I have further served as the CRO and financial advisor in a variety of out-of-court restructurings. In 2022, I received an award and was named a "Top 25" restructuring consultant with a distinction in dealmaking by Global M&A Network.

3. On October 14, 2024 ("Retention Date"), Force 10 was engaged by Debtors to provide me as Debtors' CRO and with Restructuring Advisor Personnel, as necessary, to provide certain advisory services in connection with Debtors' ongoing evaluation, development, and implementation of strategic alternatives to address their assets, financial performance, and to analyze the prospects of a reorganization.

4. Since the Retention Date and even before, I and Force 10 have devoted and continue to devote substantial time and effort to prosecuting these cases, managing Debtors' business operations, preparing chapter 11 bankruptcy compliance documents, corresponding with various stakeholders, developing strategies for the chapter 11 cases to attempt to maximize value to the estates and for creditors, and managing Debtors' restructuring professionals.

5. Debtors and Ideal Property Investments LLC ("Ideal") have overlapping creditors, related businesses, entangled books and records, and likely have claims against one another. Debtors' creditors and assets are not centralized in one place although their assets are concentrated in the Pacific Northwest and Western United States as compared to the rest of the country.

6. Debtors are the primary tenant under numerous leases for Ideal's real properties and have personal property and operations therein. These leases will likely be the subject of negotiations and will either be rejected, modified, or assumed as all four cases move forward.

7. I believe transferring venue of Debtors' cases to the Washington Bankruptcy Court (where Ideal's voluntary chapter 11 bankruptcy case is pending) would render the cases more economical, efficient, and convenient. For example, it would enable a single judge in a single jurisdiction to decide inter-debtor claims without the need for duplicate filings in two jurisdictions and the risk of inconsistent rulings, enable creditors with claims against multiple debtors to prosecute or settle those claims in a single court without the need for duplicate filings in two jurisdictions and the risk of inconsistent rulings, preserve court resources, and limit the overall expense of administering related cases in different jurisdictions. Likewise, certain creditors have direct and derivative claims against Debtors and Ideal. If the Texas Bankruptcy Cases and Washington Bankruptcy Case proceed separately, these creditors and the courts will be faced with questions as to where such creditors should prosecute or settle their claims and whether they will obtain inconsistent rulings.

**I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THEY ARE MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

Dated: November 6, 2024.

*/s/ Brian Weiss*
Brian Weiss

044904\00001\17720683v2