UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| Refreshing USA, LLC, | Case No. 24-33919 |
| Debtors[1]. | (Jointly Administered) |

# DEBTORS' MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 9, 2024 AT 10:00 AM (PREVAILING CENTRAL TIME) IN COURTROOM 400, 515 RUSK, HOUSTON, TX 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE PÉREZ'S CONFERENCE CODE IS 282694. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON**

---

[1] Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-33919; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-33924; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-33934. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

1

JUDGE PÉREZ'S HOME PAGE. THE MEETING CODE IS "JUDGEPEREZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING. HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE PÉREZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Debtors and Debtors-in-Possession Refreshing USA, LLC ("Refreshing"), Water Station Management LLC ("Water Station"), and Creative Technologies, LLC ("Creative," together with Refreshing and Water Station, "Debtors"), respectfully request entry of an order, substantially in the form attached hereto, approving the procedures set forth in the Order (the "Compensation Procedures"), attached hereto which Compensation Procedures provide for an orderly and regular process of interim allowance and payment of compensation and reimbursement of expenses for attorneys and other professionals, whose retentions are approved by the United States Bankruptcy Court for the Southern District of Texas (this "Court") pursuant to sections 327 or 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to sections 330 and 331 of the Bankruptcy Code. In support of this Motion, Debtors further respectfully state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105(a), 330, and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rules 1075-1, 2016-1, and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Rules").

## BACKGROUND

3. Debtors are incorporated and headquartered in Washington. Debtors collectively operated water machine and vending machine businesses. Creative previously manufactured and sold water purification machines. Water Station serviced water machines purchased by investors. Refreshing owns and operated vending machines. Refreshing is also the central financial clearinghouse for all machines and all revenue generated by the Debtors. Ryan Wear or Tyler Sadek is believed to be the majority owner of each of the Debtors. The claims against Debtors and related parties likely exceed $200 million.

4. In May 2024, the Superior Court of King County, Washington, ("Washington Court") appointed Turning Point Strategic Advisors ("Receiver") as a general receiver over each of the Debtors. On August 23, 2024, the Washington Court issued an Order under the Washington Consumer Protection Act and under its equitable powers in receivership to remove Ryan Wear as Manager of the Debtors and replace him with Eric Camm as Manager.

5. On August 27, 2024, Chapter 11 Involuntary Petitions were filed against each of Debtors under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

6. On October 2, 2024, the Court entered Orders for Relief pursuant to 11 U.S.C. § 303(h) as to Refreshing and Water Station. Eric Camm, the Principal and Director of Capital Advisory of Turning Point Strategic Advisors, was declared to be the sole Manager of Refreshing and Water Station. Mr. Camm is the custodian of Creative.

7. On October 18, 2024, Debtors filed their Renewed and Updated Applications for Order to Employ Tonkon Torp LLP as Attorneys for Debtors (the "Tonkon Application"). The Tonkon Application is set for hearing on November 13, 2024, at 11:00 a.m. (Prevailing Central Time).

8. On October 23, 2024, the Court entered an Order for Relief pursuant to 11 U.S.C. § 303(h) as to Creative.

9. On October 23 and 24, 2024, Debtors filed their Motions for an Order to (1) Employ and Retain Force Ten Partners, LLC, and (2) Designate Brian Weiss as Chief Restructuring Officer (the "Force Ten Application"). The Force Ten Application is set for hearing on November 20, 2024, at 11:00 a.m. (Prevailing Central Time).

10. On October 27, 2024, the Court entered Orders Directing Joint Administration of the Chapter 11 Cases and (2) Granting Related Relief as to Refreshing and Water Station. On October 28, 2024, the Court entered an Order Directing Joint Administration of the Chapter 11 Cases and (2) Granting Related Relief as to Creative.

11. On October 27, 2024, the Court entered Orders Granting Complex Case Treatment as to Refreshing and Water Station. On October 28, 2024, the Court entered an Order Granting Complex Case Treatment as to Creative.

12. On October 28, 2024, the Chapter 11 Cases were reassigned to Judge Alfredo R. Pérez under the complex case procedures.

13. No official committee of unsecured creditors has been appointed in Debtors' cases at this time.

/ / /

/ / /

## RETENTION OF PROFESSIONALS

14. Given the size and complex nature of the Debtors' operations, the Debtors require the assistance of a number of professionals to effectively manage matters both related and unrelated to these Chapter 11 Cases. The Debtors have filed the Tonkon Application and Force Ten Application, and will file applications to retain other professional advisors (collectively, the "Debtors' Professionals"). The Debtors anticipate they may also seek to retain other professionals pursuant to section 327 of the Bankruptcy Code during the course of these Chapter 11 Cases as the need arises.

15. In addition, any official committees appointed in these Chapter 11 Cases may retain counsel and a financial advisor or other professionals to represent them in connection with these Chapter 11 Cases (together with the Debtors' Professionals, the "Professionals").

## PROPOSED COMPENSATION PROCEDURES

16. The Debtors believe that establishing orderly procedures for the payment of the Professionals will streamline the administration of these Chapter 11 Cases and promote efficiency for this Court, the U.S. Trustee, and all parties in interest. Pursuant to the Compensation Procedures, each Professional seeking compensation may file a fee statement with this Court for services rendered and reimbursement of expenses incurred during the applicable month (each, a "Monthly Fee Statement"). Upon the expiration of a 14-day objection deadline, the Debtors will be authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment"). Beginning with the period ending on December 31, 2024, and at three-month intervals after that (each, an "Interim Fee Period"), each of the Professionals may file with this Court, and serve on the Application Recipients (as defined in the Order), an interim fee

application (each, an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such Interim Fee Period.

17. The Debtors also request that each member of any official committee formed by the U.S. Trustee be permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective official committee's counsel, which counsel will collect and file their committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

18. The Debtors further request that (a) this Court limit service of Interim Fee Applications to the Application Recipients (as defined in the Order) and (b) all other parties that have filed a notice of appearance with this Court and requested notice of pleadings in these Chapter 11 Cases shall be entitled to receive only notice of hearings on the Interim Fee Applications (the "Hearing Notice"), if any hearing is scheduled on an Interim Fee Application. Serving the Interim Fee Applications and the Hearing Notices in this manner will (i) permit the parties most active in these Chapter 11 Cases to review and object to the Professionals' fees and (ii) save unnecessary duplications and mailing expenses.

## BASIS FOR RELIEF

19. Pursuant to section 331 of the Bankruptcy Code, all Professionals are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days or more often if this Court permits. Bankruptcy Rule 2016(a) provides that a professional seeking interim compensation and reimbursement of expenses must file an application setting forth, among other things, "a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested." FED. R. BANKR. P. 2016(a).

20.     Section 105(a) of the Bankruptcy Code authorizes this Court to issue any order "necessary or appropriate to carry out the provisions of [the Bankruptcy Code]," thereby codifying this Court's inherent equitable powers. 11 U.S.C. § 105(a).

21.     Factors to consider in deciding whether to establish interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization of the debtors ...." *See, e.g.*, *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation). Establishing procedures for monthly compensation ensures that professionals are not forced to fund a reorganization case. *Id.*

22.     The significant size of these cases and the amount of time and effort that will be required from the Professionals to successfully reorganize the Debtors' businesses justifies the Compensation Procedures requested in this Motion. Such Compensation Procedures are necessary to ensure that the Professionals are fairly and timely compensated for their services in these Chapter 11 Cases and are not forced to bear undue financial burden or risk caused by delays in payment.

23.     The proposed Compensation Procedures will enable the Debtors to closely monitor costs of administration, maintain level cash flow availability, and implement efficient cash management procedures. These Compensation Procedures will also allow this Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

24. Establishing the proposed Compensation Procedures will significantly aid the efficient administration of these Chapter 11 Cases. Accordingly, the relief requested is in the best interests of the Debtors' estates, creditors, and parties in interest.

25. Courts, including Bankruptcy Courts for the Southern District of Texas, have regularly entered orders approving professional compensation procedures that provide for interim compensation and expense reimbursement on a monthly basis. *See e.g., In re Steward Health Care System LLC, et al.*, Case No. 24-90213, Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals [Docket No. 783] (June 12, 2024); *In re Curitec*, Case No. 23-90108, Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals [Docket No. 130] (May 17, 2023).

## NOTICE

26. The Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee; (b) the Debtors; (c) the attorneys for Debtors; (d) secured creditor First Fed Bank; (e) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rule 2002; and (f) the holders of the 30 largest unsecured claims against the Debtors. In light of the nature of the relief requested, and the exigent circumstances of these cases, Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

27. No prior request for the relief sought in this Motion has been made to this or any other Court in connection with this case.

/ / /

8

24-01863-FPC11    Doc 173    Filed 11/07/24    Entered 11/07/24 16:27:40    Pg 8 of 9

## CONCLUSION

28. The Debtor respectfully requests that the Court: (i) enter an order, substantially in the form attached hereto, granting the relief requested in this Motion; and (ii) grant such other and further relief to the Debtors as the Court may deem just and proper.

Dated: November 7, 2024.

Respectfully submitted,

TONKON TORP LLP

By /s/ Danny Newman
    Danny Newman, Texas Bar No. 24092896
      Email: danny.newman@tonkon.com
      Direct: 503.802.2089
    Ava Schoen, admitted Pro Hac Vice
      Email: ava.schoen@tonkon.com
      Direct: 503.802.2143
    Attorney for Debtors
    888 SW Fifth Ave., Suite 1600
    Portland, OR 97204
    Telephone: (503) 221-1440
    Attorneys for Debtors

044904\00001\17684318v1