# PROPOSED ORDER

24-01863-FPC11    Doc 173-1    Filed 11/07/24    Entered 11/07/24 16:27:40    Pg 1 of 7

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| In re<br><br>Refreshing USA, LLC,<br><br>               Debtors[1]. | Chapter 11<br><br>Case No. 24-33919<br>(Jointly Administered) |

**ORDER ESTABLISHING
PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS**
**[Relates to Docket No. ____]**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals, all as more fully set forth in the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U. S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best

---

[1] Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-33919; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-33924; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-33934. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

1

interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtor' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court, if any; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing, if any, establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. All Professionals in these cases may seek compensation and/or reimbursement of expenses in accordance with the following procedures (the "Compensation Procedures"):

    a. On or after the 21st day of each month following the month for which compensation is sought, other than with respect to compensation sought for the month of October 2024, which shall be combined with any requests for compensation for the month of November 2024 for the reasons set forth in paragraph l(d) of this Order, each Professional seeking compensation may file a fee statement with the Court (each, a '"Monthly Fee Statement") to effect notice on the following parties: (i) the Debtors, Refreshing USA, LLC, et al, 2732 Grand Ave., Ste. 122, Attn.: Eric Camm (ericc@turning-point.com); (ii) proposed counsel to the Debtors, Tonkon Torp LLP, 888 SW Fifth Ave., Ste. 1600, Portland, OR 97204, Attn.: Danny Newman (danny.newman@tonkon.com) (iii) counsel to any Official Committee of Unsecured Creditors appointed in this case, if and when appointed; (iv) counsel to any other statutory committee appointed in these cases; (v) the U.S. Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn.: Ha Nguyen (ha.nguyen@usdoj.gov); (vi) counsel to the secured creditor First Fed Bank, First Fed Bank, Lane Powell PC, 1420 Fifth Ave, #4200, Seattle, WA 98101, Attn: Gregory R. Fox (foxg@lanepowell.com) (collectively, the "Application Recipients").

    b. Each Application Recipient or any other party in interest will have until 4:00 p.m. (prevailing Central Time) on the day that is 14 days after the filing of a Monthly Fee Statement (the "Objection Deadline") to object to the requested fees and expenses in accordance with subparagraph (c) below. Upon the expiration of the Objection Deadline, the Debtors are authorized to pay the Professional an amount equal to 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment") that are not subject

2

to an objection pursuant to subparagraph (c) below (the "Actual Monthly Payment") without further order of the Court.

c. If any Application Recipient or any other party in interest objects to a Professional's Monthly Fee Statement, the objecting party shall, on or before the Objection Deadline, serve via email a written notice setting forth the precise nature and basis of the objection and the amount at issue (the "Notice of Objection to Monthly Fee Statement") upon the respective Professional and each of the Application Recipients. Thereafter, the objecting party and the Professional shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall be authorized to promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses upon expiration of the Objection Deadline. If, however, the parties are unable to reach a resolution of the objection within 14 days (or such longer period as mutually agreed to by the Professional and the objecting party) after service of the Notice of Objection to Monthly Fee Statement, the objecting party shall file its objection (the "Objection") with the Court within three business days and serve such Objection on the respective Professional and each of the Application Recipients. Thereafter, such Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount"), or (ii) forego payment of the Incremental Amount until the next hearing on an Interim Fee Application (as defined herein) or an application for final approval of fees and expenses (a "Final Fee Application"), at which time the parties may request that the Court consider the Objection.

d. Each Professional may submit its first Monthly Fee Statement no earlier than November 21, 2024. The first Monthly Fee Statement will cover the period from the Petition Date through October 31, 2024. Thereafter, the Professionals may submit Monthly Fee Statements in the manner described above.

e. Beginning with the period ending on December 31, 2024, and at three-month intervals thereafter (each, an "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Application Recipients an interim fee application (each, an "Interim Fee Application") for payment of compensation and reimbursement of expenses sought in the Monthly Fee Statements served during such Interim Fee Period. An Interim Fee Application may also include a request for payment of compensation and reimbursement of expenses incurred during the applicable Interim Fee Period not previously sought through a Monthly Fee Statement. Each Interim Fee Application shall consist of (i) the Complex Case Fee Application Coversheet, 3 on the form of which is located on the Court's website, (ii) a copy of the invoices for the interim application period (if hourly) or a calculation of the fee due for the interim application period (if non-hourly), (iii) an itemized list of expenses for which reimbursement is requested (if not contained in the copies of the invoices), and (iv) a proposed order in the form located on the Court's website. Parties will have 21 days after service of an

        Interim Fee Application to object thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including December 31, 2024.

    f.      The Court may approve an uncontested Interim Fee Application without the need for a hearing if no objections are timely filed thereto. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

    g.      The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

    h.      Neither (i) the payment of, or the failure to pay, in whole or in part, monthly or interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of, or failure to file, an objection shall bind any party in interest or the Court with respect to the interim or final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by the Court.

    i.      Professionals shall file Final Fee Applications by such deadline as may be established in a confirmed chapter 11 plan or in an order of the Court. All Final Fee Applications shall comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Bankruptcy Local Rules, and applicable orders of the Court. For the avoidance of doubt, neither (i) the failure to file any Monthly Fee Statement and/or Interim Fee Application nor (ii) a pending Objection to any amounts sought under any Monthly Fee Statement and/or an Interim Fee Application will hinder, prevent, or delay a Professional from filing a Final Fee Application or seeking amounts for any compensation or reimbursement that is subject to a pending Objection.

2.      In each Interim Fee Application and Final Fee Application, all Professionals who have been, or are hereafter, retained pursuant to sections 327 or 1103 of the Bankruptcy Code, unless otherwise exempted from such procedures in their retention application, (such Professionals, the "Required Professionals") shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Bankruptcy Local Rules, and any other

4

applicable procedures and orders of the Court, both in connection with any Interim Fee Application and any Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

3. Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to counsel for the respective committee, which counsel will collect and file the committee members' requests for reimbursement with the Court in accordance with the Compensation Procedures.

4. The Professionals shall only be required to serve (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Application Recipients and (b) the notice of hearings on the Interim Fee Applications and Final Fee Applications on all other Parties that have filed a notice of appearance with the Court and requested notice of pleadings in these chapter 11 cases.

5. A Professional shall not seek payment in a Final Fee Application for any amounts that such Professional previously sought in a Monthly Fee Statement or Interim Fee Application if (a) such Professional voluntarily waived or reduced such amounts to resolve formal or informal objections or (b) such amounts were disallowed by order of the Court.

6. All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

DATE: _____

_____
UNITED STATES BANKRUPTCY JUDGE

044904\00001\17735576v1