IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| Refreshing USA, LLC, | Case No. 24-33919 |
| | (Jointly Administered) |
| Debtors[1]. | |

# DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (1) OMNIBUS CLAIMS OBJECTIONS PROCEDURES AND (2) SETTLEMENT PROCEDURES

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON DECEMBER 9, 2024 AT 10:00 AM (PREVAILING CENTRAL TIME) IN COURTROOM 400, 515 RUSK, HOUSTON, TX 77002. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 832-917-1510. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE PÉREZ'S CONFERENCE CODE IS 282694. VIDEO COMMUNICATION WILL BE BY USE OF THE GOTOMEETING PLATFORM. CONNECT VIA THE FREE GOTOMEETING APPLICATION OR CLICK THE LINK ON**

---

[1] Debtors and debtors-in-possession in these Chapter 11 Cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-33919; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-33924; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-33934. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

1

JUDGE PÉREZ'S HOME PAGE. THE MEETING CODE IS "JUDGEPEREZ". CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING. HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF BOTH ELECTRONIC AND IN-PERSON HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE PÉREZ'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS, AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Debtors and Debtors-in-Possession Refreshing USA, LLC ("Refreshing"), Water Station Management LLC ("Water Station"), and Creative Technologies, LLC ("Creative," together with Refreshing and Water Station, "Debtors"), respectfully request entry of an order, substantially in the form attached hereto, pursuant to 11 U.S.C. §§ 105 and 502 and Bankruptcy Rules 3007 and 9019, approving procedures by which Debtors may file omnibus objections to certain Proofs of Claim (the "Objection Procedures") and procedures by which Debtors may settle certain claims held against the estates (the "Settlement Procedures"). In support of this motion, Debtors state as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 USC §§ 1334 and 157. This matter is a core proceeding pursuant to 28 USC §§ 157(b)(2)(A) and (O). Venue of this proceeding is proper in this District pursuant to 28 USC §§ 1408 and 1409. The relief requested herein is based on 11 USC §§ 105 and 502 and Rule 3007 and 9019 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

2. Debtors are incorporated and headquartered in Washington. Debtors collectively operated water machine and vending machine businesses. Creative previously manufactured and sold water purification machines. Water Station serviced water machines purchased by investors. Refreshing owns and operated vending machines. Refreshing is also the central

financial clearinghouse for all machines and all revenue generated by the Debtors. Ryan Wear or Tyler Sadek is believed to be the majority owner of each of the Debtors. The claims against Debtors and related parties likely exceed $200 million.

3. In May 2024, the Superior Court of King County, Washington, ("Washington Court") appointed Turning Point Strategic Advisors ("Receiver") as a general receiver over each of the Debtors. On August 23, 2024, the Washington Court issued an Order under the Washington Consumer Protection Act and under its equitable powers in receivership to remove Ryan Wear as Manager of the Debtors and replace him with Eric Camm as Manager.

4. On August 27, 2024, Chapter 11 Involuntary Petitions were filed against each of Debtors under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases").

5. On October 2, 2024, the Court entered Orders for Relief pursuant to 11 U.S.C. § 303(h) as to Refreshing and Water Station. Eric Camm, the Principal and Director of Capital Advisory of Turning Point Strategic Advisors, was declared to be the sole Manager of Refreshing and Water Station. Mr. Camm is the custodian of Creative.

6. On October 23, 2024, the Court entered an Order for Relief pursuant to 11 U.S.C. § 303(h) as to Creative.

7. On October 27, 2024, the Court entered Orders Directing Joint Administration of the Chapter 11 Cases and (2) Granting Related Relief as to Refreshing and Water Station. On October 28, 2024, the Court entered an Order Directing Joint Administration of the Chapter 11 Cases and (2) Granting Related Relief as to Creative.

8. On October 27, 2024, the Court entered Orders Granting Complex Case Treatment as to Refreshing and Water Station. On October 28, 2024, the Court entered an Order Granting Complex Case Treatment as to Creative.

9. On October 28, 2024, the Chapter 11 Cases were reassigned to Judge Alfredo R. Peréz under the complex case procedures.

10. On November 1, 2024, Debtors filed motion for approval of procedures for sale or abandonment of de minimis assets. That motion is set for hearing on November 26, 2024, at 2:00 p.m. central time.

11. No official committee of unsecured creditors has been appointed in Debtors' cases at this time.

## RELIEF REQUESTED

12. Debtors seek entry of an order, substantially in the form attached to this Motion as **Exhibit 1** (the "Order"), approving the proposed Objection Procedures by which Debtors may file omnibus objections to certain Proofs of Claim, and the proposed Settlement Procedures by which Debtors may settle certain claims held against Debtors' estates.

13. Debtors believe that granting the relief requested in this Motion will provide the necessary framework for an efficient claims administration in these cases. Improving the efficiency of the claims administration process will help conserve the resources of Debtors' estates, as well as those of the Court and other parties in interest.

## CLAIMS OBJECTION PROCEDURES

14. As part of the claims administration process, Debtors, together with their advisors, are reviewing all of the Proofs of Claim filed in these cases for possible objections. *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."); *see also id.* at § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent, or unliquidated."). To

4

24-01863-FPC11    Doc 183    Filed 11/11/24    Entered 11/11/24 19:19:38    Pg 4 of 19

expedite and ultimately complete the claims reconciliation process in a timely, efficient, and cost-effective manner, Debtors seek to implement the Objection Procedures.

15. Bankruptcy Rule 3007(c) prohibits the filing of a single objection to multiple claims "[u]nless otherwise ordered by the court or permitted by subdivision (d)." Fed. R. Bankr. P. 3007(c). Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection to claims when the basis for the objection is that the subject claims:

> a. duplicate other claims;
>
> b. have been filed in the wrong case;
>
> c. have been amended by subsequently filed proofs of claim;
>
> d. were not timely filed;
>
> e. have been satisfied or released during the case in accordance with the Bankruptcy Code, applicable rules, or a court order;
>
> f. were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;
>
> g. are interests, rather than claims; or
>
> h. assert priority in an amount that exceeds the maximum amount under Section 507 of the Bankruptcy Code. *Id.* at 3007(d).

Bankruptcy Rule 3007(e) provides that a debtor may file an omnibus objection on these grounds for up to 100 claims at a time. *Id*. at 3007(e).

16. Although Debtors may file omnibus objections to Proofs of Claim on the grounds set forth in Bankruptcy Rule 3007(d), they also anticipate objecting to Proofs of Claim on additional grounds that are not set forth in Bankruptcy Rule 3007(d), most notably books and

5

records objections. Preparing and filing individual forms pursuant to the Local Rules for each objection not specifically set forth in Bankruptcy Rule 3007(d) would be a time consuming and costly process in cases with this many claims. As such, Debtors believe that objecting to multiple Proofs of Claim in an omnibus fashion on certain grounds other than those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the administrative and financial burden on Debtors' estates during the claims reconciliation process.

17. Accordingly, Debtors request, notwithstanding anything to the contrary in Bankruptcy Rule 3007(d), that they be permitted to file omnibus objections seeking reduction, reclassification, and/or disallowance of Proofs of Claim (collectively, the "Omnibus Claims Objections"), based on any of the following additional grounds (collectively, the "Additional Permitted Grounds"):

(a) the amount claimed contradicts Debtors' books and records;

(b) the Proofs of Claim are filed against non-Debtors or are filed against multiple Debtors;

(c) the Proofs of Claim are disallowed or subordinated to all claims and interests senior to or equal to the asserted claim or interest arising out of the purchase or sale of a security of the Debtor or affiliate pursuant to Section 510(b) of the Bankruptcy Code or order of this Court;

18. Authorizing Debtors to file Omnibus Claims Objections on the Additional Permitted Grounds will allow them to complete the claims administration process in a timely and efficient manner. If Debtors are not permitted to file Omnibus Claims Objections on the Additional Permitted Grounds, Debtors will have to file numerous individual objections, which would be costly and time consuming for Debtors as well as burdensome on the Court.

19. Granting the relief sought will not prejudice the estates' creditors. To protect the due process rights of creditors, Debtors will comply with the procedural safeguards for omnibus

claims objections set forth in Bankruptcy Rule 3007(e), including that each Omnibus Objection shall be set for an initial, preliminary, non-evidentiary hearing no less than 30 days after service of the Omnibus Objection. Debtors, after consultation with any statutory committee, and after notice to all the affected claimants, may adjourn the hearing on any Omnibus Objection (or any proof(s) of claim subject to any Omnibus Objection) to a subsequent hearing date. Moreover, the Omnibus Objection shall:

(a) state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

(b) list claimants alphabetically, provide a cross-reference to Proof of Claim numbers, and, if appropriate, list claimants by category of claims;

(c) state the grounds of the objection to each Proof of Claim and provide a cross reference to the pages in the omnibus objection pertinent to the stated grounds;

(d) state in the title the identity of the objector and the grounds for the objections;

(e) be numbered consecutively with other omnibus objections filed by the same objector; and

(f) contain objections to no more than one hundred (100) Proofs of Claim.

Accordingly, Debtors believe that allowing them to file Omnibus Claims Objections on the Additional Permitted Grounds will confer a significant benefit to the estates' creditors while preserving the due process rights of individual claimants.

**SETTLEMENT PROCEDURES**

20. By this Motion, Debtors also seek to establish an efficient and cost-effective process for resolving certain Claims and causes of action held against Debtors' estates that will streamline the settlement approval process in these Chapter 11 Cases, minimize the costs incurred by Debtors' estates in connection with obtaining Court approval of beneficial settlement

agreements, and reduce the Court's administrative burden, while preserving rights of Debtors' creditor constituencies to participate in the settlement approval process as appropriate. In the ordinary course of Debtors' business, certain threatened or actual claims and causes of action asserted against Debtors' Chapter 11 estates (the "Settlement Claims") have arisen, and will continue to arise, between Debtors and various parties (any such party, a "Settlement Party").

21. Prior to the Petition Date, in the ordinary course of business, Debtors' management team, with the assistance of outside counsel, as appropriate, evaluated and attempted to resolve claims or potential causes of action asserted by or against Debtors. Depending upon the specific facts and the risks involved in engaging in litigation with respect to such claims, Debtors, in the exercise of their business judgment, would make appropriate offers to settle such claims. Debtors propose to settle the Settlement Claims in a manner substantially consistent with their prepetition practices for settling such claims—of course replacing prior management with the CRO and independent manager—and without the need for obtaining further Court approval of settlements on a case-by-case basis. In negotiating and achieving such settlements, Debtors will be guided by several factors, including the likelihood of Debtors succeeding in their defense against or prosecution of the Settlement Claims, and the estimated costs they would incur in litigating or otherwise resolving such Settlement Claims. Granting the authority requested here would enable Debtors to efficiently and economically settle numerous claims asserted against their estates, and, thus, limit potential liability on such claims. Debtors believe they will significantly reduce postpetition costs incurred in resolving such claims, thereby increasing the recoveries of all creditors.

22. Hundreds of investors and trade claimants have filed prepetition lawsuits, made demands for unpaid liabilities, or filed claims in the pre-petition receivership, and will file claims

in these Chapter 11 Cases. Some of their property is currently being held by Debtors or is otherwise thought to be in Debtors' control, but Debtors have no interest in retaining that property and likely want it retrieved by the owners and investors as quickly as feasible. Those claims and issues may be consensually resolved in a manner that benefits Debtors' estates and creditors without need for Court intervention.[2]

23. Absent the relief proposed here, it would be necessary for Debtors to seek Court approval for each settlement of a Settlement Claim (each, a "Settlement Agreement") individually. Requesting approval of each Settlement Agreement on a piecemeal basis— including settlements involving relatively de minimis amounts in controversy or the retrieval of property that does not belong to Debtors—would require the preparation and resolution of numerous motions to approve consensual agreements between Debtors and various Settlement Parties. Resolving all Settlement Claims in this manner would impose unnecessary costs upon Debtors' estates and would unduly burden the Court and Settlement Parties. Moreover, the cost of obtaining court approval of each Settlement Agreement can significantly reduce the benefit of such agreements, especially when the amount in controversy is small. Accordingly, Debtors propose implementing the Settlement Procedures described here with respect to the Settlement Claims. The Settlement Procedures will streamline the settlement approval process, reduce unnecessary expenses, maximize the value of Debtors' estates for the benefit of all stakeholders, promote judicial economy, and ensure that Debtors' key creditor constituencies will have an

---

[2] Debtors envision filing a separate motion in relatively short order to establish procedures for dealing with the water stations owned by third-party investors. This Motion does not directly deal with that equipment issue directly, but the Settlement Procedures will allow for a holistic dialogue with those folks alongside whatever separate procedures are established related to the water stations specifically.

opportunity to meaningfully participate in the approval process with respect to any settlements involving substantial proposed settlement consideration.

24. Debtors seek to implement a three-tier settlement process based upon the amount in controversy to be settled by the parties (the "Amount in Controversy"). For example, if a claimant has filed a proof of claim for $40,000, Debtors' books and records show the debt owed is $35,000, and the claimant disagrees, the Amount in Controversy is $5,000; and pursuant to the Settlement Procedures, Debtors may settle the dispute and agree to allow a Claim of $40,000 or less without seeking the Court's approval.

25. Debtors propose the following Settlement Procedures for claims asserted against the estates:

(a) If the Amount in Controversy is $25,000 or less, Debtors will be authorized to settle such claim directly with the Settlement Party without (i) filing an objection to the Proof of Claim; (ii) providing notice of the settlement to any party in interest; (iii) a Court hearing; or (iv) obtaining prior approval of the Court or any other party in interest. At the close of each fiscal quarter, Debtors will file a statement on the Court's docket reflecting all claims settled with this procedure during the preceding quarter. Such statement will include the allowed amounts of each settled claim.

(b) If the Amount in Controversy is greater than $25,000 but less than $150,000, Debtors will provide three business days' prior written notice of the Settlement Agreement, describing the basic terms of the proposed settlement to (a) any official committee of unsecured creditors formed in this case (b) counsel to the Pacific Parties, John Bender (jbender@klgates.com), and Jay Kornfeld (jkornfeld@bskd.com); (c) counsel to 352 Capital, Scott Balber (Scott.Balber@hsf.com), Peter Behmke (Peter.Behmke@hsf.com), and Jason Kathman (jkathman@spencerfane.com); (d) counsel to First Federal Bank, Greg Fox (Foxg@lanepowell.com), and Andrew Geppert (GeppertA@lanepowell.com) (each a "Transaction Notice Party"). If any Transaction Notice Party objects to the proposed settlement in good faith, Debtors may, in their sole discretion, seek Court approval of the proposed settlement, or renegotiate the proposed settlement and resubmit it to the Committee.

(c) If the Amount in Controversy is greater than or equal to $150,000 but less than or equal to $500,000: (i) Debtors will file a notice of the Settlement Agreement and a Settlement Summary on the Court's docket. Such notice will generally be in the form attached to the Order as Exhibit A, tailored to address issues specific to particular claims and settlements, as necessary and appropriate. (ii) A Settlement Summary shall set forth (a) the Claim Amount; (b) the settlement amount; (c) the names of the parties to the settlement; (d) a summary of the dispute, including a statement of the amount initially sought to be recovered and the basis for the controversy; (e) an explanation of why the settlement of such claim is favorable to Debtors, their estates, and their creditors; and (f) a copy of any proposed settlement agreement. (iii) If any party objects within seven days after the date of transmittal of such Settlement Summary, Debtors, in their sole discretion, may (a) pursuant to Rule 9019, seek Court approval for such settlement at the next regularly scheduled hearing; or (b) seek to renegotiate the proposed settlement and may submit a revised Settlement Summary in connection therewith, as appropriate. (iv) In the absence of an objection to a proposed settlement, Debtors will be deemed authorized, without further order of the Court, to enter into an agreement to settle the claim at issue, as provided in the Settlement Summary.

26. For any settlements where the Amount in Controversy exceeds $500,000, Debtors will have to file a motion under Section 502 of the Bankruptcy Code and Bankruptcy Rule 9019 in the regular course.

27. Additionally, notwithstanding anything in the Settlement Procedures, Debtors may file a motion to approve any proposed settlement under Section 502 of the Bankruptcy Code, Bankruptcy Rule 9019, and any other applicable provisions of the Bankruptcy Code or the Bankruptcy Rules. The Settlement Procedures outlined in this Motion are in addition to the settlement and compromise procedures set forth in Bankruptcy Rule 9019.

/ / /

/ / /

/ / /

/ / /

## BASIS FOR RELIEF

**A. Authorizing the Omnibus Claim Objection Procedures and Settlement Procedures is Necessary for an Orderly and Efficient Resolution of the Proofs of Claim.**

28. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under Section 501 of this title is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Bankruptcy Rule 3001(f) states that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). Under Section 1111(a) of the Bankruptcy Code, scheduled claims are treated as proofs of claim. *See* 11 U.S.C. § 1111(a) ("A proof of claim . . . is deemed filed under section 501 of this title for any claim . . . that appears in the schedules . . . except a claim . . . that is scheduled as disputed, contingent or unliquidated."). As such, Debtors must review all claims in these Chapter 11 Cases as part of their claims reconciliation process.

29. In addition to the grounds enumerated in Bankruptcy Rule 3007(d) for filing omnibus objections to claims, Bankruptcy Rule 3007(c) affords the Court discretion to authorize omnibus objections based upon grounds beyond those explicitly delineated by Bankruptcy Rule 3007(d). *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection.)

30. Further, Section 105(a) of the Bankruptcy Code provides that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Under Section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets, as long as the powers

conferred under Section 105 of the Bankruptcy Code are "exercised within the confines of the Bankruptcy Code." *See Disch v. Rasmussen*, 417 F.3d 769, 777 (7th Cir. 2005) (internal citation omitted); *see also Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1140, 1143 (9th Cir. 1986) (stating that a bankruptcy court has authority under section 105(a) of the Bankruptcy Code "to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code."); *In re ATD Corp.*, 352 F.3d 1062, 1066 (6th Cir. 2003) (holding that a bankruptcy court has broad equitable powers to issue orders which are not inconsistent with the Bankruptcy Code); *In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

31. Authorizing Debtors to file omnibus objections to claims consistent with the Objection Procedures is an appropriate use of the Court's power under Section 105(a) of the Bankruptcy Code and conforms to the spirit of Bankruptcy Rule 3007 and Bankruptcy Local Rule 3007-1, the underlying goal of which is to balance the due process rights of creditors with the efficient administration of large Chapter 11 cases.

32. The proposed Objection Procedures and Settlement Procedures would provide a cost-effective and efficient framework for the careful review, prosecution, and reconciliation of claims by, among other things (a) providing greater certainty in administering the objection process; (b) promoting the consensual resolution of claims objections or, alternatively, establishing an efficient and fair mechanism to settle claims objections; and (c) reducing the cost, time, and delay of prosecuting claims objections. At the same time, the proposed Objection Procedures respect creditors' due process rights by, among other things, implementing the safeguards set forth for omnibus objections already authorized under Bankruptcy Rule 3007(e)

24-01863-FPC11    Doc 183    Filed 11/11/24    Entered 11/11/24 19:19:38    Pg 13 of 19

and requiring service of the Objection Notice on affected creditors in full compliance with the due process requirements of the Bankruptcy Code.

33. Similarly, allowing Debtors to object to claims on Additional Grounds in an omnibus format will promote the efficient and cost-effective administration of Debtors' estates. Specifically, the relief requested will save Debtors from the time and expense of filing potentially hundreds of individual claim objections, some of which could be duplicative and confusing to creditors. The relief requested will permit Debtors to run a well-organized, efficient, and cost-effective claims objections process, and all parties in interest will benefit from a streamlined process that will result in fewer pleadings, fewer hearings, and greater efficiency.

34. Courts across the country have allowed omnibus objections to claims in other large bankruptcy cases. *See, e.g., In re Warren Resources, Inc.*, Case No. 16-32760 (Bankr. S.D. Tex. Dec. 8, 2016) (MI); *In re Aralez Pharmaceuticals US Inc.*, Case No. 18-12425 (MG) (Bankr. S.D.N.Y. Feb. 14, 2019); *In re the Financial Oversight and Management Board for Puerto Rico*, Case No. 17-3283 (Bankr. D.P.R. Nov. 14, 2018); *In re Nine West Holdings, Inc.*, Case No. 18-10947 (SCC) (Bankr. S.D.N.Y. Sept. 14, 2018); *In re Gymboree Corp.*, Case No. 17-32986 (KLP) (Bankr. E.D. Va. Nov. 13, 2017); *In re Walter Energ, Inc.*, Case No. 15-02741 (TOM) (Bankr. N.D. Ala. Nov. 10, 2015); *In re City of Detroit, Michigan*, Case No. 13-53846 (SWR) (Bankr. E.D. Mich. July 9, 2014); *In re Overseas Shipholding Group, Inc.*, Case No. 12-20000 (PJW) (Bankr. D. Del. Sept. 26, 2013).

**B.    Approving the Claims Settlement Procedures Will Conserve Assets of the Estates.**

35. Debtors respectfully submit that allowing the settlement of certain categories of claims without further Court approval is an appropriate use of the Court's power under Bankruptcy Rule 9019(b). Bankruptcy Rule 9019(b) permits a court, after a hearing on such

notice as the court may direct, to "fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice." Fed. R. Bankr. P. 9019(b). Additionally, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Indeed, the United States Supreme Court has noted that "[c]ompromises are a 'normal part of the process of reorganization.'" *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968) (citing *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)). Moreover, compromises are "oftentimes desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *Matter of Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980). Rule 9019 empowers bankruptcy courts to approve any settlement that is fair and equitable and in the best interest of the estate.[1] *See In re Age Ref., Inc.*, 801 F.3d 530, 540 (5th Cir. 2015). *In re A & C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986);

36. Debtors will exercise their reasonable business judgment in negotiating compromises and settlements and will continue to be guided by the factors relevant to a determination of the reasonableness of such settlements. In reaching an informed decision about the reasonableness of a proposed settlement, the Court must compare the terms of the compromise with the likely rewards of litigation. *Jackson Brewing*, 624 F.2d at 602; *TMT Trailer Ferry*, 390 U.S. at 425.

37. When applying the above criteria to the facts of a particular case, a bankruptcy court "is not supposed to have a mini-trial on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Key3Media Group, Inc. v. Pulver.com, Inc. (In re Key3Media Group, Inc.)*, 336 B.R. 87, 93 (Bankr. D. Del.

15

2005). The court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities. *See Liu v. Silverman (In re Liu)*, 1998 U.S. App. LEXIS 31698, at *3 (2d Cir. 1998); *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re World Health Alt., Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).

38. The Settlement Procedures constitute a cost-effective method for resolving outstanding claims and avoid the expense and risk inherent in litigating those claims. The Settlement Procedures will (i) promote the consensual resolution of claims without litigation; (ii) establish an efficient mechanism to implement the settlement of claims while providing appropriate notice to parties in interest, including whomever takes over for Debtors and their advisors after the effective date of the Plan, which currently contemplates a Liquidating Trust and Liquidating Trustee; and (iii) reduce the amount of time and money devoted to resolving claims disputes.

39. Debtors submit that the settlements entered into pursuant to the Settlement Procedures will meet the standards required under Rule 9019 and the caselaw interpreting it. Specifically, Debtors will not settle any claims unless the settlement is reasonable in the judgment of Debtors upon consideration of all the relevant factors. Moreover, Debtors will provide notice of any Settlement Agreement that compromises a claim with an amount in controversy that exceeds $10,000 to the Committee and will provide notice of any Settlement Agreement that compromises a claim held against the estates with an amount in controversy equal to or greater than $100,000 to all parties in interest.

40. Seeking separate court approval on an individual basis for each settlement covered by the Settlement Procedures would undoubtedly be a drain on the time and resources of

24-01863-FPC11    Doc 183    Filed 11/11/24    Entered 11/11/24 19:19:38    Pg 16 of 19

Debtors. Debtors submit that the Settlement Procedures will reduce the administrative burden on the estates without any prejudice to creditors, promote judicial efficiency, and maximize the value of the estates.

41. Accordingly, because the Settlement Procedures will benefit Debtors' estates without prejudice to any creditors, the requested relief satisfies the requirements of Bankruptcy Rule 9019 and should be granted.

42. Similar relief has been granted in a number of other cases in other districts across the country. *See, e.g.*, *In re Aralez Pharmaceuticals US Inc.*, Case No. 18-12425 (MG) (Bankr. S.D.N.Y. Feb. 14, 2019); *In re Sherwin Alumina Company, LLC,* Case No. 16-20012 (Bankr. S.D. Tex. Apr. 20, 2016); *In re Energy & Exploration Partners, Inc.*, Case No. 15-44931 (Bankr. N.D. Tex. July 11, 2016); *In re WP Steel Venture, LLC*, Case No. 12-11661 (KJC) (Bankr. D. Del. Oct. 18, 2012); *In re Grubb & Ellis Company,* Case No. 12-10685 (Bankr. S.D.N.Y. July 31, 2012); *In re Lehman Brothers Holdings Inc.,* Case No. 08-13555 (Bankr. S.D.N.Y. Mar. 31, 2010); *In re Idearc Inc.,* Case No. 09-31828 (Bankr. N.D. Tex. Jan. 26, 2010); *In re TOUSA, Inc.*, Case No. 08-10928 (JKO) (Bankr. S.D. Fla. July 14, 2009).

**SEPARATE CONTESTED MATTERS**

43. To the extent that a response is filed regarding any Claim listed in any omnibus objection and Debtors are unable to resolve the response, each such claim, and the Objection by Debtors to each such claim asserted, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Each will require its own, initial, preliminary, non-evidentiary hearing to discuss a final hearing date and any discovery necessary in the interim. Any order entered by the Court regarding the Objections should be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

44. Nothing contained herein is intended or shall be construed as (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of Debtors' rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; or (f) a waiver of Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

## WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)

45. To implement the foregoing successfully, the Debtors requests that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the 14-day stay period under Bankruptcy Rule 6004(h).

## NOTICE

46. Debtors will provide notice of this Motion to the following parties or their respective counsel: (a) the Office of the United States Trustee; (b) those persons who have formally appeared and requested notice of service in this proceeding pursuant to Bankruptcy Rules 2002 and 3017; (c) counsel for and the members of any committees appointed by this Court; (d) governmental agencies having a regulatory or statutory interest in these cases; and (e) the top 20 largest unsecured creditors of each Debtor. In light of the nature of the relief requested, and the exigent circumstances of these cases, Debtors submit that no further notice is necessary.

## NO PRIOR REQUEST

47. No previous request for the relief requested in the Motion has been made to this Court or any other court.

## CONCLUSION

Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit 1**, granting the relief requested in the Motion and granting Debtors such other and further relief as is just and proper.

DATED: November 11, 2024.

Respectfully submitted,

TONKON TORP LLP

By *s/ Danny Newman*
Danny Newman, Texas Bar No. 24092896
  Email: danny.newman@tonkon.com
  Direct: 503.802.2089
Ava Schoen, admitted Pro Hac Vice
  Email: ava.schoen@tonkon.com
  Direct: 503.802.2143
888 SW Fifth Ave., Suite 1600
Portland, OR 97204
Telephone: (503) 221-1440
Attorneys for Debtor

044904\00001\17728790v2