| | |
|---|---|
| In re | Chapter 11 |
| Refreshing USA, LLC, | Case No. 24-33919 (ARP) |
| | (Jointly Administered) |
| Debtors[1]. | |

## DECLARATION OF BRIAN WEISS IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING (1) OMNIBUS CLAIMS OBJECTIONS PROCEDURES AND (2) SETTLEMENT PROCEDURES

I, Brian Weiss, being duly sworn, state the following under penalty of perjury:

1. I submit this declaration (the "Declaration") in support of Debtors' Motion for Entry of an Order Approving (1) Omnibus Claims Objections Procedures and (2) Settlement Procedures (the "Motion").[2] Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. I am a co-founder and partner of Force Ten Partners, LLC ("Force 10"). I have approximately 24 years of experience providing financial advisory, restructuring and turnaround services and have advised companies across a diverse range of industries. I assist clients both

---

[1] Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-33919; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-33924; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-33934. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

[2] Capitalized terms that are not defined in this declaration have the meaning ascribed to them in the Motion.

1

inside and outside of chapter 11 in addressing a variety of financial, operational, liquidity, and leverage issues. Recently, I have served as the CRO in Carbonlite Industries, Breckenridge Food Systems, Star Ribs, LLC, CIR Restaurant Holdings Group, Inc., Desert Restaurant Ventures, Mancha Development Corp., and Thomas Management, Inc. and as financial advisor in Rubio's Restaurants, Alpha Guardian, and Sugarfina, Inc. I have further served as the CRO and financial advisor in a variety of out-of-court restructurings. In 2022, I received an award and was named a "Top 25" restructuring consultant with a distinction in dealmaking by Global M&A Network.

3. On October 14, 2024 ("Retention Date"), Force 10 was engaged by Debtors to provide me as Debtors' CRO and with Restructuring Advisor Personnel, as necessary, to provide certain advisory services in connection with Debtors' ongoing evaluation, development, and implementation of strategic alternatives to address their assets, financial performance, and to analyze the prospects of a reorganization.

4. Since the Retention Date and even before, I and Force 10 have devoted and continue to devote substantial time and effort to prosecuting these cases, managing Debtors' business operations, preparing chapter 11 bankruptcy compliance documents, corresponding with various stakeholders, developing strategies for the chapter 11 cases to attempt to maximize value to the estates and for creditors, and managing Debtors' restructuring professionals.

5. I believe that allowing Debtors to object to multiple Proofs of Claim in an omnibus fashion on certain grounds other than those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the administrative and financial burden on Debtors' estates during the claims reconciliation process.

6. I also believe that allowing Debtors to object to multiple Proofs of Claim in an omnibus fashion on certain grounds other than those set forth in Bankruptcy Rule 3007(d) will

2

ease the administrative burden on the Court and the administrative and financial burden on Debtors' estates during the claims reconciliation process.

7. Authorizing Debtors to file Omnibus Claims Objections on the Additional Permitted Grounds will allow them to complete the claims administration process in a timely and efficient manner. If Debtors are not permitted to file Omnibus Claims Objections on the Additional Permitted Grounds, Debtors will have to file numerous individual objections, which would be costly and time consuming for Debtors as well as burdensome on the Court.

8. Granting the relief sought will not prejudice the estates' creditors. To protect the due process rights of creditors, Debtors will comply with the procedural safeguards for omnibus claims objections set forth in Bankruptcy Rule 3007(e).

9. I believe that allowing Debtors to file Omnibus Claims Objections on the Additional Permitted Grounds will confer a significant benefit to the estates' creditors while preserving the due process rights of individual claimants.

10. Prior to the Petition Date, in the ordinary course of business, I am told, like other businesses I have been involved in, Debtors' management team, with the assistance of outside counsel, as appropriate, evaluated and attempted to resolve claims or potential causes of action asserted by or against Debtors. Depending upon the specific facts and the risks involved in engaging in litigation with respect to such claims, Debtors, in the exercise of their business judgment, would make appropriate offers to settle such claims.

11. Debtors propose to settle the Settlement Claims in a manner substantially consistent with their prepetition practices for settling such claims—of course replacing prior management with me and a new independent manager—and without the need for obtaining further Court approval of settlements on a case-by-case basis. In negotiating and achieving such

3

settlements, Debtors will be guided by several factors, including the likelihood of Debtors succeeding in their defense against or prosecution of the Settlement Claims, and the estimated costs they would incur in litigating or otherwise resolving such Settlement Claims.  Granting Debtors this authority would enable them to efficiently and economically settle numerous claims asserted against their estates, and, thus, limit potential liability on such claims.  I believe this will significantly reduce postpetition costs incurred in resolving such claims, thus increasing the recoveries of all creditors.

12. Hundreds of investors and trade claimants have filed prepetition lawsuits, made demands for unpaid liabilities, or filed claims in the pre-petition receivership, and will file claims in these Chapter 11 Cases.  Some of their property is currently being held by Debtors or is otherwise thought to be in Debtors' control, but Debtors have no interest in retaining that property and likely want it retrieved by the owners and investors as quickly as feasible.  Those claims and issues may be consensually resolved in a manner that benefits Debtors' estates and creditors without need for Court intervention.

13. The Settlement Procedures will streamline the settlement approval process, reduce unnecessary expenses, maximize the value of Debtors' estates for the benefit of all stakeholders, promote judicial economy, and ensure that Debtors' key creditor constituencies will have an opportunity to meaningfully participate in the approval process with respect to any settlements involving substantial proposed settlement consideration.

14. The proposed Omnibus Claim Objection Procedures and Settlement Procedures are ones I am generally familiar with, that I have used in the past in prior chapter 11 cases as CRO or cases where I was appointed liquidating trustee, and that I know will greatly improve efficiency and save time, resources, and energy of Debtors, creditors and the Court.

**I HEREBY DECLARE THAT THE ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF, AND THAT I UNDERSTAND THEY ARE MADE FOR USE AS EVIDENCE IN COURT AND IS SUBJECT TO PENALTY FOR PERJURY.**

Dated: November 11, 2024.

*/s/ Brian Weiss*
Brian Weiss

044904\00001\17720044v1