# EXHIBIT 1

## PROPOSED FORM OF ORDER

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re | Chapter 11 |
| Refreshing USA, LLC, | Case No. 24-33919 |
| | (Jointly Administered) |
| Debtors[1]. | |

**ORDER APPROVING (1) OMNIBUS CLAIMS OBJECTIONS PROCEDURES AND (2) SETTLEMENT PROCEDURES**

THIS MATTER having come before the Court upon Debtors' Motion for Entry of an Order Approving (1) Omnibus Claims Objections Procedures and (2) Settlement Procedures (the "Motion") [ECF No. _____], a hearing having been held before the Court, and the Court being duly advised in the premises and finding good cause; now, therefore;

IT IS HEREBY ORDERED that:

1. The Motion is GRANTED.

2. Capitalized terms used but not defined have the meanings set forth in the Motion.

3. Notwithstanding anything to the contrary in Bankruptcy Rule 3007, Debtors and other parties in interest are hereby authorized, in addition to those grounds set forth in Bankruptcy Rule 3007(d), to file Omnibus Claims Objections[2] to claims seeking reduction,

---

[1] Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-33919; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-33924; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-33934. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

[2] Capitalized terms that are not defined here have the meaning ascribed to them in the Motion.

1

reclassification, disallowance, and/or estimation of claims based on, but not limited to, one or more of the following additional grounds (collectively, the "Additional Permitted Grounds"):

    (a)    the amount claimed contradicts Debtors' books and records;

    (b)    the Proofs of Claim are filed against non-Debtors or are filed against multiple Debtors; and

    (c)    the Proofs of Claim are disallowed or subordinated to all claims and interests senior to or equal to the asserted claim or interest arising out of the purchase or sale of a security of the debtor or affiliate pursuant to Section 510(b) of the Bankruptcy Code;

4. Except as expressly provided here, Debtors shall comply with the requirements for Omnibus Claims Objections set forth in Bankruptcy Rule 3007(e).

5. If a claimant serves an objection to an omnibus claim objection motion, prior to any evidentiary hearing, Debtors shall promptly inform the Court and the shall set a preliminary, status hearing not earlier than 14 days from service of the Objection to, among other things, set scope of discovery and the date for any evidentiary hearing, if one becomes necessary. In compliance with Bankruptcy Rule 3007(a), each Omnibus Objection shall be set for an initial, non-evidentiary hearing no less than 30 days after service of the Omnibus Objection. Debtors, and after notice to all the affected claimants, may adjourn the hearing on any Omnibus Objection (or any proof(s) of claim subject to any Omnibus Objection) to a subsequent hearing date.

6. Any order sustaining an Omnibus Claims Objection shall be a final order with respect to each claim referenced in such Omnibus Claims Objection as if an individual objection had been filed for each claim.

7. Debtors are authorized to settle claims held against the Estates in accordance with the following Settlement Procedures:

    (a)    If the Amount in Controversy is $25,000 or less, Debtors will be authorized to settle such claim directly with the Settlement Party without (i) filing an objection to the Proof of Claim; (ii) providing notice of the

settlement to any party in interest; (iii) a Court hearing; or (iv) obtaining prior approval of the Court or any other party in interest. At the close of each fiscal quarter, Debtors will file a statement on the Court's docket reflecting all claims settled with this procedure during the preceding quarter. Such statement will include the allowed amounts of each settled claim.

(b) If the Disputed Claim Amount is greater than $25,000 but less than $150,000, Debtors will provide three business days' prior written notice of the Settlement Agreement describing the basic terms of the proposed settlement to the Transaction Notice Parties. If any Transaction Notice Party objects to the proposed settlement in good faith, Debtors may, in their sole discretion, seek Court approval of the proposed settlement at the next scheduled hearing, or renegotiate the proposed settlement and resubmit it to the Committee.

(c) If the Disputed Claim Amount is greater than or equal to $150,000 and less than or equal to $500,000:

(1) Debtors will file a notice of the Settlement Agreement and a Settlement Summary on the Court's docket. Such notice will generally be in the form attached to the Order as Exhibit A, tailored to address issues specific to particular claims and settlements, as necessary and appropriate.

(2) A Settlement Summary shall set forth: (a) the Claim Amount; (b) the settlement amount; (c) the names of the parties to the settlement; (d) a summary of the dispute, including a statement of the amount initially sought to be recovered and the basis for the controversy; (e) an explanation of why the settlement of such claim is favorable to Debtors, their estates, and their creditors; and (f) a copy of any proposed settlement agreement.

(3) If any party objects within seven days after the date of transmittal of such Settlement Summary, Debtors, in their sole discretion, may (a) pursuant to Rule 9019, seek Court approval for such settlement at the next regularly scheduled hearing; or (b) seek to renegotiate the proposed settlement and may submit a revised Settlement Summary in connection therewith, as appropriate.

(4) In the absence of an objection to a proposed settlement, Debtors will be deemed authorized, without further order of the Court, to enter into an agreement to settle the claim at issue, as provided in the Settlement Summary.

8. For any settlements where the Amount in Controversy exceeds $500,000, Debtors will have to file a motion under Section 502 of the Bankruptcy Code and Bankruptcy Rule 9019 in the regular course.

9. Debtors are authorized to take any and all steps that are necessary or appropriate to settle claims in accordance with the Settlement Procedures. Debtors or the relevant creditor will amend the Claims Register, as appropriate, for any Proof of Claim settled pursuant to these Settlement Procedures.

10. To the extent a response is filed regarding any Claim listed in any omnibus objection and Debtors are unable to resolve the response, each such claim, and the Objection by Debtors to each such claim asserted therein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding the Objections shall be deemed a separate order with respect to each claim.

11. Nothing in this Order shall obligate Debtors to settle or pursue settlement of any particular claim, and all settlements of claims may be negotiated and compromised by Debtors within their sole discretion.

12. Nothing in this Order shall constitute an admission of the validity, nature, amount, or priority of any claim asserted in these cases.

13. Nothing in this Order shall waive the right of Debtors to seek approval of, and the Court to approve, pursuant to Bankruptcy Rule 9019, a compromise or settlement at the next regularly scheduled hearing. The Settlement Procedures outlined in this Order are in addition to the settlement and compromise procedures set forth in Bankruptcy Rule 9019.

14. Entry of this Order is without prejudice to Debtors' right to seek entry of an order modifying or supplementing the relief granted herein.

15. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas

DATE: _____

_____
UNITED STATES BANKRUPTCY JUDGE

044904\00001\17732540v2