Bryan T. Glover (WSBA No. 51045)
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: bryan.glover@stoel.com

Jamie P. Dreher
*Pro Hac Vice Application Pending*
Galen M. Gentry
*Pro Hac Vice Application Pending*
DOWNEY BRAND LLP
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
Email: jdreher@downeybrand.com
　　　　ggentry@downeybrand.com

*Attorneys for Creditor,*
*Raley's Arizona LLC d/b/a Bashas'*

The Honorable Frederick P. Corbit
Chapter 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>REFRESHING USA, LLC[1],<br><br>　　　　Debtor. | Lead Case No. 24-01863 (FPC)<br>Jointly Administered<br><br>INITIAL OBJECTION TO POTENTIAL ASSUMPTION OF EXECUTORY CONTRACT |

---

[1] Debtors and debtors-in-possession in these Chapter 11 cases ("Bankruptcy Case(s)"), along with the last four digits of their respective Employer Identification Numbers, are as follows: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-01863-11; Water Station Management LLC (81-1202716) ("Water Station"), Case No. 24-01864-11; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station, "Debtors"), Case No. 24-01866-11. Debtors' mailing address is: 2732 Grand Ave., Ste. 122, Everett, WA 98201.

INITIAL OBJECTION TO POTENTIAL ASSUMPTION OF EXECUTORY CONTRACT - 1

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
*Telephone 206.624.0900*

127695331.1 0099865-10002.021

24-01863-FPC11　　Doc 509　　Filed 01/24/25　　Entered 01/24/25 15:27:24　　Pg 1 of 6

Unsecured Creditor and contract counter-party Raley's Arizona LLC (d/b/a Bashas')("Bashas'") hereby submits its Initial Objection to Potential Assumption of Executory Contract (the "Objection"). In support of the Objection, Bashas' respectfully states as follows:

1. On or around February 8, 2024, Bashas' entered into that certain Water Station Location Agreement, dated as of February 12, 2024 (the "Agreement"), with Debtor Water Station Management, LLC (the "Debtor"). A true and correct copy of the Agreement is attached as **Exhibit A** to the Declaration of Greg Ashley ("Ashley Decl.") submitted herewith. Bashas' understands that the Agreement is among the executory contracts[2] that the Debtor may seek to assign in connection with its proposed sale of assets in this bankruptcy proceeding.

2. The Agreement provides that the Debtor is the "owner of and has the obligation and authority to install" water dispensing machines (the "Water Machines") at approximately 90 grocery stores operated by Bashas' in the states of Arizona and New Mexico. Ashley Decl. ¶ 3, Ex. A, p. 1, para. 1. The Debtor agreed to pay a "commission" to Bashas' amounting to 57.5% of the revenue received by the Debtor from the operation of the Water Machines at the Bashas' grocery store locations. Ashley Decl., Ex. A, p. 2, para. 10. The Agreement also provides that the Debtor will "issue a monthly statement" to Bashas' stating the commissions due and owing to Bashas' "from the previous month no later than five (5) calendar days after the end of such previous month." Ashley Decl., Ex. A, p. 2, para. 11

3. The Agreement further provides that the Debtor "agrees to service, operate and maintain" the Water Machines "in a first-class manner and in full

---

[2] Because the Debtor did not list the Agreement on its Schedule G, Bashas' cannot ascertain whether the Debtor even understands it to be an executory contract that is capable of assignment.

INITIAL OBJECTION TO POTENTIAL ASSUMPTION OF EXECUTORY CONTRACT - 2

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900
127695331.1 0099865-10002.021

24-01863-FPC11    Doc 509    Filed 01/24/25    Entered 01/24/25 15:27:24    Pg 2 of 6

compliance with all health and safety regulations of governmental authorities pertaining to water quality." Ashley Decl., Ex. A, p. 3. para. 15.

4. The Agreement also requires the Debtor to provide evidence to Bashas' of the Debtor's commercial general liability insurance policy, which must have combined single limit coverage of $2,000,000 and $4,000,000 aggregate coverage for bodily injury, death and/or property damage, with Bashas' named as an additional insured. Ashley Decl. ¶ 3, Ex. A, p. 2. para. 13. The Agreement further states that the Debtor "shall, at its own cost and expense, indemnify, defend and hold harmless" Bashas' from any claims or lawsuits arising out of or otherwise connected with the business activities of the Debtor. Ashley Decl. ¶ 3, Ex. A, p. 2-3. para. 14.

5. The Debtor has failed to abide by many of the material covenants in the Agreement. Specifically, the Debtor has failed to (a) send a single monthly statement to Bashas' that complies with the terms of the Agreement[3], (b) issue a single monthly payment to Bashas' and (c) provide Bashas' with certificates of insurance indicating that the Debtor has obtained the required insurance coverage and has named Bashas' as an additional insured. Ashley Decl. ¶ 4. The Debtor has also failed to adequately maintain the Water Machines and failed to ensure that they are all properly licensed for operation at all times. Bashas' is aware of at least 10 separate instances where a Water Machine placed at a Bashas' location has been "blue-tagged" or "red-tagged" by the Arizona Department of Agriculture Weights and Measures Services Division for, among other things, having been operated by the Debtor without proper licensure, which means that such Water Machines are deemed inoperable until the issues are addressed. Ashley Decl. ¶ 4.

---

[3] Rather, the Debtor has sent only an Excel spreadsheet that purports to serve as a "commission grid" and states the Debtor's grossly inaccurate calculations of the commissions due to Bashas'.

INITIAL OBJECTION TO POTENTIAL ASSUMPTION OF EXECUTORY CONTRACT - 3

127695331.1 0099865-10002.021

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

24-01863-FPC11    Doc 509    Filed 01/24/25    Entered 01/24/25 15:27:24    Pg 3 of 6

6. Bashas' is also aware of another instance where a Water Machine that the Debtor had failed to maintain at a Bashas' location leaked substantial quantities of water onto the ground around it, creating a "black ice" condition when the water froze, which likely contributed to an alleged "slip and fall" incident involving a Bashas' customer. Because the Debtor has failed to provide Bashas' any certificate of insurance, Bashas' is concerned that the Debtor may not have obtained the required insurance and that the Debtor, which is now insolvent, will have no ability to indemnify Bashas' for any liabilities or lawsuits that may arise from this incident. Ashley Decl. ¶ 5.

7. Due to the Debtor's egregious breaches of the Agreement, Bashas' delivered a Notice of Termination of the Agreement to the Debtor on October 24, 2024. Ashley Decl. ¶ 6, Ex. B. Bashas' was unaware of the Debtor's bankruptcy proceeding at that time, since the Debtor did not provide notice of such bankruptcy proceeding to Bashas' until the Debtor's counsel served Bashas' with the Amended Notice of Chapter 11 Bankruptcy Cases on or around January 2, 2025, which was received by Bashas' on or around January 7, 2025. Ashley Decl. ¶ 6.

8. Because many of Bashas' grocery store locations serve as the sole or limited source of groceries and clean water for tribal lands in Arizona and New Mexico, Bashas' had no choice but to remove and replace the Water Machines with water dispensing machines that were operated and maintained by a reliable vendor. Ashley Decl. ¶ 7.

9. As a result of the fact that the Debtor's non-monetary defaults under the Agreement are material and incapable of being cured, the Agreement cannot be assumed or assigned pursuant to 11 U.S.C. § 365. "A default precludes assumption of an executory contract under § 365 if it is both incurable and 'material in the sense that it goes to the essence of the contract, i.e. the bargained

INITIAL OBJECTION TO POTENTIAL ASSUMPTION OF EXECUTORY CONTRACT - 4

127695331.1 0099865-10002.021

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

24-01863-FPC11    Doc 509    Filed 01/24/25    Entered 01/24/25 15:27:24    Pg 4 of 6

1  for exchange.'" *In re Empire Equities Capital Corp.*, 405 B.R. 687, 691 (Bankr.
2  S.D.N.Y. 2009)(quoting *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1092 (3d Cir.
3  1990).)

   10. In addition, as a result of the Debtor's complete and utter failure to
perform its obligations under the Agreement, Bashas' has reason to believe that it
may have been fraudulently induced to enter into the Agreement by the Debtor and
Bashas' therefore reserves the right to seek rescission of the Agreement in an
adversary proceeding or other lawsuit should it become necessary to do so.

   For the foregoing reasons, Bashas' objects to the assumption and assignment
of the Agreement and respectfully requests this Court provide Bashas' with such
other and further relief as this Court may deem just and appropriate.

DATED: January 24, 2025.

STOEL RIVES LLP

*/s/ Bryan T. Glover*
Bryan T. Glover, WSBA No. 51045
Aric Hamilton Jarrett, WSBA No. 39556
600 University Street, Suite 3600
Seattle, WA 98101
T. (206) 624-0900
Email: bryan.glover@stoel.com
Email: aric.jarrett@stoel.com

DOWNEY BRAND LLP

*/s/ Jamie P. Dreher*
Jamie P. Dreher
*Pro Hac Vice Application Pending*
Galen M. Gentry
*Pro Hac Vice Application Pending*
621 Capital Mall, 18th Floor
Sacramento, CA 95814
T. (916) 444-1000
Email: jdreher@downeybrand.com
       ggentry@downeybrand.com

*Attorneys for Creditor,*
*Raley's Arizona LLC d/b/a Bashas'*

INITIAL OBJECTION TO POTENTIAL ASSUMPTION OF EXECUTORY CONTRACT - 5

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone 206.624.0900

127695331.1 0099865-10002.021

24-01863-FPC11    Doc 509    Filed 01/24/25    Entered 01/24/25 15:27:24    Pg 5 of 6

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date listed below, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will in turn automatically generate a Notice of Electronic Filing to all parties in the case who are registered users of the CM/ECF system. The Notice of Electronic Filing specifically identifies the recipients of electronic notice.

DATED: January 24, 2025.

STOEL RIVES LLP

*/s/ Bryan T. Glover*
Bryan T. Glover, WSBA No. 51045
600 University Street, Suite 3600
Seattle, WA 98101
T. (206) 624-0900
Email: bryan.glover@stoel.com

*Attorneys for Creditor,
Raley's Arizona LLC d/b/a Bashas'*

CERTIFICATE OF SERVICE - 1