# EXHIBIT A

# LIQUIDATION TRUST AGREEMENT

# LIQUIDATION TRUST AGREEMENT

This Liquidation Trust Agreement ("*Agreement*") is entered into as of _____, 2025 by and among the entities listed as "Debtors" on the signature pages hereto (each a "*Debtor*" and collectively "*Debtors*"), _____ ("*Liquidation Trustee*"), and the Liquidation Trust Supervisory Board. This Agreement is executed in connection with and pursuant to the terms of Debtors' and Committee's Joint First Amended and Modified Chapter 11 Plan of Liquidation [Docket No. _____] ("*Plan*") filed in Bankruptcy Case No. 24-01863-11 in the United States Bankruptcy Court for the Eastern District of Washington. Capitalized terms used and not otherwise defined in this Agreement shall have the meaning ascribed to such terms in the Plan.

W I T N E S S E T H :

WHEREAS, the Bankruptcy Court confirmed the Plan in the Chapter 11 Cases by order dated _____, 2025 [Docket No. _____] ("*Confirmation Order*");

WHEREAS, this Agreement is entered into to effectuate the establishment of the Liquidation Trust provided for in the Plan and the Confirmation Order;

WHEREAS, the Liquidation Trust is created on behalf of, and for the benefit of, the Beneficiaries of the Liquidation Trust, with the primary purpose of liquidating the Liquidation Trust Assets; pursuing Retained Causes of Action; reconciling and objecting to asserted Claims; and making Distributions to Beneficiaries in accordance with the Plan and Confirmation Order, with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust;

WHEREAS, the Liquidation Trust is intended to qualify as a liquidating trust within the meaning of United States Treasury Regulation ("*Treasury Regulation*") Section 301.7701-4(d) and to be exempt from the requirements of the Investment Company Act of 1940;

WHEREAS, Debtors, the Liquidation Trustee, and the Beneficiaries agree to treat, for all U.S. federal income tax purposes, the transfer of the Liquidation Trust Assets to the Liquidation Trust as a deemed transfer of the Liquidation Trust Assets by Debtors to the Beneficiaries on account of their Allowed Claims entitled to Distributions from the Liquidation Trust under the Plan, followed by a deemed transfer of the Liquidation Trust Assets by the Beneficiaries to the Liquidation Trust in exchange for the beneficial interests herein, and to treat the Beneficiaries as grantors and owners of the Liquidation Trust in accordance with Treasury Regulation Section 301.7701-4;

WHEREAS, the Liquidation Trust is intended to be treated as a grantor trust for U.S. federal income tax purposes pursuant to Section 671 of the Internal Revenue Code of 1986, as amended ("*IRC*"), et seq., with the Beneficiaries treated as grantors and owners of the Liquidation Trust;

WHEREAS, the Liquidation Trust will receive the Liquidation Trust Assets on the Effective Date (or, with respect to the Remaining Professional Fee Escrow Amounts, if any, on the Escrow Amounts Transfer Date), as set forth in the Plan, and which will be liquidated and distributed in accordance with the Plan, Confirmation Order and this Agreement;

24-01863-FPC11    Doc 1117-1    Filed 07/16/25    Entered 07/16/25 12:03:53    Pg 2 of 27

WHEREAS, the Bankruptcy Court shall have jurisdiction over the Liquidation Trust, the Liquidation Trustee, and the Liquidation Trust Assets as provided herein, in the Plan and the Confirmation Order; and

WHEREAS, subject to the terms of this Agreement, the Plan and the Confirmation Order, the Liquidation Trustee shall have all powers necessary to implement the provisions of this Agreement and administer the Liquidation Trust as provided herein and in the Plan and Confirmation Order.

NOW, THEREFORE, in consideration of the promises and mutual covenants contained herein and in the Plan, Debtors, the Liquidation Trustee and the Liquidation Trust Supervisory Board agree as follows:

## ARTICLE 1
## DEFINITIONS AND INTERPRETATIONS

1.1    <u>Definitions</u>.  The following capitalized terms have the meanings herein as described below:

1.1.1    "*Liquidation Trust Assets*" shall consist of (a) the Retained Causes of Action; (b) any other Claims and Causes of Action; (c) all other remaining Assets of the Estates, including, without limitation, the Remaining Professional Fee Escrow Amounts, if any; and (d) the proceeds of each of the foregoing.

1.1.2    "*Liquidation Trust Interests*" means the non-certificated beneficial interests of the Liquidation Trust allocable to Holders of Allowed Claims in accordance with the terms of the Plan and this Agreement, which may or may not be transferable.

1.1.3    "*Liquidation Trustee*" shall mean (a) initially, the Person named in the introductory paragraph to this Agreement as the Liquidation Trustee; and (b) any successors or replacements duly appointed under the terms of this Agreement.

1.1.4    "*Retained Causes of Action*" means, collectively, all Causes of Action, including without limitation any Retained Causes of Action specifically listed in the Plan Supplement.

1.1.5    "*Transfer*" shall mean, with respect to a Liquidation Trust Interest, any transfer, sale, pledge, assignment, conveyance, gift, bequest, inheritance, grant, distribution, hypothecation, or other disposition, or creation of a security interest in such Liquidation Trust Interest, whether voluntarily or by operation of law.  "*Transferor*," "*Transferee*," and "*Transferred*" shall have correlative meanings.

1.1.6    "*Wind-Down Expenses*" means the expenses to be incurred in complying with the Plan and winding down the Chapter 11 Cases, including, but not limited to, the liquidation of any residual assets, pursuing Retained Causes of Action, preparation and filing of final tax returns, making Distributions to Holders of Allowed Claims, the Claims reconciliation and objection process, the dissolution of each Debtor Entity, and all actual and necessary fees, costs, expenses, and obligations incurred or owed by the Liquidation Trustee or its agents, employees,

24-01863-FPC11    Doc 1117-1    Filed 07/16/25    Entered 07/16/25 12:03:53    Pg 3 of 27

attorneys, advisors, or other Professionals in administering the Plan and the Liquidation Trust (including, without limitation, reasonable compensation for services rendered, and reimbursement for actual and necessary expenses incurred by the Liquidation Trustee and its agents, employees, and Professionals) arising after the Effective Date through and including the date upon which the Bankruptcy Court enters a Final Decree closing the Chapter 11 Cases, in each case, which shall be solely payable prior to any Distribution to Beneficiaries.

1.2    <u>Plan and Confirmation Order Control</u>.  In the case of any inconsistency between the terms of this Agreement and the terms of the Plan and Confirmation Order, the terms of the Plan shall govern and control, unless inconsistent with the Confirmation Order, in which case the Confirmation Order shall govern and control (including, without limitation, approval by the Confirmation Order of this Agreement).  This Agreement shall not be construed to impair or limit in any way the rights of any Person under the Plan.

## ARTICLE 2
## ESTABLISHMENT, PURPOSE, AND FUNDING OF TRUST

2.1    <u>Creation and Name; Formation</u>.  Upon the Effective Date of the Plan, the Liquidation Trust, which is referred to in the Plan, is hereby created.  The Liquidation Trustee may conduct the affairs of the Liquidation Trust under the name of the "*Refreshing USA Liquidation Trust*," or such variation thereof as the Liquidation Trustee sees fit.  The parties to this Agreement intend that this Agreement shall constitute the governing instrument of the Liquidation Trust.

2.2    <u>Appointment of Liquidation Trustee</u>. _____, is hereby appointed to serve as the Liquidation Trustee of the Liquidation Trust, and _____ accepts such appointment and agrees to accept and hold the Liquidation Trust Assets in trust for the Beneficiaries, subject to and in accordance with the provisions of the Plan, the Confirmation Order, and this Agreement.

2.3    <u>Purpose of Trust</u>.  Upon the Effective Date, pursuant to the Plan and Confirmation Order and in accordance with the Bankruptcy Code, the Liquidation Trust is hereby established for the purpose of, among other things, (a) collecting, administering, and liquidating the Liquidation Trust Assets for the benefit of the Beneficiaries in accordance with the terms of this Agreement and the Plan; (b) pursuing the Retained Causes of Action; (c) objecting to asserted Claims; and (d) making Distributions to the Beneficiaries, in each case to the extent required or permitted by the Plan and this Agreement.  Debtors shall have no liability with respect to the Distribution or payment of any proceeds of the Liquidation Trust Assets to any of the Beneficiaries.  The activities of the Liquidation Trust shall be limited to those activities set forth in this Agreement, as approved by the Liquidation Trust Supervisory Board, and as otherwise contemplated by the Plan.  The Liquidation Trust is intended to qualify as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and the primary purpose of the Liquidation Trust shall be to liquidate and distribute the Liquidation Trust Assets to the Beneficiaries.  The Liquidation Trustee understands and agrees that the Liquidation Trust has no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Liquidation Trust as set forth in the Plan.  The Liquidation Trust shall not be deemed a successor-in-interest of Debtors for any purpose other than as specifically set forth in the Plan or this Agreement.

2.4     Transfer of Liquidation Trust Assets

2.4.1     On the Effective Date (or, with respect to the Remaining Professional Fee Escrow Amounts, on the Escrow Amounts Transfer Date), Debtors shall be deemed to have transferred the Liquidation Trust Assets to the Liquidation Trust in accordance with the Plan. Any obligation of Debtors to make future payments or transfers of property to the Liquidation Trust that is provided as Liquidation Trust Assets and is contingent or unmatured as of the Effective Date will be satisfied reasonably promptly after all conditions to any such obligation as set forth in the Plan are satisfied or waived.

2.4.2     Each Debtor hereby grants, releases, assigns, conveys, transfers, and delivers, on behalf of the Beneficiaries, all the Liquidation Trust Assets owned, held, possessed, or controlled by such Debtor to the Liquidation Trustee as of the Effective Date (or, with respect to the Remaining Professional Fee Escrow Amounts, if any, on the Escrow Amounts Transfer Date), in trust for the benefit of the Beneficiaries for the uses and purposes as specified in this Agreement and the Plan, and all such Liquidation Trust Assets shall be automatically vested in the Liquidation Trust on the Effective Date (or, with respect to the Remaining Professional Fee Escrow Amounts, on the Escrow Amounts Transfer Date), free and clear of all liens, claims, encumbrances, and other interests, except as specifically provided in the Plan.  No Debtor shall have any further obligations with respect to the Allowed Claims under the Plan or with the Distribution or payment of any proceeds of the Liquidation Trust Assets to any of the Beneficiaries following transfer of the Liquidation Trust Assets to the Liquidation Trust in accordance with this Agreement and the Plan, except that Debtors or any successor shall, from time to time, execute and deliver, or cause to be executed and delivered, all such documents (in recordable form where necessary or appropriate) and Debtors or any successor shall take, or cause to be taken, such further action, in each case as the Liquidation Trustee may reasonably deem necessary or appropriate to vest or perfect in, or confirm to, the Liquidation Trustee title to and possession of the Liquidation Trust Assets.  For the avoidance of doubt, nothing herein shall excuse or release Debtors from their express obligations under the Plan, this Agreement, or any documentation to which any Debtor is a party relating to the Plan, this Agreement, or the Liquidation Trust Assets.

2.4.3     For all U.S. federal, state, and local income tax purposes, Debtors, the Beneficiaries, and the Liquidation Trustee shall treat the transfer of Liquidation Trust Assets to the Liquidation Trust as a deemed transfer of the Liquidation Trust Assets by Debtors to the Beneficiaries on account of their Allowed Claims entitled to Distributions from the Liquidation Trust under the Plan, followed by a deemed transfer of the Liquidation Trust Assets by the Beneficiaries to the Liquidation Trust in exchange for the Liquidation Trust Interests.  Thus, the Beneficiaries shall be treated as grantors and owners of the Liquidation Trust for U.S. federal income tax purposes.

2.4.4     To the extent any Liquidation Trust Assets cannot be transferred to the Liquidation Trust because of a restriction on transferability under applicable non-bankruptcy law that is not superseded or preempted by Section 1123 of the Bankruptcy Code or any other provision of the Bankruptcy Code, such Liquidation Trust Assets shall be deemed to have been retained by Debtors and the Liquidation Trustee shall be deemed to have been designated as a representative of Debtors pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code to enforce

and pursue such Liquidation Trust Assets on behalf of Debtors for the benefit of the Beneficiaries. Notwithstanding the foregoing, all net proceeds of such Liquidation Trust Assets shall be transferred to the Liquidation Trust to be distributed in accordance with this Agreement and the terms of the Plan.

2.5     <u>Capacity of Trust</u>. Notwithstanding any state or federal law to the contrary or anything herein, except as otherwise provided herein, the Liquidation Trust shall itself have the capacity, in its own right and name, to act, or refrain from acting, including the capacity to sue and be sued and to enter into contracts. The Liquidation Trust alone may be the named movant, respondent, party plaintiff, defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

2.6     <u>Nature of Trust</u>. The Liquidation Trust is irrevocable, but this Agreement is subject to amendment and waiver as provided in this Agreement. Except as otherwise specifically provided herein or in the Plan, the Liquidation Trust is not intended to be, and shall not be, deemed to be or treated as a general partnership, limited partnership, limited liability partnership, joint venture, corporation, limited liability company, joint stock company, or association, nor shall the Liquidation Trustee or the Beneficiaries, for any purpose, be, or be deemed to be, or treated in any way whatsoever to be, liable or responsible hereunder as partners or joint venturers. The relationship of the Beneficiaries, on the one hand, to the Liquidation Trust and the Liquidation Trustee, on the other hand, shall not be deemed a principal or agency relationship, and their rights shall be limited to those conferred upon them by this Agreement, the Plan, and the Confirmation Order.

2.7     <u>No Reversion to Debtors</u>. In no event shall any part of the Liquidation Trust Assets or other property vested in or granted to the Liquidation Trust revert to or be distributed to any Debtor.

2.8     <u>Effectiveness</u>. The effectiveness of this Agreement shall occur upon the Effective Date of the Plan.

2.9     <u>Cooperation of Debtors</u>. Debtors and their professionals shall use commercially reasonable efforts to cooperate with the Liquidation Trustee and its professionals in effecting the transition from Debtors to the Liquidation Trust of the Liquidation Trust Assets and the administration thereof, including any Retained Causes of Action. Such cooperation shall include, but not be limited to, reasonably attempting to identify and facilitate access to (a) any evidence and information the Liquidation Trustee reasonably requests in connection with the Trust's investigation, prosecution, or other pursuit or defense (as applicable) of Retained Causes of Action; and (b) former employees or professionals of Debtors with knowledge regarding any Retained Causes of Action.

### ARTICLE 3
### ADMINISTRATION OF THE TRUST

3.1     <u>Rights, Powers, and Privileges</u>. Upon the Effective Date, the Liquidation Trustee is appointed as the duly appointed representative of Debtors and their estates with respect to the

24-01863-FPC11     Doc 1117-1     Filed 07/16/25     Entered 07/16/25 12:03:53     Pg 6 of 27

Liquidation Trust Assets, as well as Cash held in the Professional Fee Escrow Account for the benefit of Professional Fee Claims[1]. The Liquidation Trust and the Liquidation Trustee, as applicable, shall succeed to all of the rights and powers granted to Debtors in the Plan as it pertains to Beneficiaries. In connection with administration of the Liquidation Trust, except as set forth in this Agreement and the Plan, the Liquidation Trustee is authorized to perform any and all acts necessary or desirable to accomplish the purposes of the Liquidation Trust (including, without limitation, all powers, rights, and duties under applicable law); provided that the Liquidation Trustee shall not perform any acts inconsistent with this Agreement, the Confirmation Order, or the Plan, or which has not been approved by the Liquidation Trust Supervisory Board. Without limitation, and in addition to any powers and authority specifically set forth in other provisions of the Plan, the Liquidation Trustee shall, subject to the supervision of the Liquidation Trust Supervisory Board, without further authority or approval, have the power to:

3.1.1    effect all actions and execute all agreements, instruments, and other documents necessary to reconcile and resolve any Claims;

3.1.2    establish, as necessary, bank accounts for the deposit and distribution of all amounts to be distributed under the Plan;

3.1.3    maintain a separate register ("*Trust Claims Register*") evidencing the Liquidation Trust Interest held by each Beneficiary;

3.1.4    review, evaluate, determine strategy with respect to, litigate, reconcile, enforce, collect, compromise, settle, transfer, release, abandon, or elect not to pursue any and all Retained Causes of Action on behalf of the Liquidation Trust;

3.1.5    facilitate the prosecution or settlement of objections to, or estimations of, any Claims asserted against Debtors' Estates for which the Liquidation Trustee and/or the Liquidation Trust is responsible under the Plan;

3.1.6    establish, adjust, and/or maintain (as applicable) the Disputed Claims Reserve, Priority Claims Reserve, and Professional Fee Escrow Account in accordance with the Plan;

3.1.7    calculate and make Distributions in accordance with the Plan to the Beneficiaries after payment of all Wind-Down Expenses;

3.1.8    employ and compensate professionals to represent the Liquidation Trustee in administering the Plan and the Liquidation Trust;

---

[1] As set forth in the Plan, Cash held in the Professional Fee Escrow Account, if any, shall be maintained solely for the Professionals and for no other Entities until all Professional Fee Claims incurred through and including the Effective Date and Allowed by the Bankruptcy Court have been irrevocably paid in full by Debtors or the Liquidation Trustee, as applicable, to the Professionals pursuant to one or more Final Orders of the Bankruptcy Court.

24-01863-FPC11    Doc 1117-1    Filed 07/16/25    Entered 07/16/25 12:03:53    Pg 7 of 27

3.1.9    except as otherwise specifically restricted in the Plan, Confirmation Order, or this Agreement, to enter into any covenants or agreements binding the Liquidation Trust, and to execute, acknowledge, and deliver any and all instruments necessary or deemed by the Liquidation Trustee to be consistent with and advisable in furthering the purposes of the Liquidation Trust and the Plan;

3.1.10    cause the Liquidation Trust to make all tax withholdings, file tax information returns, file and prosecute tax refund claims, make tax elections by and on behalf of the Liquidation Trust, and file tax returns for the Liquidation Trust as a grantor trust under IRC Section 671 and Treasury Regulation Section 1.671-4 pursuant to and in accordance with the Plan and this Agreement, complete and file all final or otherwise required U.S. federal, state, and local tax returns for Debtors and, pursuant to Section 505(b) of the Bankruptcy Code, request an expedited determination of any unpaid tax liability of each Debtor or its Estate for any tax incurred during the administration of such Debtor's Chapter 11 Case, as determined under applicable tax laws, and pay taxes, if any, payable for and on behalf of the Liquidation Trust or Debtors, as applicable; and

3.1.11    exercise such other powers as may be vested in the Liquidation Trust by order of the Bankruptcy Court, pursuant to the Plan, or as deemed by the Liquidation Trustee to be necessary and proper to implement the provisions of the Plan as they pertain to the Claims, the Liquidation Trust Assets, and the Beneficiaries.

To the extent necessary to give full effect to their administrative rights and duties under the Plan, the Liquidation Trustee shall be deemed to be vested with all rights, powers, privileges, and authorities of (i) an appropriate corporate or limited liability company officer of each of the Debtors under any applicable non-bankruptcy law and (ii) a "trustee" of each of the Debtors under Bankruptcy Code sections 704 and 1106. The Liquidation Trust Supervisory Board will have all rights and powers of a corporate board or limited liability company manager elected or appointed under Washington law.

3.2    Agents and Professionals.  The Liquidation Trustee (a) may, but shall not be required to, consult with and retain attorneys, accountants, financial advisors, real estate brokers, appraisers, valuation counselors, transfer agents, a third-party disbursing agent, or other parties deemed by the Liquidation Trustee to have qualifications necessary to assist in the proper administration of the Liquidation Trust, and the Liquidation Trustee may terminate any such agent or professional at its discretion, on such terms as may be agreed between the Liquidation Trustee and such agent or professional; and (b) shall pay the reasonable salaries, fees, and expenses of such persons, including contingency fees, prior to making any Distributions to the Beneficiaries; provided, however, that the Liquidation Trustee shall have the right to require any such agent or professional to submit a scope of work, including anticipated fees and expenses, to be approved in all respects by the Liquidation Trustee prior to such agent or professional commencing services with respect to any matter to be undertaken on behalf of the Liquidation Trust; and provided, further, that Bankruptcy Court approval shall not be required in connection with the retention or compensation of any such agent or professional.

3.3    Investment and Safekeeping of Liquidation Trust Assets.  All Liquidation Trust Assets received by the Liquidation Trustee shall, until distributed or paid as provided in this Agreement

24-01863-FPC11    Doc 1117-1    Filed 07/16/25    Entered 07/16/25 12:03:53    Pg 8 of 27

or the Plan after payment of all Wind-Down Expenses, be held in the Liquidation Trust for the benefit of the Beneficiaries. The Liquidation Trustee shall be under no obligation to generate or produce, or have any liability for, interest or other income on any monies received by the Liquidation Trust and held for Distribution or payment to the Beneficiaries, except as such interest or income shall be actually received by the Liquidation Trustee. Investments of any monies held by the Liquidation Trust shall be made and administered in the manner in which individuals of ordinary prudence, discretion, and judgment would act in the management of their own affairs; provided, however, that the right and power of the Liquidation Trustee to invest monies held by the Liquidation Trustee, or any income earned by the Liquidation Trust, shall be limited to the right and power to invest such monies pending periodic Distributions in accordance with the terms hereof and the Plan. For the avoidance of doubt, the investment powers of the Liquidation Trustee in this Agreement, other than those reasonably necessary to maintain the value of the Liquidation Trust Assets and the liquidation purpose of the Liquidation Trust, are limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments, such as Treasury bills, and in all cases limited only to those assets permitted to be made by a "liquidating trust" within the meaning of Treasury Regulation Section 301.7701-4(d), as reflected therein, or under applicable guidelines, rulings, or other controlling authorities.

3.4 <u>Limitations on Liquidation Trustee</u>. On behalf of the Liquidation Trust or the Beneficiaries, the Liquidation Trustee shall not at any time: (a) enter into or engage in any trade or business (other than the management and disposition of the Liquidation Trust Assets), and no part of the Liquidation Trust Assets or the proceeds, revenue, or income therefrom shall be used or disposed of by the Liquidation Trust in furtherance of any trade or business; (b) except as provided in Article 3.3 hereof, reinvest any Liquidation Trust Assets; (c) take any action which the Liquidation Trust Supervisory Board specifically prohibits the Liquidation Trustee from taking, or (d) take any action that would jeopardize treatment of the Liquidation Trust as a "liquidating trust" for U.S. federal income tax purposes.

3.4.1 Other than as contemplated by the Plan or this Agreement, the Liquidation Trustee is not empowered to incur indebtedness.

3.4.2 Subject to Article 3.3 hereof, the Liquidation Trustee may invest Cash of the Liquidation Trust, including any earnings thereon or proceeds therefrom; any Cash realized from liquidation of the Liquidation Trust Assets; or any Cash remitted to the Liquidation Trust from any other Person. Any such investment will not be required to comply with Bankruptcy Code Section 345(b). The Liquidation Trustee shall have no liability in the event of insolvency or failure of any institution in which it has invested any funds of the Liquidation Trust.

3.4.3 The Liquidation Trustee shall hold, collect, conserve, protect, and administer the Liquidation Trust Assets in accordance with the provisions of this Agreement and the Plan, and pay and distribute amounts as set forth herein for the purposes set forth in this Agreement.

3.4.4 Persons dealing with the Liquidation Trustee shall look only to the Liquidation Trust Assets to satisfy any liability incurred by the Liquidation Trustee to such Person in carrying out the terms of this Agreement, and the Liquidation Trustee shall not have any personal obligation to satisfy any such liability.

3.5     Bankruptcy Court Approval of Liquidation Trustee Actions.  Except as provided in the Plan or otherwise specified in this Agreement, the Liquidation Trustee need not obtain an order or approval of the Bankruptcy Court in the exercise of any power, rights, or discretion conferred hereunder, or account to the Bankruptcy Court.  Except as otherwise provided herein, the Liquidation Trustee shall exercise its business judgment for the benefit of the Beneficiaries in order to maximize the value of the Liquidation Trust Assets and Distributions, giving due regard to the cost, risk, and delay of any course of action.  Notwithstanding the foregoing, the Liquidation Trustee shall have the right to submit to the Bankruptcy Court any question or questions on which the Liquidation Trustee may desire explicit approval of the Bankruptcy Court to take any specific action proposed to be taken by the Liquidation Trust with respect to any of the Liquidation Trust Assets, this Agreement, or the Plan, including the administration or Distribution of any of the Liquidation Trust Assets.  The Bankruptcy Court shall retain jurisdiction and power for such purposes and shall approve or disapprove any such proposed action upon motion by the Liquidation Trustee.

3.6     Reliance by Liquidation Trustee

        3.6.1     The Liquidation Trustee may rely, and shall be protected in acting or refraining from acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by it to be genuine and to have been signed or presented by the proper party or parties, in each case without obligation to satisfy themselves that the same was given in good faith and without responsibility for errors in delivery, transmission, or receipt.

        3.6.2     The Liquidation Trustee may consult with any and all of the Liquidation Trustee's professionals and the Liquidation Trustee shall not be liable for any action taken, omitted to be taken, or suffered by the Liquidation Trustee in good faith reliance upon the advice of such professionals.

3.7     Valuation of Liquidation Trust Assets.  Following the transfer of Liquidation Trust Assets to the Liquidation Trust, the Liquidation Trust Assets shall, and shall be deemed to, include all proceeds therefrom.  As soon as possible after the transfer of the Liquidation Trust Assets to the Liquidation Trust, the Liquidation Trustee shall make a good faith valuation of the Liquidation Trust Assets.  This valuation will be made available from time to time, as relevant for tax reporting purposes.  The Liquidation Trustee shall apprise the Beneficiaries of the value of the Liquidation Trust Assets no less frequently than on an annual basis by filing a notice on the docket of the Bankruptcy Court.  Debtors, the Beneficiaries, and the Liquidation Trust will consistently report the valuation of the Liquidation Trust Assets.  Such consistent valuations and revised reporting will be used for all U.S. federal, state, local, or other income tax purposes.  Income, deductions, gains, or losses from the Liquidation Trust shall be reported to the Beneficiaries of the Liquidation Trust in conjunction with the filing of the Liquidation Trust's income tax returns.  Each Beneficiary shall report income, deductions, gains, or losses from the Liquidation Trust on such Beneficiary's income tax returns.  Any dispute regarding valuation of Liquidation Trust Assets shall be resolved by the Bankruptcy Court.

3.8     Abandonment.  If, in the Liquidation Trustee's reasonable judgment, any non-cash Liquidation Trust Assets, including Retained Causes of Action, cannot be sold, resolved,

administered, or liquidated in a commercially reasonable manner, or the Liquidation Trustee believes in good faith that such property has inconsequential value to the Liquidation Trust or its Beneficiaries, the Liquidation Trustee shall have the right to cause the Liquidation Trust to abandon or otherwise dispose of such property without notice or hearing.

## ARTICLE 4
## LIQUIDATION TRUST SUPERVISORY BOARD

4.1   Liquidation Trust Supervisory Board

4.1.1   There is hereby established and created a special advisory board ("*Liquidation Trust Supervisory Board*" or "*Board*") to monitor, oversee, and consult with the Liquidation Trustee in connection with the administration, management, recovery efforts, and Distribution of the Liquidation Trust Assets, including the performance of the Liquidation Trustee's obligations under the Plan and this Agreement.  Without limiting the preceding, the Board may, but is not required to, require the Liquidation Trustee to obtain express approval from the Board before taking any action permitted to be taken by the Liquidation Trustee under the Plan or this Agreement .

4.1.2   As of the Effective Date, the members of the Board shall be (a) _____, (b) _____, and (c) _____.   Each member of the Board will be compensated for their services in the amount of $2,500 per month.  Any approvals or votes of the Board shall be by majority in each case.  If there is an even number of Board members, then an approval or vote on any matter shall require unanimity.  Any deadlock in a vote by the members of the Board will be resolved by the Liquidation Trustee.  Any or all members of the Board may resign from the Board at any time by written notice of resignation to the Liquidation Trustee.  A member of the Board shall be deemed to be immediately removed as a member of the Board in the event a Board member (i) dies, resigns, or becomes incapacitated; or (ii) otherwise fails or refuses to serve.  In the event of a Board member's resignation or removal, the Board Member will not be replaced.  In the event there are no members of the Board, the Liquidation Trustee may, but is not required to, appoint a Person or Persons to serve on the Board.  There shall be no minimum number of members of the Board to retain its function; provided, however, if there shall have been no Board for a period of 30 consecutive days, then the Liquidation Trustee may, during such vacancy, and thereafter, ignore any reference in the Plan, this Agreement, or the Confirmation Order to the Board, and all such references in the Plan, this Agreement, or the Confirmation Order shall be null and void.

4.1.3   The Liquidation Trustee shall provide the Board with such reports specifically requested by the Board from time to time, including quarterly (or such other mor frequent interval as the Board and the Liquidation Trustee may agree) reports detailing the following for the previous period: (i) a general summary of the Liquidation Trust's activities during the period, including claims administration, litigation and other recovery efforts; (ii) a general status of any pending litigation, arbitration, mediation, or settlement efforts; (iii) financial statements consisting of a balance sheet and statement of operations; (iv) the status of any proposed or planned Distributions; (v) any proposed or contemplated formal actions to pursue claims against third parties and proposed counsel and terms of engagement for such matters; and (vi) other material matters as determined by the Liquidation Trustee or reasonably requested by the Board.

4.1.4    The Board may, but shall not be required to, adopt bylaws addressing the conduct of the Board.

4.1.5    The Board, any of the Board's members or designees, attorneys, accountants, or other professionals, any duly designated agent or representative of the Board, and the respective employees of any of the foregoing, shall not be liable for any act or omission of any other member, designee, agent, or representative of the Board, nor shall any member be liable for any act or omission taken or to be taken in that member's capacity as a member of the Board, other than any fraud, intentional misconduct, or gross negligence that directly causes financial loss to the Liquidation Trust Assets. The Board may, in connection with the performance of the Board's functions, and in the Board's sole and absolute discretion, consult with counsel, accountants, and any other professionals, and shall not be liable for any act taken, omitted to be taken, or suffered to be done in accordance with advice or opinions rendered by such counsel, accountants, or other professionals, regardless of whether such advice or opinions are provided in writing. Notwithstanding such authority, the Board shall be under no obligation to consult with counsel, accountants, or other professionals, and the Board's determinations to not do so shall not result in the imposition of liability on the Board or the Board's members or designees.

## ARTICLE 5
## DISTRIBUTIONS FROM THE TRUST;
## PROVISIONS REGARDING CERTAIN LIQUIDATION TRUST ASSETS

5.1    <u>Provisions Governing Distributions</u>.  All distributions to be made under this Agreement to Beneficiaries shall be made in accordance with, and shall be deemed "*Distributions*" as defined in, the Plan, the relevant provisions of which are incorporated herein by this reference.

5.2    <u>Priority of Distributions</u>.  Any recovery by the Liquidation Trust on account of Liquidation Trust Assets shall be applied in accordance with the Plan; provided, however, that the Liquidation Trust must pay all Wind-Down Expenses and provide reasonable provisions for the payment of projected Liquidation Trust expenses, and shall have established any other reserves as may be necessary or appropriate as determined by the Liquidation Trustee after consultation with the Liquidation Trust Supervisory Board, before making any Distributions to Beneficiaries.

5.3    <u>Timing of Distributions</u>.  Any payment or other Distribution required to be made under the Plan or this Agreement on a day other than a Business Day shall be due on the next succeeding business day, without interest, but any such Distribution shall be deemed to have been made on the required due date. Any payment of Cash to be made pursuant to the Plan or this Agreement, subject to the terms hereof, shall be deemed made, if by ACH or electronic wire transfer, when the applicable ACH or electronic wire transfer is initiated by the sending bank or, if by check drawn on a domestic bank, when the earliest occurs of depositing in the mail for the entitled recipient, receipt by the entitled recipient, or delivery to a third-party delivery service for delivery to the entitled recipient.

5.4    <u>Payments Limited to Liquidation Trust Assets</u>.  All payments to be made by the Liquidation Trustee to or for the benefit of any Beneficiary shall be made only to the extent the Liquidation Trust has sufficient funds or reserves to make such payments in accordance with this

24-01863-FPC11    Doc 1117-1    Filed 07/16/25    Entered 07/16/25 12:03:53    Pg 12 of 27

Agreement and the Plan after payment of all Wind-Down Expenses. Each Beneficiary shall have recourse only to the Liquidation Trust Assets for Distributions under this Agreement and the Plan.

5.5     Aggregation of Distributions. To the extent substantially similar Claims of multiple Holders of such Claims represented by the same law firm are resolved simultaneously or on a significantly similar timeline, the Liquidation Trustee may, in his sole discretion, aggregate payments with respect to such Claims and issue a single check to the law firm representing such Holders, subject to any conditions imposed by the Liquidation Trustee in his sole discretion (e.g., requiring a letter from the law firm to the Liquidation Trustee signed by each Holder that provides appropriate instructions to the Liquidation Trustee), with any further notice and Distribution to individual Holders of such Claims to be made by the law firm.

5.6     Compliance With Laws. Any and all Distributions of Liquidation Trust Assets shall be in compliance with applicable laws except as may be expressly provided herein or in the Plan. Without limiting the generality of the foregoing, (a) the Liquidation Trustee shall make Distributions from the Liquidation Trust to the Beneficiaries at least annually, to the extent the Liquidation Trustee determines the Liquidation Trust has sufficient cash available for Distributions, after paying all Wind-Down Expenses and implementing reserves for Wind-Down Expenses and other anticipated Liquidation Trust expenses; provided, however, that the Liquidation Trustee may, to the extent consistent with applicable law as to liquidating trusts (e.g., Revenue Procedure 82-58, 1982-2 C.B. 847, as amplified by Revenue Procedure 91-15, 1991-1 C.B. 484 and Revenue Procedure 94-45, 1994-2 C.B. 684), retain such amounts as required for the Disputed Claims Reserve and the Priority Claims Reserve, and to maintain the value of the Liquidation Trust Assets during the term of the Liquidation Trust; and (b) the Liquidation Trustee, in its discretion, may cause the Liquidation Trust to withhold and/or pay to the appropriate tax authority from amounts distributable from the Liquidation Trust to any Holder of an Allowed Claim, any and all amounts as may be sufficient to pay the maximum amount of any tax or other charge that has been or might be assessed or imposed by any law, regulation, rule, ruling, directive, or other governmental requirement on such Holder or the Liquidation Trust with respect to the amount to be distributed to such Holder. The Liquidation Trustee shall determine such maximum amount to be withheld by the Liquidation Trust in its reasonable discretion and shall cause the Liquidation Trust to distribute to the Holder any excess amount withheld. Debtors and the Liquidation Trustee will comply with all applicable withholding and information reporting requirements imposed by U.S. federal, state, local, and foreign taxing authorities, and all Distributions under the Plan will be subject to those withholding and information reporting requirements. All such amounts withheld and paid to the appropriate tax authority (or reserved pending resolution of the need to withhold) shall be treated as amounts distributed to such Holders of Claims for all purposes of this Agreement.

5.7     Setoff Rights. The Liquidation Trustee may, but shall not be required to, set off against or recoup from the Holder of any Allowed Claim (including any Beneficiary) on which payments or other Distributions are to be made hereunder, claims or defenses of any nature that the Liquidation Trust may have against such Person. However, neither the failure to do so, nor the allowance of any Claim under the Plan or otherwise, shall constitute a waiver or release of any such claim, right of setoff, or right of recoupment against the Holder of such Allowed Claim.

5.8     Right to Settle Claims

         5.8.1     Authority to Settle and Object.  Unless otherwise provided for in the Plan or as otherwise set forth herein, the Liquidation Trustee shall have the responsibility and authority for administering, disputing, compromising, and settling or otherwise resolving and finalizing payments or other Distributions with respect to Holders of Allowed Claims that are Beneficiaries under the Plan.  Any objections to Claims shall be served and filed by the Liquidation Trustee on or before the later of (a) 180 days after the Effective Date; and (b) such other period of limitation as may be specifically fixed by Debtors or the Liquidation Trustee, as applicable, or by a Final Order of the Bankruptcy Court for objecting to such Claims (as the same may be extended by the Bankruptcy Court for cause shown).  The Liquidation Trustee may seek Bankruptcy Court approval to establish additional objection, estimation, or other claims reconciliation procedures as the Liquidation Trustee believes appropriate, including by requesting an estimation proceeding with respect to one or more Claims.  The Liquidation Trustee shall generally prosecute objections to Claims pending as of the Effective Date and any additional objections it determines to file from and after the Effective Date but shall be entitled to exercise any and all judgment and discretion with respect to the manner in which to defend against or settle any Claims.  In addition, subject to the foregoing sentence, the Liquidation Trustee may, at any time, request that the Bankruptcy Court estimate any contingent Claim, Disputed Claim, or unliquidated Claim pursuant to Section 502(c) of the Bankruptcy Code regardless of whether any party previously objected to or sought estimation of such Claim.  Without limiting the preceding, the Liquidation Trustee shall have the benefit of, and may utilize, the procedures approved by the Bankruptcy Court pursuant to that certain Order Approving (1) Omnibus Claims Objections Procedures and (2) Settlement Procedures entered into in the Bankruptcy Cases [Dkt. 397]. The Liquidation Trustee may, but shall not be required to, seek Bankruptcy Court approval of the resolution of any Claim.

5.9     No Distributions Pending Allowance.  If a Claim or any portion of a Claim is Disputed, no payment or Distribution shall be made on account of any portion of such Claim unless and until all objections to such Claim are resolved by Final Order or as otherwise permitted by the Plan or this Agreement.

5.10    Unclaimed and Undeliverable Distributions.  In the event any Distribution to any Holder is returned as undeliverable, no Distribution to such Holder shall be made unless and until the Liquidation Trust has determined the then-current address of such Holder, at which time such Distribution shall be made to such Holder without interest; provided that such Distributions shall be deemed unclaimed property under Section 347(b) of the Bankruptcy Code at the expiration of 90 days from the date the Distribution is made.  After such date, all unclaimed property or interests in property shall revert to the applicable disbursement account of the Liquidation Trust without need for a further order by the Bankruptcy Court, to be made available to other Beneficiaries (notwithstanding any applicable federal or state escheat, abandoned, or unclaimed property laws to the contrary), and the Claim of any Holder to such returned property or Interest in property shall be discharged and forever barred.

5.11    Conflicting Claims.  If any conflicting claims or demands are made or asserted with respect to the beneficial interest of a Beneficiary under this Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to

all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Liquidation Trustee shall be entitled, in its reasonable discretion, to refuse to comply with any such conflicting claims or demands.

5.11.1    The Liquidation Trustee, in its reasonable discretion, may elect to cause the Liquidation Trust to make no payment or Distribution with respect to the beneficial interest subject to conflicting claims or demands, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands.  Neither the Liquidation Trust nor the Liquidation Trustee shall be or become liable to any such parties for their refusal to comply with such conflicting claims or demands, nor shall the Liquidation Trust or Liquidation Trustee be liable for interest on any funds that may be so withheld.

5.11.2    The Liquidation Trustee shall be entitled to refuse to act until either (a) the rights of the adverse claimants have been adjudicated by a Final Order of the Bankruptcy Court; or (b) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Liquidation Trustee, which agreement shall include a complete release of the Liquidation Trust and Liquidation Trustee.  Until the Liquidation Trustee receives written notice that one of the conditions of the preceding sentence is met, the Liquidation Trustee may deem and treat as the absolute owner under this Agreement of the Liquidation Trust Interest, the Beneficiary identified as the owner of that interest in the books and records maintained by the Liquidation Trustee.  The Liquidation Trustee may deem and treat such Beneficiary as the absolute owner for purposes of receiving Distributions and any payments on account thereof for U.S. federal and state income tax purposes, and for all other purposes whatsoever.

5.11.3    In acting or refraining from acting under and in accordance with Article 5.11 of this Agreement, the Liquidation Trustee shall be fully protected and incur no liability to any purported claimant or any other Person to the extent set forth in Article 7 of this Agreement.

5.12    <u>Minimum Cash Distributions</u>.  The Liquidation Trust shall not be required to make any Distribution of Cash less than $100 to any Beneficiary.

5.13    <u>Further Distributions Not Feasible</u>.  Notwithstanding anything to the contrary in the Plan or this Agreement, if the Liquidation Trustee determines that any Beneficiaries of the Liquidation Trust no longer exist or cannot otherwise be reasonably ascertained, or the Liquidation Trustee determines that the Liquidation Trust Assets are insufficient to make any further Distribution economically justifiable, the Liquidation Trustee may donate the remaining Cash to one or more charitable organizations and thereafter terminate the Liquidation Trust.

## ARTICLE 6
## BENEFICIARIES

6.1    <u>Identification and Addresses of Beneficiaries</u>.  In order to determine the actual names and addresses of Beneficiaries, the Liquidation Trustee may, but is not required to, deliver a notice to the Beneficiaries.  Such notice may include a form for each Beneficiary to complete to be properly registered as a Beneficiary and to be eligible for Distributions under the Liquidation Trust.  Such form may request the Beneficiary's U.S. federal employer or taxpayer identification

number if the Liquidation Trustee determines such information is necessary to fulfill the Liquidation Trust's tax reporting and withholding obligations, and the Liquidation Trustee may require, in the Liquidation Trustee's sole and absolute discretion and as a condition to the receipt of any Distribution, that the Holder of an Allowed Claim complete and return to the Liquidation Trustee the appropriate IRS Form W-8 or IRS Form W-9, as applicable to each Holder. A Beneficiary may, after the Effective Date, select an alternative mailing address by notifying the Liquidation Trustee via email (RUSAclaims@force10partners.com). Absent receipt of such notice, the Liquidation Trustee shall not be obligated to recognize any such change of address. Such notification shall be effective only upon receipt by the Liquidation Trustee. The Liquidation Trustee, in its reasonable discretion, may suspend Distributions to any Beneficiary that has not provided its U.S. federal employer or taxpayer identification number, as the case may be, after a request is made pursuant to this Article 6.1. Each Beneficiary's Liquidation Trust Interest is dependent upon such Beneficiary's classification under the Plan and the status of its Allowed Claim.

6.2    Beneficial Interest Only. The ownership of a Liquidation Trust Interest shall not entitle any Beneficiary to any title in or to, possession of, management of, or control of any of the Liquidation Trust Assets; to any right to call for a partition or division of such Liquidation Trust Assets; or to require an accounting, except as specifically provided herein. Except as expressly provided in this Agreement, a Beneficiary shall not have standing to direct, or to seek to direct, the Liquidation Trust or Liquidation Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person with respect to the Liquidation Trust Assets.

6.3    Ownership of Beneficial Interests Hereunder. Each Beneficiary shall own a beneficial interest in the Liquidation Trust (as represented by the Liquidation Trust Interest(s) issued to such Beneficiary consistent with the Plan). The record holders of the Liquidation Trust Interests shall be recorded and set forth in a registry maintained by, or at the direction of, the Liquidation Trustee expressly for such purpose.

6.4    Evidence of Beneficial Interest. Ownership of a Liquidation Trust Interest shall not be evidenced by any certificate, security, or receipt (unless otherwise determined by the Liquidation Trustee) or in any other form or manner whatsoever. Ownership of the Liquidation Trust Interests shall be maintained on books and records of the Liquidation Trust maintained by the Liquidation Trustee, which may be the Trust Claims Register. The Liquidation Trustee shall, upon written request of a holder of a beneficial interest, provide reasonably adequate documentary evidence of such holder's Claim as indicated on the books and records of the Liquidation Trust. The expense of providing such documentation shall be borne by the requesting holder.

6.5    No Right to Accounting. Neither the Beneficiaries nor their successors, assigns, creditors, or any other Person shall have any right to an accounting by the Liquidation Trust, and the Liquidation Trustee shall not be obligated to provide any accounting to any Person. Nothing in this Agreement is intended to require the Liquidation Trustee, at any time or for any purpose, to file any accounting or seek approval of any court with respect to administration of the Liquidation Trust or as a condition for making any advance, payment, or Distribution out of proceeds of Liquidation Trust Assets.

24-01863-FPC11    Doc 1117-1    Filed 07/16/25    Entered 07/16/25 12:03:53    Pg 16 of 27

6.6     [Reserved]

6.7     <u>Requirement of Undertaking</u>.  The Liquidation Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Liquidation Trustee for any action taken or omitted by it as Liquidation Trustee, the filing by any party litigant in such suit of an undertaking to pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; provided, however, that the provisions of this Article 6.7 shall not apply to any suit by the Liquidation Trustee.

6.8     <u>Limitation on Transferability</u>.  No holder of a Liquidation Trust Interest may Transfer all or any part of its Liquidation Trust Interest except (a) to the spouse of such holder, (b) by devise or bequest, or (c) by operation of law.  Any such Transfer by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Liquidation Trustee, and the Liquidation Trustee may continue to cause the Liquidation Trust to pay all amounts to or for the benefit of the assigning Beneficiaries until receipt of proper notification and proof of such Transfer.  The Liquidation Trustee may rely upon such proof without the requirement of any further investigation.  Notwithstanding any other provision to the contrary, the Liquidation Trustee may disregard any purported Transfer of Claims by will, intestate succession, or operation of law if sufficient necessary information (as reasonably determined by the Liquidation Trustee), including applicable tax-related information, is not provided by such purported transferee or assignee to the Liquidation Trustee.  Any purported Transfer of all or any part of any Liquidation Trust Interest in violation of this Article 6.8 shall be null and void ab initio.

6.9     <u>Exemption From Registration</u>.  The parties hereto intend that the rights of the Beneficiaries arising under this Agreement shall not be "securities" under applicable laws, but none of the parties hereto represent or warrant that such rights shall not be securities or shall be entitled to exemption from registration under applicable securities law.  If such rights constitute securities, the exemption from registration provided by Section 1145 of the Bankruptcy Code and under applicable securities laws shall apply to their issuance under the Plan.  No party to this Agreement shall make a contrary or different contention.

## ARTICLE 7
## THIRD-PARTY RIGHTS AND LIMITATION OF LIABILITY

7.1     <u>Parties Dealing With the Liquidation Trustee</u>.  In the absence of actual knowledge to the contrary, any Person dealing with the Liquidation Trust or the Liquidation Trustee shall be entitled to rely on the authority of the Liquidation Trustee or any of the Liquidation Trust's agents to act in connection with the Liquidation Trust Assets.  No Person that may deal with the Liquidation Trustee shall have any obligation to inquire into the validity or expediency or propriety of any transaction by the Liquidation Trustee or any agent of the Liquidation Trustee.

7.2     <u>Limitation on Liability of Liquidation Trustee</u>.  Notwithstanding anything herein to the contrary, in exercising the rights granted herein, the Liquidation Trustee shall exercise its best judgment to ensure that the affairs of the Liquidation Trust shall be properly managed and the interests of all Beneficiaries are safeguarded to the extent provided in the Plan, Confirmation Order, and herein; but neither the Liquidation Trustee nor any of its accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment

bankers, real estate brokers, transfer agents, independent contractors, managers, members, officers, partners, predecessors, principals, professional persons, representatives, affiliates, employers, and successors shall incur any responsibility or liability by reason of any error of law or any matter or thing done, suffered, or omitted to be done under this Agreement, unless the Liquidation Trustee or such other party has acted with gross negligence, fraud, or willful misconduct, and in no event shall the Liquidation Trustee or such other party be liable for indirect, punitive, special, incidental, or consequential damage or loss (including, but not limited to, lost profits) whatsoever, even if the Trustee or such other party has been informed of the likelihood of such loss or damages and regardless of the form of action. The Liquidation Trustee's obligations, duties, and responsibilities under the Plan, the Confirmation Order, and this Agreement are qualified in their entirety by the availability of and reasonable likelihood of recovery of sufficient assets or Cash to fund the Liquidation Trustee's activities. Upon the appointment of a successor Liquidation Trustee, and any necessary delivery or transfer of the then remaining Liquidation Trust Assets to the successor Liquidation Trustee, the predecessor Liquidation Trustee and each of its respective accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, real estate brokers, transfer agents, independent contractors, managers, members, officers, partners, predecessors, principals, professional persons, representatives, affiliates, employers, and successors shall have no further liability or responsibility with respect thereto (other than liabilities arising prior to the cessation of its role as Liquidation Trustee). A successor Liquidation Trustee shall have no duty to examine or inquire into the acts or omissions of its immediate or remote predecessor, and no successor Liquidation Trustee shall be in any way liable for the acts or omissions of any predecessor Liquidation Trustee, unless a successor Liquidation Trustee expressly assumes such responsibility. A predecessor Liquidation Trustee shall have no liability for the acts or omissions of any immediate or subsequent successor Liquidation Trustee for any events or occurrences subsequent to the cessation of its role as Liquidation Trustee.

7.3     Indemnification. The Liquidation Trustee and each of its accountants, agents, assigns, attorneys, bankers, consultants, directors, employees, executors, financial advisors, investment bankers, real estate brokers, transfer agents, independent contractors, managers, members, officers, partners, predecessors, principals, professional persons, representatives, affiliates, employers, and successors (each, an "*Indemnified Party*") shall be indemnified for, and defended and held harmless against, by the Liquidation Trust and solely from the Liquidation Trust Assets, any loss, liability, damage, judgment, fine, penalty, claim, demand, settlement cost, or expense (including the reasonable fees and expenses of their respective professionals) actually incurred without gross negligence, willful misconduct, or fraud on the part of the applicable Indemnified Party (which gross negligence, willful misconduct, or fraud, if any, must be determined by a final, non-appealable order of a court of competent jurisdiction) for any action taken, suffered, or omitted to be taken by the Indemnified Parties in connection with the acceptance, administration, exercise, and performance of their duties under the Plan or this Agreement, as applicable, if the applicable Indemnified Party acted in good faith and in a manner reasonably believed to be in, or not opposed to, the best interests of the Liquidation Trust or the Beneficiaries. An act or omission taken with the approval of the Bankruptcy Court, and not inconsistent therewith, will be conclusively deemed not to constitute gross negligence, willful misconduct, or fraud. The amounts necessary for the indemnification provided in this Article 7.3 (including, but not limited to, any costs and expenses incurred in enforcing the right of indemnification in this Article 7.3)

shall be paid by the Liquidation Trust out of the Liquidation Trust Assets. None of the Liquidation Trustee, Debtors, or any other Indemnified Party shall be personally liable for the payment of any Liquidation Trust expense, claim, or other liability of the Liquidation Trust, and no Person shall look to the Liquidation Trustee, Debtors, or any Indemnified Party personally for the payment of any such expense or liability. The indemnification provided in this Article 7.3 shall survive the death, dissolution, incapacity, resignation, or removal of the Liquidation Trustee, Indemnified Party, or the termination of the Liquidation Trust or this Agreement, and shall inure to the benefit of each Indemnified Party's heirs and assigns.

## ARTICLE 8
## SELECTION, REMOVAL, AND COMPENSATION OF TRUSTEE

8.1     <u>Appointment</u>. The Liquidation Trustee has been selected pursuant to the provisions of the Plan to effectuate an orderly and efficient transition of the administration, in accordance herewith, of the Liquidation Trust Assets for the benefit of the Beneficiaries.

8.2     <u>Term of Service</u>. The Liquidation Trustee shall serve until the earlier to occur of (a) the termination of the Liquidation Trust in accordance with this Agreement and the Plan; or (b) the Liquidation Trustee's death, dissolution, incapacity, resignation, or removal. Any fees and unreimbursed expenses properly incurred by the Liquidation Trustee in accordance with the terms of this Agreement owing to the Liquidation Trustee as of the date of the Liquidation Trustee's death, dissolution, incapacity, resignation or removal shall be paid to the Liquidation Trustee within seven calendar days of the termination of the Liquidation Trustee's services.

8.3     <u>Removal of Liquidation Trustee</u>. Any Person serving as Liquidation Trustee may be removed and replaced only for cause by a Final Order of the Bankruptcy Court, after notice and a hearing; provided, however, that the Liquidation Trustee may not be removed until a successor Liquidation Trustee has been named, or is capable of being named, immediately upon such removal.

8.4     <u>Resignation of Liquidation Trustee</u>. The Liquidation Trustee may resign at any time by giving not less than 30 days' written notice thereof to the Bankruptcy Court and Debtors. Without limiting any other reporting or accounting obligations under the Plan or this Agreement, in the event of a resignation, the resigning Liquidation Trustee shall file with the Bankruptcy Court a full and complete written accounting of monies and Liquidation Trust Assets received, disbursed, and held during the term of office of that Liquidation Trustee. The resignation shall be effective on the later to occur of (a) the date specified in the notice; or (b) the appointment of a successor, whom shall be selected by the resigning Liquidation Trustee, the acceptance by such successor of such appointment, and the approval of the successor's appointment by the Bankruptcy Court; provided, that such resignation shall become effective on the date specified in the Liquidation Trustee's notice without the appointment of a successor Liquidation Trustee if the Insurance Coverages (as defined below) terminate for any reason other than the Liquidation Trustee's unreasonable refusal to renew such Insurance Coverages; and provided further that if a successor Liquidation Trustee is not appointed or does not accept its appointment or if the appointment of a successor Liquidation Trustee has not been approved by the Bankruptcy Court within 60 days following delivery of the notice of resignation, the resigning Liquidation Trustee may petition the Bankruptcy Court for the appointment of a successor Liquidation Trustee.

Notwithstanding the resignation of the Liquidation Trustee pursuant to this Article 8.4, the rights of the resigning Liquidation Trustee under this Agreement with respect to acts or omissions occurring prior to the effectiveness of such resignation will continue for the benefit of such resigning Liquidation Trustee following the effectiveness of such resignation.

8.5     Appointment of Successor Liquidation Trustee.  Subject to Article 8.3 herein, in the event of resignation of the Liquidation Trustee, the Liquidation Trust Supervisory Board shall appoint a successor Liquidation Trustee.  In the event of the death (in the case of a Litigation Trustee that is a natural person), dissolution (in the case of a Litigation Trustee that is not a natural person), incompetency, or removal pursuant to Article 8.3 herein, of the Litigation Trustee, the Liquidation Trust Supervisory Board shall appoint a successor Liquidation Trustee to fill the vacancy so created.  Any successor Liquidation Trustee so appointed shall consent to and accept in writing the terms of this Agreement and agrees that the provisions of this Agreement shall be binding upon and inure to the benefit of the successor Liquidation Trustee.

8.6     Powers and Duties of Successor Liquidation Trustee.  A successor Liquidation Trustee shall have all the rights, privileges, powers, and duties of its predecessor under this Agreement and the Plan.  Notwithstanding anything to the contrary herein, a removed or resigning Liquidation Trustee shall, when requested in writing by the successor Liquidation Trustee, execute and deliver an instrument or instruments conveying and transferring to such successor Liquidation Trustee under the Liquidation Trust all the estates, properties, rights, powers, and trusts of such predecessor Liquidation Trustee.

8.7     Trust Continuance.  The death, resignation, dissolution, incapacity, or removal of the Liquidation Trustee shall not terminate the Liquidation Trust or revoke any then-existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Liquidation Trustee.

8.8     Compensation and Costs of Administration.  The Liquidation Trustee shall be entitled to compensation of $10,000 a month plus three (3) percent of all Distributions to Beneficiaries, plus the reimbursement of reasonable expenses, all of which shall be charged against and paid out of the Liquidation Trust Assets without further Bankruptcy Court approval or order (subject to the limitations set forth in this Agreement and the Plan).  The Liquidation Trustee shall be permitted to retain counsel, accountants, and other advisors, including without limitation Force Ten Partners, LLC, to assist with carrying out his responsibilities so long as they are not duplicative. All costs, expenses, and obligations, including filing and hearing fees, incurred by the Liquidation Trustee (or professionals who may be employed by the Liquidation Trustee in administering the Liquidation Trust pursuant to Article 3.2 hereof, in carrying out their responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid solely from the applicable Liquidation Trust Assets prior to any Distribution to Beneficiaries without further Bankruptcy Court approval or order (subject to the limitations set forth in this Agreement, the Confirmation Order, and the Plan).

8.9     Periodic Reporting; Filing Requirements

        8.9.1     As soon as practicable following the month in which the Effective Date occurs, the Liquidating Trustee shall file Debtors' final monthly operating report (for the month in which

the Effective Date occurs).  As soon as practicable, but in no event later than 30 calendar days after the end of the first full quarter following the Effective Date and on a quarterly basis thereafter until all Liquidation Trust Assets have been distributed or otherwise paid out in accordance with the Plan and this Agreement, the Liquidation Trustee shall file a report with the Bankruptcy Court setting forth, by creditor class, the amounts, recipients, and dates of all Distributions made by the Liquidation Trustee through each applicable reporting period.  In addition, the Liquidating Trustee shall file with the Bankruptcy Court one UST Form 11-PCR report when it becomes due reflecting payments made by the Liquidation Trust.

8.9.2    The Liquidation Trustee shall file tax returns for the Liquidation Trust as a grantor trust pursuant to Treasury Regulation Section 1.671-4(a) and any other applicable laws or regulations, with the Beneficiaries treated as grantors of the Liquidation Trust and as the deemed owners of the Liquidation Trust Assets for U.S. federal income tax purposes in respect of their Liquidation Trust Interests.  In addition, the Liquidation Trustee shall file in a timely manner such other tax returns as are required by applicable law and pay any taxes shown as due thereon.  The Liquidation Trustee may withhold from amounts distributable to any Person any and all amounts, determined in the Liquidation Trustee's reasonable discretion, to be required by any law, regulation, rule, ruling, directive, or other governmental requirement.  All Beneficiaries shall be required to provide any information necessary to effect the withholding of such taxes.

Subject to definitive guidance from the IRS or a court of competent jurisdiction to the contrary (including the issuance of applicable Treasury Regulations, the receipt by the Liquidation Trustee of a private letter ruling if the Liquidation Trustee so requests one, or the receipt of an adverse determination by the IRS upon audit if not contested by the Liquidation Trustee), allocations of taxable income of the Liquidation Trust (other than taxable income allocable to the Liquidation Trust's claims reserves) among holders of Liquidation Trust Interests will be determined by reference to the manner in which an amount of cash equal to such taxable income would be distributed (were such cash permitted to be distributed at such time) if, immediately prior to such deemed Distribution, the Liquidation Trust had distributed all of its assets (valued at their tax book value) to the holders of the Liquidation Trust Interests, adjusted for prior taxable income and loss and taking into account all prior and concurrent Distributions from the Liquidation Trust.  Similarly, taxable loss of the Liquidation Trust will be allocated by reference to the manner in which an economic loss would be borne immediately after a hypothetical liquidation Distribution of the remaining Liquidation Trust Assets.  The tax book value of the Liquidation Trust Assets for purpose of this paragraph shall equal their fair market value on the date the Liquidation Trust Assets are transferred to the Liquidation Trust, adjusted in accordance with tax accounting principles prescribed by the IRS, the IRC, applicable Treasury Regulations, and other applicable administrative and judicial authorities and pronouncements.

8.9.3    The tax returns filed by the Liquidation Trustee shall report all information required to be reported for the taxable year being reported.  The "taxable year" of the Liquidation Trust shall be the "calendar year" as those terms are defined in IRC Section 441.

8.10    Confidentiality.  Except as required in the performance of its duties, the Liquidation Trustee shall, while serving as Liquidation Trustee under this Agreement, hold strictly confidential and not use for personal gain any material, non-public information of or pertaining to any Person to which any of the Liquidation Trust Assets relate or of which the Liquidation

Trustee has become aware in its capacity as Liquidation Trustee. The confidentiality provided in this Article 8.10 shall survive the death, dissolution, incapacity, resignation, or removal of the Liquidation Trustee or termination of the Liquidation Trust.

# ARTICLE 9
## MAINTENANCE OF RECORDS

The Liquidation Trustee shall maintain accurate records of the administration of Liquidation Trust Assets, including receipts, disbursements, and other activity of the Liquidation Trust. Debtors' Claims Register may serve as the Trust Claims Register to the extent of any Claims reflected thereon, inclusive of scheduled Claims not superseded by a filed proof of claim. The books and records maintained by the Liquidation Trustee and any records of Debtors transferred to the Liquidation Trust may be disposed of by the Liquidation Trustee at the Liquidation Trustee's cost the later of (a) such time as the Liquidation Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Liquidation Trust or its Beneficiaries, and (b) upon termination and completion of the winding down of the Liquidation Trust.

# ARTICLE 10
## DURATION OF TRUST

10.1    <u>Duration</u>.  Subject to Article 10.3 hereof, this Agreement shall remain and continue in full force and effect until the Liquidation Trust is terminated in accordance with the provisions of this Agreement and the Plan.

10.2    <u>Termination of the Liquidation Trust</u>.  Notwithstanding any provision of the Plan to the contrary, the Liquidation Trust shall be dissolved upon the earlier of the Distribution of all Liquidation Trust Assets to the Beneficiaries required to be made by the Liquidation Trust under the Plan or the fifth anniversary of the creation of the Liquidation Trust; provided, however, notwithstanding the foregoing, that the Liquidation Trust shall be dissolved no later than five years from the Effective Date unless the Bankruptcy Court, upon a motion filed within six months of the fifth anniversary of the Effective Date or the end of any extension period approved by the Bankruptcy Court (the filing of which shall automatically extend the term of the Liquidation Trust pending entry of an order by the Bankruptcy Court granting or denying the motion), determines that a fixed period extension (not to exceed three years, together with any prior extensions, without a favorable letter ruling from the IRS that any further extension would not adversely affect the status of the Liquidation Trust as a liquidating trust for federal income tax purposes) is necessary to facilitate or complete recovery and liquidation of the Liquidation Trust Assets; provided, however, that adequate funding exists for such extension period as determined by the Bankruptcy Court; provided, further, that each request for an extension shall be approved by the Bankruptcy Court within six months prior to the conclusion of the extended term.  After (a) the final Distribution of the balance of the assets or proceeds of the Liquidation Trust pursuant to the Plan; (b) the filing by or on behalf of the Liquidation Trust of a certification of dissolution with the Bankruptcy Court in accordance with the Plan; and (c) any other action deemed appropriate by the Liquidation Trustee, the Liquidation Trust shall be deemed dissolved for all purposes without the necessity for any other or further actions. Upon termination of the

Liquidation Trust, the Liquidation Trustee may donate any remaining Assets not distributed under the Plan to any 501(c)(3) organization.

10.3   Continuance of Trust for Winding Down.  After termination of the Liquidation Trust and for the purpose of liquidation and winding down the affairs of the Liquidation Trust, the Liquidation Trustee shall continue to act as such until its duties have been fully performed, including such post-Distribution tasks as necessary to wind down the affairs of the Liquidation Trust.  After termination of the Liquidation Trust, the Liquidation Trustee, for a time, may retain or cause to be retained certain books, records, Beneficiary lists, certificates, and other documents and files that have been delivered to or created by the Liquidation Trustee.  Except as otherwise specifically provided herein, upon the discharge of all liabilities of the Liquidation Trust and final Distribution of the Liquidation Trust, the Liquidation Trustee shall have no further duties or obligations hereunder.

10.4   No Termination by Beneficiaries.  The Liquidation Trust may not be terminated at any time by the Beneficiaries.

## ARTICLE 11
## MISCELLANEOUS

11.1   Books and Records.  Debtors shall provide during normal business hours, and upon reasonable request, the Liquidation Trustee with books and records and work product to allow the Liquidation Trustee to discharge its duties in reconciling and prosecuting objections to Claims.

11.2   Notices.  Unless otherwise expressly provided herein, all notices to be given to Beneficiaries may be given by ordinary mail, or may be delivered personally, to the Holders at the addresses appearing on the books kept by the Liquidation Trustee.  Any notice or other communication which may be or is required to be given, served, or sent to the Liquidation Trust or Debtors shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery (if receipt is confirmed) addressed as follows:

If to Debtors or the Liquidation Trust:            with a copy to:

Force Ten Partners, LLC                            Tonkon Torp LLP
Attn:   Brian Weiss                                Attn:  Danny Newman
5271 California Ave., Ste. 270                     1300 SW Fifth Ave., Suite 2400
Irvine, CA 92617                                   Portland, OR 97204
bweiss@force10partners.com                        danny.newman@tonkon.com

11.3   No Bond.  Notwithstanding any state law to the contrary, the Liquidation Trustee (including any successor) shall be exempt from giving any bond or other security in any jurisdiction unless the Liquidation Trustee decides, in its reasonable judgment, to obtain such bond or other security.

11.4   Insurance.  The Liquidation Trust is hereby authorized and required, to the extent reasonably available, to obtain and maintain all reasonable and customary insurance coverage,

including any appropriate tail coverage, and to pay all insurance premiums and costs for the protection, and to insure the acts and omissions of itself, the Liquidation Trustee, and each of their accountants, agents, attorneys, bankers, consultants, executors, financial advisors, investment bankers, real estate brokers, transfer agents, representatives, employees, or independent contractors, including coverage with respect to the liabilities, duties, and obligations of the Liquidation Trustee and such accountants, agents, attorneys, bankers, consultants, executors, financial advisors, investment bankers, real estate brokers, transfer agents, representatives, employees, or independent contractors under this Agreement and the Plan, which coverage shall be primary to any other coverage potentially available to such persons ("*Insurance Coverages*").  The cost of any such Insurance Coverages shall be an expense of the Liquidation Trust and paid solely out of the Liquidation Trust Assets.

11.5    <u>Governing Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of Washington without giving effect to rules governing conflicts of law, including all matters of validity, construction, and administration; provided, however, that there shall not be applicable to the Liquidation Trust, the Liquidation Trustee, or this Agreement, any provisions of the laws (statutory or common) of the State of Washington pertaining to trusts that relate to or regulate, in a manner inconsistent with the terms hereof, (a) the filing with any court or governmental body or agency of trustee accounts or schedule of trustee fees and charges; affirmative requirements to post bonds for trustees, officers, agents, or employees of a trust; or the necessity for obtaining court or other governmental approval concerning the acquisition, holding, or disposition of real or personal property; (b) fees or other sums payable to trustees, officers, agents, or employees of a trust; (c) allocation of receipts and expenditures to income and principal; (d) restrictions or limitations on the permissible nature, amount, or concentration of trust investments or requirements relating to the titling, storage, or other manner of holding or investing trust assets; or (e) the establishment of fiduciary or other standards, responsibilities, or limitations on the acts or powers of trustees.

11.6    <u>Successors and Assigns</u>.  This Agreement shall inure to the benefit of, and shall be binding upon, the parties hereto, the Beneficiaries, and their respective successors and assigns.

11.7    <u>Headings</u>.  The various headings of this Agreement are inserted for convenience only and shall not affect the meaning or understanding of this Agreement or any provision hereof.

11.8    <u>Cumulative Rights and Remedies</u>.  The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

11.9    <u>No Execution</u>.  All funds in the Liquidation Trust shall be deemed in custodia legis until such time as the funds have actually been paid to or for the benefit of a Beneficiary, and no Beneficiary or any other Person can execute upon, garnish, or attach the Liquidation Trust Assets or the Liquidation Trust in any manner or compel payment from the Liquidation Trust except by Final Order of the Bankruptcy Court.  Payment will be solely governed by this Agreement and the Plan.

11.10   <u>Intention of Parties to Establish Grantor Trust</u>.  This Agreement is intended to create a grantor trust for U.S. federal income tax purposes and, to the extent provided by law, shall be governed and construed in all respects as such a grantor trust.  Consistent with Revenue

Procedure 82-58, 1982-2 C.B. 847, as amplified by Revenue Procedure 91-15, 1991-1 C.B. 484 and Revenue Procedure 94-45, 1994-2 C.B. 684, the Liquidation Trust shall be treated as a liquidating trust pursuant to Treasury Regulation Section 301.7701-4(d) and as a grantor trust pursuant to IRC Sections 671-677. As such, for U.S. federal income tax purposes, the Beneficiaries will be treated as both the grantors and the deemed owners of the Liquidation Trust. Notwithstanding the foregoing, as set forth in the Plan, if the Liquidation Trust does not qualify as a liquidating trust for U.S. federal income tax purposes, the Liquidation Trust shall be treated as a partnership for U.S. federal income tax purposes.

11.11   Tax Treatment of Reserves for Disputed Claims.  The Liquidation Trustee shall maintain the Disputed Claims Reserve as provided in the Plan.  As set forth in the Plan, the Liquidation Trust will pay taxes on the taxable net income or gain allocable to Holders of Disputed Claims on behalf of such Holders.  In the event, and to the extent, any Cash retained on account of Disputed Claims in the Disputed Claims Reserve is insufficient to pay the portion of any such taxes attributable to the taxable income arising from the assets allocable to, or retained on account of, Disputed Claims, such taxes shall be (a) reimbursed from any subsequent Cash amounts retained on account of Disputed Claims; or (b) to the extent such Disputed Claims have subsequently been resolved, deducted from any amounts distributable by the Liquidation Trust as a result of resolution of such Disputed Claims.  The Liquidation Trustee may, in the Liquidation Trustee's reasonable discretion, determine the best way to report for tax purposes with respect to the Disputed Claims Reserve, including, but not limited to (a) filing a tax election to treat the Disputed Claims Reserve as a Disputed Ownership Fund ("*DOF*") within the meaning of Treasury Regulation Section 1.468B-9 for U.S. federal income tax purposes rather than to treat such reserve as a part of the Liquidation Trust; or (b) electing to report as a separate trust, sub-trust or other entity.  If an election is made to report the Disputed Claims Reserve as a DOF, the Liquidation Trust shall comply with all U.S. federal and state tax reporting and tax compliance requirements of the DOF, including, but not limited to, the filing of a separate U.S. federal tax return for the DOF and the payment of U.S. federal and/or state income taxes due. For the avoidance of doubt, all the Liquidation Trust's income shall be treated as subject to tax on a current basis consistent with Revenue Procedure 82-58, 1982-2, C.B. 847, as amplified by Revenue Procedure 91-15, 1991-1 C.B. 484 and Revenue Procedure 94-45, 1994-2 C.B. 684.

11.12   Amendment.  This Agreement may be amended by written agreement of the Liquidation Trustee and Debtors or by order of the Bankruptcy Court; provided, however, that such amendment may not be inconsistent with the Plan or Confirmation Order.

11.13   Waiver.  No failure by any Party to exercise, or delay in exercising, any right, power, or privilege hereunder shall operate as a waiver, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof, or of any other right, power, or privilege.

11.14   Severability.  If any term, provision, covenant, or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable, or against its regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

11.15   Further Assurances.  The Parties agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes and provide for the full implementation of this Agreement and the pertinent provisions of the Plan, and to consummate the transactions contemplated hereby.

11.16   Counterparts and Facsimile Signatures.  This Agreement may be executed in counterparts and a facsimile or other electronic form of signature shall be of the same force and effect as an original.

11.17   Jurisdiction.  The Bankruptcy Court shall have jurisdiction regarding the Liquidation Trust, the Liquidation Trustee, and the Liquidation Trust Assets, including the determination of all disputes arising out of or related to administration of the Liquidation Trust.  The Bankruptcy Court shall have continuing jurisdiction and venue to hear and finally determine all disputes and related matters arising out of or related to this Agreement or the administration of the Liquidation Trust.  The parties expressly consent to the Bankruptcy Court hearing and exercising such judicial power as is necessary to finally determine all such disputes and matters.  If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Chapter 11 Cases, including the matters set forth in this Agreement, then the provisions of this Agreement shall have no effect on and shall not control, limit, or prohibit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matter, and all applicable references in this Agreement to an order or decision of the Bankruptcy Court shall instead mean an order or decision of such other court of competent jurisdiction.

[The remainder of this page is intentionally left blank.]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the day and year written above.

DEBTORS:                             REFRESHING USA, LLC,
CREATIVE TECHNOLOGIES, LLC, and
WATER STATION MANAGEMENT LLC

By _____
      Brian Weiss, Chief Restructuring Officer
      Force Ten Partners, LLC

LIQUIDATION TRUSTEE:

By _____
      [_____]

LIQUIDATION TRUST SUPERVISORY BOARD

By _____

Name: _____

By _____

Name: _____

By _____

Name: _____

044904\00001\18592998v1