Bryan Cave Leighton Paisner LLP
Randall T. Thomsen, WSBA #25310
999 Third Avenue, Suite 4400
Seattle, WA 98104
Email: rthomsen@bclplaw.com
Telephone: (206) 600-6650

Kyle Hirsch (*Admitted Pro Hac Vice*)
Two North Central Avenue, Suite 2100
Phoenix, AZ 85004
Email: kyle.hirsch@bclplaw.com
Telephone: (602) 364-7000

William J. Easley (*Admitted Pro Hac Vice*)
One Kansas City Place
1200 Main Street, Suite 3800
Kansas City, Mo 64105
Email: will.easley@bclplaw.com
Telephone: (816) 374-3200

HONORABLE FREDERICK P. CORBIT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In Re:

REFRESHING USA, LLC, *et al.*,

Debtors.[1]

No. 24-01863 (PFC)

(Jointly Administered)

**WATER FOR COMMERCE FUND MANAGEMENTS, LLC'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**(Expedited Hearing Requested)**

---

[1] Debtors and debtors-in-possession in these jointly-administered Chapter 11 cases are: Refreshing USA, LLC, Case No. 24-01863-11; Water Station Management LLC, Case No. 24-01864-11; and Creative Technologies, LLC, Case No. 24-01866-11.

WATER FOR COMMERCE FUND MANAGEMENTS, LLC'S
EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY - 1

Secured creditor and party-in-interest Water for Commerce Fund Management, LLC ("WCFM") moves for relief from the automatic stay (the "Motion") pursuant to Section 362(d) of the Bankruptcy Code in order to pursue its contractual and state law rights and remedies involving certain vending machine assets; or in the alternative a comfort order pursuant to Section 362(j) of the Bankruptcy Code. In support of this Motion, WCFM states as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

1. WCFM is a secured creditor with a lien encumbering virtually all personal property of Debtor Refreshing USA, LLC (the "Debtor"), including vending machine assets (generally, the "Vending Machine Assets").[2] WCFM's claim secured by the Debtor's assets, including the Vending Machine Assets, exceeds $9 million. [See Proof of Claim No. 57-1]

2. On May 15, 2025, the bankruptcy estate and Supa Food Services LLC ("Supa Foods") entered into an asset purchase agreement for the sale of the Vending Machine Assets. [ECF No. 920, Exh. A]. The proposed sale price offered by Supa Foods and accepted by the bankruptcy estate was far less than the amount of WCFM's asserted secured claim.

3. After Supa Foods failed to close on the transaction within the initially contemplated timeframe, the Debtor filed a *Notice of Abandonment of De Minimis Assets* on June 13, 2025 (the "Abandonment Notice"), providing that Supa Foods must close on the transaction within seven (7) days, otherwise the Vending Machine Assets would be abandoned. [ECF No. 991].

4. Subsequently, Supa Foods failed to close on the transaction within the timeframe contemplated by the Abandonment Notice. As a result, the Debtor

---

[2] A list of the Vending Machine Assets is attached to the Asset Purchase Agreement with Supa Foods. [*See* ECF No. 920, Exh. A].

abandoned the Vending Machine Assets on June 27, 2025 to WCFM. [ECF No. 1033].

5. WCFM intends to dispose of the Vending Machine Assets pursuant to Article 9 of the Uniform Commercial Code as soon as possible (generally, the "<u>Article 9 Sale</u>").

## II. LEGAL ARGUMENT

6. A debtor-in-possession may abandon property of the estate "that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

7. Generally, estate assets may be abandoned to any entity with a possessory interest in the assets—most commonly, the debtor. *See In re Circle K Corp.*, No. B-90-5052-PHX-GBN, 1991 WL 349900, at *15 (Bankr. D. Ariz. Apr. 5, 1991) ("When property is abandoned, such abandonment is to the person having the possessory interest."); *In re Herter*, 456 B.R. 455, 476 (Bankr. D. Idaho 2011) ("property may be abandoned to any entity with a possessory interest in the property.").

8. Accordingly, while the automatic stay of Section 362(d)(3) as to estate property may terminate upon abandonment, the automatic stay of Section 362(d)(5) as to *the debtor's property* may remain in effect. See 11 U.S.C. § 362(a)(3), (5); *In re Gasprom, Inc.*, 500 B.R. 598, 604 (B.A.P. 9th Cir. 2013) ("[T]he abandonment did not by operation of law terminate the aspect of the stay arising from § 362(a)(5), which protects 'property of the debtor.'").

9. In the present case, the Debtor has abandoned the Vending Machine Assets as property of the bankruptcy estate pursuant to Section 554 of the Bankruptcy Code. [ECF No. 1033]. Accordingly, and pursuant to Section 362(c) of the Bankruptcy Code, the Vending Machine Assets are no longer property of the

estate and the stay no longer applies. A comfort order confirming that the automatic stay has terminated as to the Vending Machine Assets pursuant to Section 362(j) of the Bankruptcy Code is therefore warranted. 11 U.S.C. § 362(j) ("On request of a paty in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has terminated.").

10. Because the abandonment may have vested title from the bankruptcy estate to the Debtor, WCFM brings this Motion as a precautionary measure to ensure the contemplated Article 9 Sale of the Vending Machine Assets does not violate the provisions of the automatic stay as to the property of the Debtor. See 11 U.S.C. § 362(a)(5).

11. WCFM is entitled to relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code.

12. Section 362(d)(1) provides that, on request of a party in interest, and after notice and hearing, the Court shall grant relief from the automatic stay for "cause," including lack of adequate protection of an interest in property. *See* 11 U.S.C. § 362(d)(1).

13. WCFM's interests in the Vending Machine Assets is not adequately protected.

14. With the passage of time, the condition of the Vending Machine Assets depreciates and harms WCFM's interests therein – the Vending Machine Assets are not being serviced or replenished, nor are they being inspected for damage, destruction, or theft.

15. WCFM refrained from seeking stay relief to exercise its non-bankruptcy rights against the Vending Machine Assets for months upon the expectation that the bankruptcy estate would be liquidating the same. However, now that a sale of the Vending Machine Assets through the Debtor's bankruptcy

proceeding has proven unsuccessful and the estate has abandoned the Vending Machine Assets, WCFM must move quickly to salvage any remaining value.

16. Accordingly, WCFM is not adequately protected and is entitled to relief from the automatic stay under Section 362(d)(1) of the Bankruptcy Code.

17. WCFM is further entitled to relief from the automatic stay under Section 362(d)(2) of the Bankruptcy Code.

18. Section 362(d)(2) provides that, on request of a party in interest, and after notice and hearing, the Court shall grant relief from the automatic stay if (i) the debtor lacks equity in the property at issue; and (ii) the property at issue is not necessary for an effective reorganization. *See* 11 U.S.C. § 362(d)(2).

19. Here, the Debtor has no equity in the Vending Machine Assets. The Supa Foods offer was the best sale offer that the bankruptcy estate was able to achieve, and it was far below the amount of WCFM's claim. Even that proposed sale did not close. As a result, the estate abandoned the assets as having "de minimis" value [*See* ECF No. 991], which by definition is far less than WCFM's asserted claim that exceeds $9 million.

20. Furthermore, the Debtor has ceased its business operations and does not intend to continue using the Vending Machine Assets. Accordingly, the Vending Machine Assets are not necessary to an effective reorganization.

21. Thus, WCFM is entitled to relief from the automatic stay under Section 362(d)(2) of the Bankruptcy Code.

WHEREFORE, the WCFM respectfully request that the Court enter an order (a) confirming that the automatic stay is terminated as to the Vending Machine Assets; (b) granting WCFM relief from the automatic stay under Section 362(d) of the Bankruptcy Code and permitting WCFM to exercise its non-bankruptcy rights in the Vending Machine Assets, including conducting the Article 9 Sale; (c)

waiving the fourteen-day stay of such order provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and (d) granting such other and further relief as is appropriate.

Dated: August 13, 2025

Respectfully submitted,

BRYAN CAVE LEIGHTON PAISNER LLP

*/s/ Kyle S. Hirsch*
Randall T. Thomsen, WSBA #25310
Kyle S. Hirsch, admitted pro hac vice
William J. Easley, admitted pro hac vice
Email: rthomsen@bclplaw.com
Email: kyle.hirsch@bclplaw.com
Email: will.easley@bclplaw.com

*Counsel for Water for Commerce Fund Management, LLC*