Michael J. Gearin, WSBA # 20982
John T. Bender, WSBA # 49658
Michael W. Meredith, WSBA #45264
Madisyn M. Uekawa, WSBA #56953
Clara M. Virden, WSBA #60308
K&L GATES LLP
925 Fourth Avenue, Suite 2900
Seattle, WA 98104-1158
(206) 623-7580

Honorable Frederick P. Corbit
Chapter 11

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

In re:

REFRESHING USA, LLC,

        Debtors.[1]

Bankr. Case No. 24-01863-11

**REPLY IN SUPPORT OF MEMORANDUM IN SUPPORT OF PONZI SCHEME FINDINGS UNDER CHAPTER 11 PLANS OF LIQUIDATION**

---

[1] Debtors in these Chapter 11 cases: Refreshing USA, LLC (85-3358945) ("Refreshing"), Case No. 24-01863-11; Water Station Management LLC (81012-2716) ("WSM"), Case No. 24-01864-11; and Creative Technologies, LLC (46-2581888) ("Creative" and, together with Refreshing and Water Station Management, "Opco Debtors"), Case No. 24-01866-11. Ideal Property Investments, LLC ("Ideal") is a related Debtor ("Ideal," together with Opco Debtors and Debtors' related affiliates defined in the Becky Yang O'Malley Report (Dkt. 1160, Ex. Q), ¶ 2, Appendix C, are referred to herein as "Debtors" or "WST Enterprise").

REPLY ISO MEMORANDUM ISO PONZI SCHEME FINDINGS
UNDER CHAPTER 11 PLANS OF LIQUIDATION - 1

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24-01863-FPC11    Doc 1236    Filed 09/04/25    Entered 09/04/25 11:56:04    Pg 1 of 9

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................................ 1

AUTHORITY AND ARGUMENT ............................................................................................. 2

    A.    The Ponzi Findings are Sought in *Both* the Ideal and OpCo ........................................
Cases ............................................................................................................................... .
2

    B.    The Court Has Authority to Enter Ponzi Findings as part of the Confirmation
Order. ............................................................................................................................... 3

    C.    The Limited Objections of Cantaloupe and Lenders Funding have been
Withdrawn....................................................................................................................... 4

CONCLUSION.............................................................................................................................. 6

MEMORANDUM IN SUPPORT OF PONZI SCHEME FINDINGS
UNDER CHAPTER 11 PLANS OF LIQUIDATION- i

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24-01863-FPC11    Doc 1236    Filed 09/04/25    Entered 09/04/25 11:56:04    Pg 2 of 9

# REPLY IN SUPPORT OF MEMORANDUM IN SUPPORT OF PONZI SCHEME FINDINGS UNDER CHAPTER 11 PLANS OF LIQUIDATION

## INTRODUCTION

The Court can and, respectfully, should enter the requested Ponzi findings. In telling fashion, not a single party has come forward to meaningfully contest the fact that a sweeping Ponzi scheme was perpetrated here. Notwithstanding the limited statement from the Ideal Property Investments LLC ("Ideal") Debtor and responses from a few creditors which have now been resolved, none of those parties even attempt to deny the existence of a Ponzi scheme during the time period in question—nor do they attempt to present evidence supporting such a position. Accordingly, the Court can and should enter the requested Ponzi findings because the fact that a Ponzi scheme occurred is wholly uncontested and those findings are necessary to afford much-needed relief to the Ponzi scheme's victims.

The Official Committee of Unsecured Creditors' ("Committee") Ponzi briefing, joined by the OpCo Debtors,[2] fielded narrow objections from Lenders Funding and Cantaloupe Inc. ("Cantaloupe"), which objections have now been resolved through carve out language incorporated into the proposed OpCo confirmation order. Two lenders in the Ideal case, Avatar REIT I LLC ("Avatar") and First Security Bank of Nevada ("First Security") filed untimely responses in connection with plan objections, which have also been resolved. The Ideal Debtor filed a Limited Statement Regarding Committee's Memorandum in Support of Ponzi Scheme Findings. Ideal does not contend that a Ponzi scheme did not occur and admits that any Ponzi findings are binding on the Ideal Debtor but incorrectly submits that the Committee's Ponzi findings are only sought in the OpCo cases.

---

[2] Defined in footnote 1.

REPLY ISO MEMORANDUM ISO PONZI SCHEME FINDINGS
UNDER CHAPTER 11 PLANS OF LIQUIDATION- 1

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24-01863-FPC11    Doc 1236    Filed 09/04/25    Entered 09/04/25 11:56:04    Pg 3 of 9

## AUTHORITY AND ARGUMENT

A. The Ponzi Findings are Sought in *Both* the Ideal and OpCo Cases.

The Committee disagrees with Ideal's limited statement (Dkt. 806, Ideal Proceeding[3]). The Committee has made it clear to Ideal and others for many months that it would investigate and pursue Ponzi Findings as to all Debtors in these consolidated proceedings in light of, among other things, all of the Debtors' roles in the scheme and the unmistakable evidence of commingling and abuse of corporate formalities between the Debtors prior to the petition date. In fact, this understanding between the parties was a predicate for the Committee's support of the Ideal plan. Further, the Committee filed and served a supplemental notice regarding its filed Ponzi materials in both the Ideal and Opco cases on August 8, 2025. Dkt. 1175, Refreshing Proceeding[4]; Dkt. 779, Ideal Proceeding. The notice was served on the full case mailing matrix in both cases and made it clear that to all parties in interest in both cases that the Committee sought Ponzi findings in all of the cases and confirmed the Court's deadline of August 22, 2025 for responses to the Ponzi findings request. All creditors in both cases have been apprised of the Committee's intention to seek Ponzi findings.

So there is no legitimate confusion. The Committee seeks the subject Ponzi findings as to all Debtors in these consolidated proceedings as the pre-petition affairs of all Debtors were entirely entangled and operated together in carrying out this extensive Ponzi scheme.

---

[3] *In re Ideal Property Investments LLC*, Case No. 24-01421-11.
[4] *In re Refreshing USA, LLC*, Case No. 24-01863-11.

REPLY ISO MEMORANDUM ISO PONZI SCHEME FINDINGS
UNDER CHAPTER 11 PLANS OF LIQUIDATION- 2

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

B. The Court Has Authority to Enter Ponzi Findings as part of the Confirmation Order.

The Court's authority to enter Ponzi findings in connection with plan confirmation is well settled. District courts, and this court pursuant to 28 U.S.C. § 157(a) and the standing order of reference in this district, "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *See* 28 U.S.C. § 1334(b); *In re Harris*, 590 F.3d 730, 737 (9th Cir. 2009). A proceeding "arises in" a case under title 11 "when it is not created or determined by the bankruptcy code, but where it would have no existence outside of a bankruptcy case." *In re Harris*, 590 F.3d at 737 (citation omitted). Claims that arise in a Title 11 proceeding "are deemed to be 'core' proceedings, while claims that are related to Title 11 are 'noncore' proceedings." *Schultze v. Chandler*, 765 F.3d 945, 948 (9th Cir. 2014), as amended (Aug. 1, 2014) (citing *Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1435 (9th Cir. 1995)). Section 157(b)(2) sets forth a non-exhaustive list of core proceedings, including "matters concerning the administration of the estate," "confirmations of plans," and "other proceedings affecting the liquidation of the assets of the estate." 28 U.S.C. §§ 157(b)(2)(A); (b)(2)(L); (b)(2)(O). The relief requested by the Committee is a core proceeding arising under 28 U.S.C. §§ 157(b)(2)(L). The Committee is seeking entry of the Ponzi Findings in connection with approval of Plan, which is explicitly a core proceeding under 28 U.S.C. §§ 157(b)(2)(L). Further, approval of the Ponzi scheme findings in connection with confirmation of the Plan not only concerns the administration of the Debtors' estates but will also affect the liquidation of the assets of the estates. *See* 28 U.S.C. §§ 157(b)(2)(A); (b)(2)(O).

Case law further supports that such finding is appropriate at confirmation. *See In re Prime Cap. Ventures, LLC*, No. 24-11029, 2025 WL 957162, at *8 (Bankr. N.D.N.Y. Mar. 28, 2025) (rejecting arguments that Ponzi finding should not be entered at plan

REPLY ISO MEMORANDUM ISO PONZI SCHEME FINDINGS
UNDER CHAPTER 11 PLANS OF LIQUIDATION- 3

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24-01863-FPC11    Doc 1236    Filed 09/04/25    Entered 09/04/25 11:56:04    Pg 5 of 9

confirmation); *In re iCap Enterprises, Inc., et al.*, Case No. 23-01243 (WLH), Dkt. No. 1414, ¶17 (Bankr. E.D.W.A. Oct. 18, 2024) ("iCap") (finding of fact that Debtor's engaged in Ponzi scheme in confirmation order); *In re M. Burton Marshall*, Case No. 23-60263 (PGR), Dkt. No. 433, ¶¶32–43 (Bankr. N.D.N.Y. July 22, 2024) (making Ponzi scheme finding as part of an omnibus order).

C. <u>The Limited Objections of Cantaloupe and Lenders Funding have been Withdrawn.</u>

All pending objections to the Committee's Ponzi materials have been resolved and withdrawn.[5] The objections, even if not withdrawn, lacked merit. The objections do not deny the existence of the Ponzi but seek to distinguish their relationship with the Debtors from the other victims of the fraud, arguing that there were business operations of the Debtors that were not part of the Ponzi. However:

- The existence of some legitimate business operations in no way precludes a Ponzi finding. Courts in the Ninth Circuit and around the country all recognize that some ostensibly "legitimate" operations are *almost always* a key feature of Ponzi schemes because such operations are imperative to creating the illusion of a profit-making opportunity utilized to induce

---

[5] In the Ideal Proceeding, Avatar filed an untimely limited objection in connection with its objection to the confirmation of the Ideal plan on August 29, 2025. Dkt. 829, Ideal Proceeding which included a statement "Avatar objects to the Plan to the extent the Plan proposes that Class 1 claims or Class 2 claims are subject to any Ponzi scheme findings." *Id.* at 3. The Avatar objection has been resolved via terms to be included in the Ideal plan and confirmation order. Similarly, on September 2, 2025, First Security Bank filed an untimely limited objection to the second amended plan, which included an objection relating to the Ponzi Findings. Because the objection is untimely, it should be waived and overruled in its entirety. Dkt. 779, Ideal Proceeding ("Pursuant to the Disclosure Statement Order, objections to the requested Ponzi findings must be filed no later than August 22, 2025, at 4:00 p.m. (Pacific Time)."); Dkt. 728, Ideal Proceeding at 12 ("[O]bjections not timely filed and served by the objection deadline in accordance with the provisions of this notice will not be heard and will be overruled."). The First Security objection to application of Ponzi scheme findings fail to present any valid substantive argument. The Committee has proposed to carve First Security out from the effect of the Ponzi findings and expects that this resolves any opposition that First Security could have to the proposed findings.

REPLY ISO MEMORANDUM ISO PONZI SCHEME FINDINGS
UNDER CHAPTER 11 PLANS OF LIQUIDATION- 4

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24-01863-FPC11    Doc 1236    Filed 09/04/25    Entered 09/04/25 11:56:04    Pg 6 of 9

fraudulent investment. Any assertion otherwise is either uniformed or baseless: "[S]eemingly legitimate business activity does not insulate companies from a finding that they were operated as part of a Ponzi scheme." *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 603 B.R. 682, 692 (Bankr. S.D.N.Y. 2019). As *In re EPD* teaches, the "illusion of a legitimate profit-making business" for investors is *fundamental* to the scam. *In re EPD Inv. Co., LLC*, 114 F.4th 1148, 1156 (9th Cir. 2024) (citation omitted) (emphasis added); *see also Damian v. Courtright*, 21 C 1694, 2024 WL 4531607, at *4 (N.D. Ill. Oct. 2, 2024) ("[T]he presence of a legitimate business will not defeat the finding of a Ponzi scheme."). "Indeed, Ponzi schemes often involve some legitimate investment activity to support the façade of profitability." *In re Reagor-Dykes Motors, LP*, 18-50214-RLJ-11, 2022 WL 2046144, at *8 n. 10 (Bankr. N.D. Tex. June 3, 2022) (citing *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 424 B.R. 122, 127 (Bankr. S.D.N.Y. 2010), *aff'd*, 654 F.3d 229 (2d Cir. 2011); *Janvey v. Alguire*, 2010 WL 11619267, at *6 (N.D. Tex. June 10, 2010) ("Just because the typical Ponzi scheme lacks any legitimate revenue-producing activity does not mean [that an entity that] maintained some legitimate investments in order to lure in more investors . . . was not a Ponzi scheme.").

- And the Ninth Circuit has rejected the notion that funds from lenders cannot be used as part of Ponzi schemes: "Many Ponzi schemes rely on loans and short-term promissory notes as opposed to equity investments—including Charles Ponzi's eponymous scheme itself." *In re EPD Inv. Co., LLC*, 114 F.4th at 1161.

REPLY ISO MEMORANDUM ISO PONZI SCHEME FINDINGS
UNDER CHAPTER 11 PLANS OF LIQUIDATION- 5

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24-01863-FPC11    Doc 1236    Filed 09/04/25    Entered 09/04/25 11:56:04    Pg 7 of 9

## CONCLUSION

The relief requested by the Committee and OpCo Debtors is important to the creditors of these estates. Victims of this fraudulent scheme have relied on the Committee to investigate the nature of the fraud and to provide clarity regarding its existence and effect. The requested Ponzi findings have the potential to afford creditors tax relief that could help mitigate their severe financial losses. The Ponzi findings are also necessary to confirm the truth about what occurred here for the benefit of creditors who deserve to know the reason why their financial lives have been upended through no fault of their own.

Respectfully submitted: September 4, 2025

REPLY ISO MEMORANDUM ISO PONZI SCHEME FINDINGS
UNDER CHAPTER 11 PLANS OF LIQUIDATION- 6

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

24-01863-FPC11    Doc 1236    Filed 09/04/25    Entered 09/04/25 11:56:04    Pg 8 of 9

*Official Committee of Unsecured Creditors*

<u>/s/ John T. Bender</u>
Michael J. Gearin, WSBA #20982
John T. Bender, WSBA #49658
Michael W. Meredith, WSBA #45264
Madisyn M. Uekawa, WSBA #56953
Clara M. Virden, WSBA #60308

REPLY ISO MEMORANDUM ISO PONZI SCHEME FINDINGS
UNDER CHAPTER 11 PLANS OF LIQUIDATION- 7

K&L GATES, LLP
925 FOURTH AVENUE, SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022